UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DANIELLE LEMA

VS                                                      C.A. NO.:

FEDERAL NATIONAL MORTGAGE ASSOCIATION
FEDERAL HOME FINANCE AGENCY
NATIONSTAR MORTGAGE, LLC

### AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Danielle Lema, being duly sworn, state the following:

1. I am a resident of State of Rhode Island with an address of 15 Ninth Street, East Providence, Rhode Island. I own said real estate located at 15 Ninth Street, East Providence, Rhode Island.

2. I executed a mortgage to Mortgage Electronic Registration Systems, Inc ("MERS") as nominee for American Brokers Conduit on September 28, 2005. A copy is attached as Exhibit A.

3. Defendant, Federal National Mortgage Association("Fannie Mae") claims to own my mortgage. This entity is a corporation created by an Act of Congress.

4. The Federal Housing Finance Agency ("FHFA") is an independent agency of the United States Federal Government established pursuant to 12 U.S.C. § 4511 *et seq*.

5. Nationstar Mortgage, LLC ("Nationstar") is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located a 8950 Cypress Waters Boulevard, Dallas, Texas, 75019.

6. The principal business purpose of Nationstar is the collection of debts using the mails and telephone.

1

47. Such relief sought by me will not disserve the public interest if imposed.

48. I am requesting that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin Fannie Mae, Nationstar or any entity acting on their behalf from commencing an advertisement of this foreclosure or taking any further action in regard to this foreclosure and from conducting a foreclosure sale on January 30, 2018 or at any time.

_____
DANIELLE LEMA

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn before me on the 27th day of January, 2019

_____
NOTARY PUBLIC

7. Nationstar regularly attempts to collects debts alleged to be due it and others. It is a debt collector and asserts that it is a loan servicer for my mortgage.

8. At the time that Nationstar commenced servicing my mortgage, I was delinquent in payments and Nationstar treated my loan as if it were in default

9. Brock & Scott, PLLC ("Brock") on December 7, 2018 on behalf of Fannie Mae has scheduled a foreclosure sale for my home on January 30, 2019 at 12:00 PM, as indicated by Exhibit B.

10. Neither Fannie Mae nor Nationstar has sent me a default notice pursuant to the provisions of paragraph 22 of my mortgage.

11. No default notice has been sent to me, pursuant to paragraph 22 of the mortgage. This section of my mortgage provides that before an acceleration of the loan was declared, the Lender was required to send me a separate default notice which shall contained certain language.

12. Paragraph 22 of my mortgage states:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall  (1) the default; (2) the action required to cure the default; (3) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (4) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment  of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies**

2

>           provided in this Section 22, including but not limited to,
>           reasonable attorneys' fees and cost of title evidence.
>           **If Lender invokes the STATUTORY POWER OF SALE, Lender
>           shall  mail a copy of a notice of sale to Borrower, as provided in
>           Section 15.  Lender shall publish the notice of sale and the
>           Property shall be sold in the manner prescribed by applicable
>           law.  The proceeds of the sale shall be applied in the following
>           order: (a) to all expenses of the sale, including but not limited to,
>           reasonable attorneys' fees and costs of the title evidence; (b) to all
>           sums secured by this Security Instrument; and (c) the excess to
>           the person or persons legally entitled to it.**

13.    Paragraph 22 of the mortgage, contains conditions for the exercise of the statutory power of sale. Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage.

14.    I have not been mailed a notice in compliance with paragraph 22 or paragraph 15 of the mortgage.

15.    Instead of mailing me a default letter, Nationstar mailed what it claimed to be a default letter, dated April 10, 2018, to 1200 Reservoir Avenue, Cranston, RI 02920-6012.

16.    This letter was not deposited into the United States mail until April 12, 2018 and was never mailed to me.

17.    A copy of this letter is attached as Exhibit C.

18.    I never designated 1200 Reservoir Avenue, Cranston, RI 02920 as my address for mailing of notices.

19.    This was the address of my former attorney, who was not representing me on April 10, 2018 and had not represented me since I had filed Chapter 13 Bankruptcy with another attorney on December 12, 2016.

20.    Paragraph 15 of my mortgage requires that any notice to me in connection with this Security Instrument shall be deemed to have been given to me when mailed by first class mail or when actually delivered to my notice address if sent by other means.

3

21. Paragraph 15 of my mortgage also requires that the Notice shall be the Property Address unless I have designated a substitute notice address by notice to the lender.

22. I never designated a change of address to the lender or to any entity.

23. I have never indicated to Nationstar or anyone that the address for notices to be sent to me was 1200 Reservoir Avenue, Cranston, Rhode Island 02920.

24. Since I never changed my mailing address, this Notice was defective.

25. In addition, Federal National Mortgage Association has not provided me a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1.

26. The former mortgagee, Nationstar Mortgage, through its attorney mailed me a Notice of Foreclosure Counseling on behalf of Nationstar, dated August 21, 2018.

27. A copy of this Notice from Nationstar Mortgage is attached as Exhibit D.

28. My mortgage was assigned to Federal National Mortgage Association on September 18, 2018.

29. After September 18, 2018, Federal National Mortgage Association did not provide me this statutorily required notice.

30. This statute provides:

**34-27-3.1. Foreclosure counseling.**

(a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if

4

different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) **Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void,** without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

    31.    Federal National Mortgage Association, nor any entity acting on its behalf has not mailed me a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1.

    32.    Federal National Mortgage Association has not mailed me client a Notice of Mediation pursuant to R.I.G.L 34-27-3.2.

    33.    Nationstar, mailed Exhibit E to my former attorney, a purported Notice of Mediation dated May 24, 2018 to:
Lema Danielle
Att: John B. Ennis 1200 Reservoir Avenue
Cranston RI 02914

    34.    I never designated 1200 Reservoir Avenue, Cranston, RI 02914 or 02920 as my designated address.

5

35. The Rhode Island Mediation statute requires any mortgagee seeking to foreclosure pursuant to R.I.G.L 34-27-4 to first mail the mortgagee a Notice of Mediation.

36. Federal National Mortgage Association has never mailed me such a Notice of Mediation.

37. Contrary to the foreclosure policy of FHFA, neither Nationstar, Fannie Mae nor FHFA provided me an opportunity for an evidentiary hearing with Fannie Mae or FHFA at which I could have an opportunity to:

a. confront and cross-examine persons who supplied information upon which the foreclosure action is grounded
b. present arguments and evidence to dispute the allegations of Nationstar, Fannie Mae and FHFA prior to the termination of my interest in the Property;
c. be represented by counsel during a hearing prior to the termination of my interest in the Property;
d. and to have a neutral informal hearing officer make a determination based on applicable law and the evidence adduced at a hearing prior to the termination of the Plaintiff's interest in the Property.

38. Had I been provided an opportunity for a hearing, I could have presented evidence to challenge the foreclosure in one or more of the following ways:

    a. Whether Fannie Mae is the current holder of the Mortgage and authorized to exercise the power of sale;

    b. Whether the Defendants provided all required pre-foreclosure notices under state and federal law and the mortgage documents;

    c. Whether the Defendants sent a Notice of Default that strictly complies with Paragraph 22 of the Mortgage;

    d. Whether the Defendants complied with the provisions of R.I.G.L 34-27-3.1 for this foreclosure attempt: