# EXHIBIT B

Brock & Scott, PLLC
PO Box 9115
Temecula, CA 92589-9115



2339478314

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
Brock & Scott, PLLC
5431 Oleander Drive
Wilmington, NC 28403

20181207-201

Danielle Lema
15 9th Street, Floor 3
East Providence, RI 02914



CFCSDRR

2339478314



# BROCK & SCOTT
### PLLC

**Consumer Hotline**
844-856-6646
**Phone:**
401-217-8701

1080 Main Street, Suite 200, Pawtucket, RI 02860
ConsumerContact@brockandscott.com
www.brockandscott.com

**Fax:**
401-217-8702

December 7, 2018

Danielle Lema
15 Ninth Street
East Providence, RI 02914

Danielle Lema
15 9th Street, Floor 3
East Providence, RI 02914

Danielle Lema
c/o Attorney John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

Danielle Lema
c/o Attorney Edward J. Gomes
3457 Post Road
Warwick, RI  02886

RE:   15 Ninth Street, East Providence, RI 02914
B&S File No.: 

Dear Madam or Sir:

This office has been retained by Mr. Cooper, servicer for Federal National Mortgage Association as successor-in-interest to Mortgage Electronic Registration Systems, Inc. as nominee for American Brokers Conduit, its successors and/or assigns, in connection with the mortgage loan on the above-referenced property.

I have enclosed a copy of a mortgagee's notice of foreclosure sale which indicates that the above-referenced property is to be sold at a foreclosure sale to be held at the time and place set forth therein.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  IF YOU:  ARE A DEBTOR IN AN ACTIVE BANKRUPTCY CASE; ARE UNDER THE PROTECTION OF A BANKRUPTCY STAY; OR, HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AND YOU HAVE NOT REAFFIRMED THE DEBT, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY.**



18-16835 FC01

## NOTICE REGARDING SERVICEMEMBERS' RIGHTS

NOTE: It should be noted that although the statute provision below refers to a period of nine (9) months after military service, federal law has increased that time period to one (1) year after military service.

**A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.**

(d) Foreclosure sales affecting servicemembers.-
　(1) The following definitions shall apply to this subsection and to subsection (c):
　　(i) "Servicemember" means a member of the army, navy, air force, marine corps, or coast guard and members of the national guard or reserves called to active duty.
　　(ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the national guard, or reserves "active duty" means and includes service under a call to active service authorized by the president or the secretary of defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the president and supported by federal funds.
　(2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
　　(i) Originated before the period of the servicemember's military service or in the case of a member of the national guard or reserves originated before being called into active duty and for which the servicemember is still obligated; and
　　(ii) Is secured by a mortgage or other security in the nature of a mortgage.
　(3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.
　(4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:
　　(i) Stay the proceedings for a period of time as justice and equity require; or
　　(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.



18-16835 FC01

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearing on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

Respectfully
Brock & Scott, PLLC

Enclosure
Certified Mail R/R/R
and Regular Mail (copy)



18-16835 FC01

## NOTICE OF MORTGAGEE'S SALE

15 Ninth Street
East Providence, RI 02914

The premises described in the mortgage will be sold, subject to all encumbrances, prior liens and such matters which may constitute valid liens or encumbrances after sale, at public auction on January 30, 2019 at 12:00PM on the premises by virtue of the power of sale in said mortgage made by Danielle Lema, dated September 28, 2005, and recorded in the East Providence, Rhode Island Land Evidence Records in Book 2545, Page 243 as affected by a Loan Modification Agreement recorded in said Land Evidence Records in Book 3955, Page 253, the conditions of said mortgage having been broken. $5,000.00 in cash, certified or bank check required to bid. Other terms to be announced at the sale.

Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
Attorney for the present
Holder of the Mortgage

