UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE, LLC,<br><br>        Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

## ANSWER TO COMPLAINT

Defendant Nationstar Mortgage LLC[1] ("Nationstar") answers the Plaintiff's *Complaint* filed on January 28, 2019 (ECF No. 1). The numbering of the below paragraphs corresponds to the numbering in the *Complaint*, even though it is not sequential.

## PARTIES

1. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 9 and leaves the Plaintiff to her proof.

2. Paragraph 2 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 2.

4. Nationstar denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 5.

---

[1] Improperly pleaded as Nationstar Mortgage, LLC

6. Paragraph 6 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 6.

7. Paragraph states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 7.

8. Paragraph 8 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 8.

9. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 9 and leaves the Plaintiff to her proof.

10. The allegations of Paragraph 10 are not directed at Nationstar, and thus no response is required.

11. The allegations of Paragraph 11 are not directed at Nationstar, and thus no response is required.

---. In response to the unnumbered paragraph at the top of page 3 of the Complaint, Nationstar denies that it is "engaged in the business of collecting debts in this state" but admits that it is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 8950 Cypress Waters Boulevard, Dallas, Texas, 75019.

6. Nationstar denies the allegations of paragraph 6.

7. Nationstar admits that it does business under the name of Mr. Cooper, but denies the remaining allegations of paragraph 7.

8. Nationstar admits that Plaintiff is delinquent on the payments on her mortgage serviced by Nationstar, but denies the remaining allegations of paragraph 8.

9. The content of the document attached to the Complaint as Exhibit B, if authentic, speaks for itself.

10. Nationstar denies the allegations of paragraph 10.

11. Nationstar denies the allegations of paragraph 11.

12. The content of the recorded document described in Paragraph 12 of the Complaint speaks for itself.

13. Paragraph 13 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 13.

14. Nationstar denies the allegations of paragraph 14.

15. Nationstar admits mailing Plaintiff a letter dated April 10, 2018, but denies the remaining allegations of paragraph 15.

16. Nationstar denies the allegations of paragraph 16.

17. The content of the document attached to the Complaint as Exhibit C, if authentic, speaks for itself.

18. Nationstar denies the allegations of paragraph 18.

19. Nationstar denies the allegations of paragraph 19.

20. The content of the document described in Paragraph 20 of the Complaint, if authentic, speaks for itself.

21. The content of the document described in Paragraph 21 of the Complaint, if authentic, speaks for itself, and Nationstar respectfully refers the Court to the document itself for its full and accurate contents.

22. Nationstar denies the allegations in paragraph 22.

23. Nationstar denies the allegations in paragraph 23.

24. Nationstar denies the allegations in paragraph 24.

25. Nationstar denies the allegations of paragraph 25.

26. The content of the document described in Paragraph 26 of the Complaint, if authentic, speaks for itself.

27. The content of the document described in Paragraph 27 of the Complaint, if authentic, speaks for itself.

28. The content of the document described in Paragraph 28 of the Complaint, if authentic, speaks for itself.

29. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 29.

30. Paragraph 30 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 30.

31. Nationstar denies the allegations in paragraph 31.

32. Nationstar denies the allegations in paragraph 32.

33. The content of the document described in Paragraph 33 of the Complaint, if authentic, speaks for itself.

34. Nationstar denies the allegations in paragraph 34.

35. Nationstar denies the allegations in paragraph 35.

36. Nationstar denies the allegations in paragraph 36.

37. Nationstar denies the allegations in paragraph 37.

38. Nationstar denies the allegations in paragraph 38.

39. Nationstar denies the allegations in paragraph 39.

## GENERAL FACTUAL ALLEGATIONS

40. Paragraph 40 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 41.

42. The content of the document described in Paragraph 42 of the Complaint, if authentic, speaks for itself.

43. The content of the document described in Paragraph 43 of the Complaint, if authentic, speaks for itself.

44. The content of the document described in Paragraph 44 of the Complaint, if authentic, speaks for itself.

44. The content of the document described in the second Paragraph 44 of the Complaint, if authentic, speaks for itself.

45. The content of the document described in Paragraph 45 of the Complaint, if authentic, speaks for itself.

46. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 46 and leaves the Plaintiff to her proof.

47. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 47 and leaves the Plaintiff to her proof.

48. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 48 and leaves the Plaintiff to her proof.

49. The content of the document described in Paragraph 49 of the Complaint, if authentic, speaks for itself.

81159879v.1

50. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 50 and leaves the Plaintiff to her proof.

51. Paragraph 51 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 51.

52. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 52 and leaves the Plaintiff to her proof.

53. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 53 and leaves the Plaintiff to her proof.

54. The content of the document described in Paragraph 54 of the Complaint, if authentic, speaks for itself.

55. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 55 and leaves the Plaintiff to her proof.

56. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 56 and leaves the Plaintiff to her proof.

57. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 57 and leaves the Plaintiff to her proof.

58. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 58 and leaves the Plaintiff to her proof.

59. Nationstar denies the allegations in paragraph 59.

60. The content of the document described in Paragraph 60 of the Complaint, if authentic, speaks for itself.

61. Nationstar denies the allegations in paragraph 61.

62. Nationstar denies the allegations in paragraph 62.

63. The content of the document described in Paragraph 63 of the Complaint, if authentic, speaks for itself.

64. Nationstar denies the allegations in paragraph 64.

65. Nationstar denies the allegations in paragraph 65.

66. Nationstar denies the allegations in paragraph 66.

67. Nationstar denies the allegations in paragraph 67.

68. Nationstar denies the allegations in paragraph 68.

69. Nationstar denies the allegations in paragraph 69.

70. Nationstar denies the allegations in paragraph 70.

## COUNT I

## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

71. Nationstar realleges and incorporates its responses to paragraphs 1 through 70 of the Complaint as if expressly stated herein.

72. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 72.

73. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations in paragraph 73.

74. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations in paragraph 74

75. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations in paragraph 75.

76. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations in paragraph 76.

77. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 77.

78. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations in paragraph 78.

79. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 79.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 79 is not directed at Nationstar, and thus no response is required thereto. To the extent a response is required, Nationstar denies that the Plaintiff is entitled to any of the relief or damages sought in the Complaint.

## COUNT II

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING

80. Nationstar realleges and incorporates its response to paragraphs 1 through 79 of the Complaint as if expressly stated herein.

81. Paragraph 81 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 81.

82. Nationstar denies the allegations in paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 84.

85. Nationstar denies the allegations in paragraph 85.

81159879v.1

86. The content of the document described in Paragraph 86 of the Complaint, if authentic, speaks for itself.

87. The content of the document described in Paragraph 87 of the Complaint, if authentic, speaks for itself.

88. Nationstar denies the allegations in paragraph 88.

89. Nationstar admits mailing Plaintiff a letter dated April 10, 2018, but denies the remaining allegations of paragraph 89.

90. Nationstar denies the allegations in paragraph 90.

91. Nationstar denies the allegations in paragraph 91.

92. Nationstar denies the allegations in paragraph 92.

93. Nationstar denies the allegations in paragraph 93.

94. Nationstar denies the allegations in paragraph 94.

95. Nationstar denies the allegations in paragraph 95.

96. Nationstar denies the allegations in paragraph 96.

97. Nationstar denies the allegations in paragraph 97.

98. Nationstar denies the allegations in paragraph 98.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 98 is not directed at Nationstar, and thus no response is required thereto. To the extent a response is required, Nationstar denies that the Plaintiff is entitled to any of the relief or damages sought in the Complaint.

## COUNT III

### CLAIM AND INJUNCTIVE RELIEF AND A PRELIMINARY AND PERMANENT INJUNCTION

100. Nationstar realleges and incorporates its responses to paragraphs 1 through 99 of the Complaint as if expressly stated herein.

101. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 101.

102. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 102.

103. Nationstar lacks sufficient information to admit or deny the allegations of paragraph 103 and leaves the Plaintiff to her proof.

104. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 104.

105. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 105.

106. This paragraph is not directed at Nationstar, and therefore no response is required. To the extent a response is required, Nationstar denies the allegations of paragraph 106.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 106 is not directed at Nationstar, and thus no response is required thereto. To the extent a response is required, Nationstar denies that the Plaintiff is entitled to any of the relief or damages sought in the Complaint.

## COUNT FOUR

### VIOLATION OF R.I.G.L. 19-14.11-4

107. Nationstar realleges and incorporates its responses to paragraphs 1 through 106 of the Complaint as if expressly stated herein.

108. Nationstar admits that it is a third party loan servicer, but denies that Plaintiff has a cause of action or right to enforce the provisions of *R.I. Gen. Laws* § 19-14.11-4.

109. Paragraph 109 states legal conclusions to which no response is required; to the extent a response is required, Nationstar denies the allegations of paragraph 109.

110. Nationstar denies the allegations of paragraph 110.

111. Nationstar denies the allegations of paragraph 111.

WHEREFORE, Nationstar demands judgment in its favor against Plaintiff on this count, including interest, costs, attorney's fees and for such other relief that this Honorable Court may deem appropriate.

## COUNT FIVE

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 AGAINST NATIONSTAR

112. Nationstar realleges and incorporates its responses to paragraphs 1 through 111 of the Complaint as if expressly stated herein.

113. Nationstar denies the allegations of paragraph 113.

114. Nationstar denies the allegations of paragraph 114.

115. Nationstar admits the allegations of paragraph 115.

116. Nationstar denies the allegations of paragraph 116.

117. Nationstar denies the allegations of paragraph 117.

118. Nationstar denies the allegations of paragraph 118.

119. Nationstar denies the allegations of paragraph 119.

120. Nationstar denies the allegations of paragraph 120.

121. Nationstar denies the allegations of paragraph 121.

122. Nationstar denies the allegations of paragraph 122.

123. Nationstar denies the allegations of paragraph 123.

124. Nationstar denies the allegations of paragraph 124.

125. Nationstar denies the allegations of paragraph 125.

126. Nationstar denies the allegations of paragraph 126.

127. Nationstar denies the allegations of paragraph 127.

128. Nationstar denies the allegations of paragraph 128.

129. Nationstar denies the allegations of paragraph 129.

130. Nationstar denies the allegations of paragraph 130.

131. Nationstar denies the allegations of paragraph 131.

132. Nationstar denies the allegations of paragraph 132.

133. Nationstar denies the allegations of paragraph 133.

134. Nationstar denies the allegations of paragraph 134.

135. Nationstar denies the allegations of paragraph 135.

136. Nationstar denies the allegations of paragraph 136.

137. Nationstar denies the allegations of paragraph 137.

138. Nationstar denies the allegations of paragraph 138.

139. Nationstar denies the allegations of paragraph 139.

81159879v.1

WHEREFORE, Nationstar demands judgment in its favor against Nationstar on these counts, including interest, costs, attorney's fees and for such other relief that this Honorable Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Nationstar sets forth the following affirmative defenses and reserves the right to raise additional affirmative defenses that may become apparent during the course of discovery:

### First Affirmative Defense

Each count of the Complaint against Nationstar fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The asserted claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and ratification.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages sustained in connection with the underlying claims.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Subsequent events have rendered the Plaintiff's claims moot or not ripe for adjudication.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule to the extent that Plaintiff seeks to "alter, modify or contradict" the terms of the parties' written agreements.

81159879v.1

### Eighth Affirmative Defense

Nationstar complied with all contractual terms applicable to it as regards Plaintiff.

### Ninth Affirmative Defense

Plaintiff is in material breach of the relevant agreements.

### Tenth Affirmative Defense

Plaintiff has unclean hands in that the alleged circumstances arise from his own misconduct.

### Eleventh Affirmative Defense

Plaintiff breached or caused to be breached the underlying mortgage.

### Twelfth Affirmative Defense

Plaintiffs' Complaint fails to state a claim for which attorneys' fees may be awarded.

### Thirteenth Affirmative Defense

Plaintiffs' Complaint fails to state a claim for which punitive, exemplary, double or treble damages may be awarded.

### Fourteenth Affirmative Defense

Plaintiff's damages, if any, are the result of the Plaintiff's own actions, failures and/or breaches.

### Fifteenth Affirmative Defense

Plaintiff's damages, if any, are the result of the actions or omissions of persons or entities other than Nationstar and are in no way attributable to any wrongdoing on the part of Nationstar.

### Sixteenth Affirmative Defense

Plaintiff has failed to adequately allege damages.

### Seventeenth Affirmative Defense

Plaintiff's purported damages are merely speculative, and Plaintiff has not suffered any damages.

### Eighteenth Affirmative Defense

Plaintiff lacks standing to enforce R.I. Gen Laws § 19-14.11-4, which does not contain a private right of action.

### Nineteenth Affirmative Defense

Nationstar is immune from liability to Plaintiff because it was acting at all times as an agent on behalf of its principal.

### Twentieth Affirmative Defense

Nationstar reserve the right to assert such further Affirmative Defenses, the existence of which may become known during discovery, trial or otherwise.

NATIONSTAR MORTGAGE LLC

By its Attorneys,

/s/ Jeffrey C. Ankrom
Joseph A. Farside, Jr., Esq. (#7559)
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6111 (facsimile)
joseph.farside@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  August 12, 2019

81159879v.1

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 12th day of August, 2019, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                              /s/ Jeffrey C. Ankrom

81159879v.1