UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, NATIONSTAR<br>MORTGAGE, LLC,<br><br>    Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

## MOTION TO DISMISS

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") moves to dismiss the *Complaint* of Plaintiff Danielle Lema ("Plaintiff") because the controversy has become moot. On or about August 28, 2019, the Plaintiff sold the subject property to a third party in a short sale and accepted approximately $100,000.00 in debt forgiveness and $3,000.00 in cash in connection therewith.

## FACTS

### A. The Note and Mortgage.

On September 28, 2005, Plaintiff executed a mortgage ("*Mortgage*") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for American Brokers Conduit ("Lender") to secure a promissory note ("*Note*") in the original principal amount of $261,800.00 against property located at 15 Ninth Street, East Providence, Rhode Island 02914 (the "Property"). *See* Affidavit of A.J. Loll, attached hereto as Exhibit A, at ¶ 4. The *Mortgage* was recorded in the Land Evidence Records for the City of East Providence ("Land Records") on September 28, 2005 at Book 2545 and Page 243. Exhibit A at ¶ 5. A true and correct copy of the *Mortgage* is attached as Exhibit A-1. *See* Exhibit A at ¶ 6.

On or about February 27, 2009, MERS assigned the *Mortgage* to Federal National Mortgage Association ("Fannie Mae") by an assignment ("2009 Assignment") recorded in the Land Records on March 13, 2009 at Book 3004 and Page 195. Exhibit A at ¶ 7. A true and correct copy of the 2009 Assignment is attached as Exhibit A-2. *See* Exhibit A at ¶ 8. On or about November 3, 2016, Fannie Mae assigned the *Mortgage* to Nationstar by an assignment ("2016 Assignment") recorded in the Land Records on January 26, 2017 at Book 3869 and Page 45. Exhibit A at ¶ 9. A true and correct copy of the 2016 Assignment is attached as Exhibit A-3. *See* Exhibit A at ¶ 10.

On September 18, 2018, Nationstar assigned the *Mortgage* to Fannie Mae by an assignment ("2018 Assignment") recorded in the Land Records on October 29, 2018 at Book 4076 and Page 55. Exhibit A at ¶ 11. A true and correct copy of the 2018 Assignment is attached as Exhibit A-4. *See* Exhibit A at ¶ 12. Thus Fannie Mae was the holder of the *Mortgage* on January 28, 2019, when the *Complaint* was filed. Exhibit A at ¶ 13. Nationstar serviced the *Mortgage* on Fannie Mae's behalf. Exhibit A at ¶ 14; *Compl*. ¶ 8.

**B.    Default of the *Mortgage*.**

Plaintiff defaulted on the *Note* and *Mortgage* by failing to make the payment due December 1, 2017, and all subsequent payments. Exhibit A at ¶ 15. On April 10, 2018, as a result of Plaintiff's default on the *Mortgage*, Nationstar sent to Plaintiff four copies of a notice of default ("Notice of Default") by first class mail and by certified mail to both her attorney's address and to the Property address. *See* Exhibit A at ¶ 16; Exhibit A-5. On May 24, 2018, Nationstar sent a *Notice of Mediation Conference Pursuant to R.I. Gen. Laws § 34-27-3.2* (the "3.2 Notice") to Plaintiff by first class mail and by certified mail to both her attorney's address and to the Property address. *See* Exhibit A at ¶ 18; Exhibit A-6.

On June 17, 2018, the United States Postal Service returned the 3.2 Notice that Nationstar sent to Plaintiff by certified mail to the Property because Plaintiff refused to accept the certified mail.  *See* <u>Exhibit A</u> at ¶ 20; <u>Exhibit A-7</u>.  On August 21, 2018, Nationstar sent a *Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services* pursuant to *R.I. Gen. Laws* § 34-27-3.1 (the "3.1 Notice") to Plaintiff by certified mail to her attorney's address and to the Property address.  *See* <u>Exhibit A</u> at ¶ 22; <u>Exhibit A-8</u>.  Thereafter, Nationstar, on behalf of Fannie Mae, through counsel, scheduled a foreclosure sale of the Property for January 30, 2019.  *See* <u>Exhibit A</u> at ¶ 26; *Compl*.p.3, ¶ 9, <u>Exhibit B</u> thereto.[1]

## C.    <u>Allegations of the Complaint.</u>

Plaintiff filed this action against Nationstar, Fannie Mae, and the Federal Housing Finance Agency (Fannie Mae's conservator) ("FHFA") on January 28, 2019, seeking injunctive relief against the scheduled January 30, 2019, foreclosure sale.  *See Compl*. at ¶ 2.  The *Complaint* alleges that Fannie Mae, while in conservatorship of the federal government, must comply with the Due Process Clause of the United States Constitution when engaging in residential foreclosures of a principal residence.  *See Compl.* ¶¶ 37-79.  The *Complaint* does not allege that FHFA had any involvement with Plaintiff's loan other than a "foreclosure policy."  *See Compl.* ¶ 37.

The *Complaint* alleges that the Defendants did not provide all the pre-foreclosure notices required by the *Mortgage* or by state law.  Specifically, the Plaintiff alleges that the Notice of Default failed to comply with paragraph 22 of the *Mortgage*, not for any substantive reason, but

---

[1] On January 28, 2019, Brock and Scott, LLC, the counsel for Fannie Mae and Nationstar that scheduled the foreclosure sale, provided Plaintiff's counsel with copies of the *Note*, *Mortgage*, 2009 Assignment, 2016 Assignment, 2018 Assignment, copies of the Notice of Default sent to the Property and to Plaintiff's counsel's office, copies of the 3.2 Notice sent to the Property, and copies of the 3.1 Notice sent to the Property and to Plaintiff's counsel's office.  *See* Exhibit A at ¶ 24; <u>Exhibit A-9</u>.

because, Plaintiff claims, the notice was only mailed to the office of Plaintiff's "former attorney," and not to the Property.  *See Compl*. ¶¶ 15-19.  Plaintiff also alleges that Nationstar sent her a Notice of Foreclosure Counseling pursuant to *R.I. Gen. Laws* § 34-27-3.1 on August 21, 2018, but that neither Fannie Mae, "nor any entity acting on its behalf," sent her a second notice after the *Mortgage* was assigned to it on September 18, 2018.  *See Compl*. ¶¶ 25-31.  Finally, Plaintiff alleges that Fannie Mae has not mailed a Notice of Mediation pursuant to *R.I. Gen. Laws* § 34-27-3.2.  *See Compl*. ¶¶ 32, 36.  Plaintiff alleges that Nationstar mailed a Notice of Mediation to Plaintiff's "former attorney" (the same attorney who represents her in this action) but that was insufficient because Plaintiff never designated her attorney's address as "her designated address." *See Compl*. ¶¶ 33-34.

The *Complaint* asserts five causes of action, all surrounding the validity of the foreclosure sale that was scheduled for January 30, 2019.  In Count I, Plaintiff alleges that Fannie Mae and FHFA's use of non-judicial foreclosures violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  *See Compl*. ¶¶ 72-79.  In Count II, Plaintiff alleges that FHFA, Fannie Mae, and Nationstar breached the mortgage contract and the implied covenant of good faith and dealing by mailing the Notice of Default, the 3.1 Notice, and the 3.2 Notice to Plaintiff at Plaintiff's counsel's address and not to the Property address.  *See, e.g., Compl.* ¶¶ 81-89, 92-93.

In Count III, Plaintiff seeks injunctive relief against the foreclosure sale of the Property until Fannie Mae provides the notices required by the mortgage and *R.I. Gen. Laws* §§ 34-27-3.1 and 34-27-3.2.  *See Compl*. ¶¶ 101-104.  In Count IV, Plaintiff alleges that Nationstar violated *R.I. Gen. Laws* § 19-14.11-4, which is a state statute authorizing the Director of the Department of Business Regulation or his designee (*see R.I. Gen. Laws* § 19-14.11-1) to license and regulate third

party loan servicers. *See Compl.* ¶ 109. Plaintiff alleges that Nationstar violated this statute by "its attempted exercise of the statutory power of sale." *Compl.* ¶ 109'.[2]

Finally, in Count V, the Complaint alleges that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA") by threatening "to take legal action which could not legally be taken," specifically referring to scheduling the foreclosure sale of the Property for January 30, 2019. *See Compl.* ¶ 118. Plaintiff claims that scheduling the foreclosure sale was a deceptive action because Nationstar did not provide Plaintiff with the Notice of Default, the 3.1 Notice, and the 3.2 Notice. *See Compl.* at ¶ 119.

The *Complaint* seeks declaratory relief regarding the constitutionality of Fannie Mae's and FHFA's use of non-judicial foreclosure process to foreclose on the Property, injunctive relief against the foreclosure sale of the Property, the removal of fees in the amount of $2,542.00, $1,000.00 in statutory damages under the FDCPA, "emotional damages for embarrassment and humiliation by the advertising of a foreclosure of her home," punitive damages, and reimbursement for her attorneys' fees. *See Compl.* at ¶¶ 15, 19-20, 28-29.

**D.     Events Subsequent To The Filing Of This Action – Short Sale.**

After Plaintiff filed this action, Fannie Mae canceled the pending foreclosure sale that was scheduled for January 30, 2019. *See* Exhibit A at ¶ 27.

On or about July 23, 2019, Nationstar approved Plaintiff for a short sale of the Property. *See* Exhibit A at ¶ 28. On August 28, 2019, Plaintiff sold the Property to a third party, Darcelino M. Ramos, for $297,000.00 in a short sale. *See* Exhibit A at ¶ 29. A true and correct copy of the deed that Plaintiff executed is attached as Exhibit A-10. *See* Exhibit A at ¶ 30. Nationstar, on

---

[2] The *Complaint* has two paragraphs numbered 109, which are referred to herein as ¶¶ 109 and 109'.

Fannie Mae's behalf, forgave $99,852.23 in amounts owed under the *Note* and *Mortgage*.  *See* Exhibit A at ¶ 31.  In addition, Nationstar approved Plaintiff to receive $3,000.00 in cash through the sale.  *See* Exhibit A at ¶ 32.  A true and correct copy of the settlement statement from the sale of the Property is attached as Exhibit A-11.  *See* Exhibit A at ¶ 33.  On September 6, 2019, Fannie Mae, by Nationstar, its attorney-in-fact, executed a release of the *Mortgage* which was recorded in the Land Records on September 19, 2019 at Book 4180 and Page 217.  *See* Exhibit A at ¶ 34.  A true and correct copy of the release is attached as Exhibit A-12.  *See* Exhibit A at ¶ 35.

## STANDARD OF LAW

In ruling on a motion to dismiss for lack of subject matter jurisdiction under *Fed. R. Civ. P.* 12(b)(1), the "court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff." *Okpoko v. Heinauer*, 796 F. Supp. 2d 305, 313 (D.R.I. 2011) (citing *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996)). The plaintiff bears the burden of proving the existence of subject-matter jurisdiction and "may not rest merely on unsupported conclusions or interpretations of law.  Subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts will not defeat a motion to dismiss. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal citation and quotations omitted).  Because "[m]ootness is a jurisdictional defect," *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004), "dismissal of the action is compulsory." *Redfern v. Napolitano*, 727 F.3d 77, 85 (1st Cir. 2013).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016) (internal citations omitted) (alterations in original).  "When a case becomes moot, dismissal becomes mandatory." *Martins v. Fed. Hous. Finance Agency*, 214 F. Supp. 3d 163, 167-168

(D.R.I. Oct. 12, 2016) (internal citation omitted) (challenge to nonjudicial foreclosure found moot where the nonjudicial foreclosure was rescinded and not rescheduled because the mortgagee stated an intention to pursue judicial foreclosure).

## ARGUMENT

### A.     The Court Lacks Jurisdiction Over Plaintiff's Claims.

This Court should dismiss the *Complaint* because the closing of the short sale rendered the claims moot.  A claim is moot if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (mootness occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal quotation omitted).  Questions of subject matter jurisdiction under *Fed. R. Civ. P.* 12(b)(1) may be raised at any time or even *sua sponte* by the court.  See *Fed. R. Civ. P.* 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

This case bears striking similarities to the *Martins* case, which this Court dismissed as moot.  214 F. Supp. 3d at 167-168.  Plaintiff, like Ms. Martins, challenges the foreclosure sale of the Property based on allegations that Fannie Mae, which owned the beneficial interest in the *Mortgage*, is under the permanent control of the federal government despite its private charter, and thus should be subject to the Due Process Clause of the Fifth Amendment.  *See Compl.* ¶¶ 37-79. After Plaintiff filed this action, Fannie Mae canceled the pending foreclosure sale that was scheduled for January 30, 2019.  Fannie Mae's cancellation of the foreclosure sale by itself renders Plaintiff's challenge to the foreclosure moot, under the same rationale as in the *Martins*' case.

Moreover, Plaintiff has now sold the Property and paid off the *Mortgage*, and therefore cannot face foreclosure by these Defendants.

All of Plaintiff's claims were rendered moot by the short sale of the Property.  Plaintiff's breach of contract claim (Count II) challenges the foreclosure sale that was scheduled for January 29, 2019, on the allegation that Defendants did not mail the Notice of Default, 3.1 Notice, and 3.2 Notice to the Property in compliance with the requirements of the *Mortgage* and state law concerning the foreclosure sale of the Property.  *Compl.* ¶¶ 81-98.  In Count III, Plaintiff seeks injunctive relief against a non-judicial foreclosure sale.  *Compl.* ¶¶ 101-106.  Even Plaintiff's allegations against Nationstar, based on *R.I. Gen. Laws* § 19-14.11-4 and on the FDCPA, are based solely on the fact that Nationstar scheduled the foreclosure sale of the Property.  *See Compl*, ¶¶ 109', 118-119.  Each of these claims is rendered moot by Plaintiff's sale of the Property because she no longer has any interest in the Property and because the *Mortgage* has been discharged.  *See* Exhibits A-10 and A-12.  Plaintiff cannot ever face foreclosure of the *Mortgage* on the Property again.

Other than declaratory and injunctive relief regarding the foreclosure sale of the Property, the damages described in the *Complaint* are *de minimis*.  Plaintiff specifically alleges that she is challenging fees totaling $2,542.00.  *See Compl.* ¶ 132.  Plaintiff also seeks reimbursement for her attorneys' fees and for statutory damages under the FDCPA, which are capped at a maximum of $1,000.00 per action.[3]  *See Complaint* at p. 29.  These alleged damages pale in comparison to the

---

[3] *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 385 (7th Cir. 2018) ("The word 'action' [in 15 U.S.C. § 1692k(a)(2)(A)] limits the additional damages, capping them at $1,000 per action, not per violation and not per defendant"); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561 (1992) (stating argument that statutory damages be awarded per violation, rather than per action, is "foreclosed by the language of the statute").

benefit Plaintiff received through the short sale – $99,852.23 of forgiveness of debt.  *See* Exhibit A at ¶ 31.  Plaintiff also received $3,000.00 cash from the transaction.  *Id*. at ¶ 32; Exhibit A-11.

Through the short sale, Plaintiff received more than ***30 times*** the amount of money damages that she requested in the *Complaint*.  Because judgment in her favor "would not provide [Plaintiff] with anything [she] does not already have," all counts of Plaintiff's *Complaint* must be dismissed as moot.  *See Knight v. Mills*, 836 F.2d 659, 670 (1st Cir. 1987) (plaintiff's claim for judgment declaring that he was entitled to receive psychological treatment was moot because he received treatment after bringing suit and his fear that treatment would be terminated was "speculation"; "[A] declaratory judgment as to Knight's right to psychological treatment would not provide Knight with anything he does not already have.").

**B.**     **Plaintiff's Claims Against Nationstar Are Demonstrably False.**

Counts II, III, IV and V (Breach of Contract, Injunctive Relief, Violation of *R.I. Gen. Laws* § 19-14.11-4, and Violation of the FDCPA) of the *Complaint* are founded on the demonstrably false claims that the foreclosure sale was unauthorized and unlawful because Nationstar and Fannie Mae did not comply with the contractual and statutory notice requirements.  *See Compl*. ¶¶ 91-95, 104, 106, 109, 118-124.  Specifically, Plaintiff claims that Defendants did not mail the Notice of Default, 3.1 Notice, and 3.2 Notice to the Property.  *See Compl*. ¶¶ 81-98.

Nationstar attaches copies of the Notice of Default, 3.1 Notice, and 3.2 Notice as Exhibits A-5, A-6, and A-8, respectively.  As can clearly be seen, each of these three notices were sent both to Plaintiff's attorney's address and to the Property address, by both first class and certified mail. *Id*.  The *Complaint* is devoid of any allegations that these notices failed to comply in any substantive manner with the requirements of the relevant statutes or paragraph 22 of the *Mortgage.*

Moreover, Plaintiff's counsel was aware that the Notice of Default, 3.1 Notice, and 3.2 Notice were sent to the Property address.  On January 28, 2019, Defendants' foreclosure counsel

mailed Plaintiff's counsel copies of the Notice of Default, 3.1 Notice, and 3.2 Notice that were sent to the Property.  Exhibit A-9.  While Plaintiff's counsel may not have received that mailing before filing the *Complaint* on January 29, 2019, Plaintiff counsel took no action to amend the *Complaint* after being made aware that certain allegations therein were inaccurate.

Plaintiff also alleges that the 3.1 Notice and the 3.2 Notice are deficient because they were sent by Nationstar when it was the mortgagee and they were not sent a second time by Fannie Mae after Nationstar assigned the *Mortgage* to Fannie Mae on September 18, 2018.  *See Compl.* ¶¶ 25-31, 32, 36.  Neither *R.I. Gen. Laws* §§ 34-27-3.1 nor 34-27-3.2 require a new notice to be sent every time a mortgage is transferred.  In fact, because the latter statute defines "mortgagee" to explicitly include "a mortgage servicer acting on behalf of a mortgagee" (§ 34-27-3.2(c)(8)), there can be no question that the 3.2 Notice that Nationstar sent on behalf of Fannie Mae satisfied the requirements of that statute.

Therefore, even if the *Complaint* is not rendered moot by the Plaintiff's sale of the Property for less than the amount owed, with the remainder of the debt forgiven, judgment should enter in Nationstar's favor as it is beyond dispute that the Plaintiff's substantive claims lack merit.

## **CONCLUSION**

For the reasons stated herein and for those reasons that may be raised at oral argument, Nationstar Mortgage LLC respectfully requests that the Court dismiss Plaintiff's *Complaint* for lack of subject-matter jurisdiction.  Plaintiff no longer owns the Property, almost $100,000.00 that she owed under the terms of the *Note* and *Mortgage* has been forgiven, she received and accepted a $3,000.00 cash payment, and the *Mortgage* has been discharged.  Plaintiff's claims are moot.

NATIONSTAR MORTGAGE LLC

By its Attorneys,


/s/ *Krystle G. Tadesse*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6111 (facsimile)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  January 8, 2020


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 8th day of January, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.


/s/ Krystle G. Tadesse
Krystle G. Tadesse

-11-

81368725v.4