# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DANIELLE LEMA,

       Plaintiff,

v.

FEDERAL HOUSING FINANCE AGENCY,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NATIONSTAR
MORTGAGE, LLC,

       Defendant.

C.A. No. 1:19-cv-00036-JJM-LDA

## AFFIDAVIT OF A.J. LOLL

I, A.J. LOLL, do depose and state that:

1.     I make this affidavit in support of the *Motion to Dismiss* filed by Defendant Nationstar Mortgage, LLC ("Nationstar").

2.     I hold the position of A. J. Loll, Vice President Nationstar Mortgage LLC at Nationstar.   I have personal knowledge of the matters set forth herein, or alternatively, have ascertained the information herein provided based upon the business records of Nationstar, and would be competent to testify thereto. The information in this affidavit is taken from business records that include physical and electronic records of loan activity, events and transactions ("Records").

3.     In my capacity as A. J. Loll, Vice President Nationstar Mortgage LLC I am responsible for reviewing certain mortgage loans serviced by Nationstar, including the mortgage loan at issue in this case.  I have personal knowledge of Nationstar's procedures creating and maintaining the Records.  It is Nationstar's custom and practice that such records are: (a) made at or near the time of the occurrence of the matters; (b) made by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (c) kept in the course of Nationstar's regularly conducted business activities.  I am familiar with and have

1

81527065v.2

access to the Records for the subject loan, which I have reviewed to verify the accuracy of this affidavit. Each of the documents attached to this affidavit is a business record.

4.      On September 28, 2005, Plaintiff executed a mortgage ("*Mortgage*") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for American Brokers Conduit ("Lender") to secure a promissory note ("*Note*") in the original principal amount of $261,800.00 against property located at 15 Ninth Street, East Providence, Rhode Island 02914 ("Property").

5.      The *Mortgage* was recorded in the Land Evidence Records for the City of East Providence ("Land Records") on September 28, 2005 at Book 2545 and Page 243.

6.      A true and correct copy of the *Mortgage* is attached as Exhibit A-1.

7.      On or about February 27, 2009, MERS assigned the *Mortgage* to Federal National Mortgage Association ("Fannie Mae") by an assignment ("2009 Assignment") recorded in the Land Records on March 13, 2009 at Book 3004 and Page 195.

8.      A true and correct copy of the 2009 Assignment is attached as Exhibit A-2.

9.      On or about November 3, 2016, Fannie Mae assigned the *Mortgage* to Nationstar by an assignment ("2016 Assignment") recorded in the Land Records on January 26, 2017 at Book 3869 and Page 45.

10.     A true and correct copy of the 2016 Assignment is attached as Exhibit A-3.

11.     On September 18, 2018, Nationstar assigned the *Mortgage* to Fannie Mae by an assignment ("2018 Assignment") recorded in the Land Records on October 29, 2018 at Book 4076 and Page 55.

12.     A true and correct copy of the 2018 Assignment is attached as Exhibit A-4.

13.     Therefore, Fannie Mae was the holder of the *Mortgage* on January 28, 2019, when

the *Complaint* was filed.

14.     Nationstar serviced the *Mortgage* on Fannie Mae's behalf.

15.     Plaintiff defaulted on the *Note* and *Mortgage* by failing to make the payment due December 1, 2017, and all subsequent payments.

16.     On April 10, 2018, as a result of Plaintiff's default on the *Mortgage*, Nationstar sent Plaintiff four copies of a notice of default ("Notice of Default") by first class mail and by certified mail to both her attorney's address and to the Property address.

17.     A true and correct copy of the Notice of Default is attached as Exhibit A-5.

18.     On May 24, 2018, Nationstar sent a *Notice of Mediation Conference Pursuant to R.I. Gen. Laws § 34-27-3.2* (the "3.2 Notice") to Plaintiff by first class mail and by certified mail to both her attorney's address and to the Property address.

19.     A true and correct copy of the 3.2 Notice is attached as Exhibit A-6.

20.     On June 17, 2018, the United States Postal Service returned the 3.2 Notice that Nationstar had sent to Plaintiff by certified mail to the Property because Plaintiff had refused to accept the certified mail.

21.     A true and correct copy of the returned mail from the 3.2 Notice addressed to Plaintiff at the Property is attached as Exhibit A-7.

22.     On August 21, 2018, Nationstar sent a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services pursuant to *R.I. Gen. Laws § 34-27-3.1* (the "3.1 Notice") to Plaintiff by certified mail to her attorney's address and to the Property address.

23.     A true and correct copy of the 3.1 Notice is attached as Exhibit A-8.

24.     On January 28, 2019, Brock and Scott, LLC, the counsel for Fannie Mae and

3

Nationstar that scheduled the foreclosure sale, provided Plaintiff's counsel with copies of the *Note*, *Mortgage*, 2009 Assignment, 2016 Assignment, 2018 Assignment, copies of the Notice of Default sent to the Property and to Plaintiff's counsel's office, copies of the 3.2 Notice sent to the Property, and copies of the 3.1 Notice sent to the Property and to Plaintiff's counsel's office.

25.    A true and correct copy of the letter sent to Plaintiff's counsel with the enclosed documents is attached as <u>Exhibit A-9</u>.

26.    Thereafter, Nationstar, on behalf of Fannie Mae, through counsel, scheduled a foreclosure sale of the Property for January 30, 2019.

27.    After Plaintiff filed this action, Fannie Mae canceled the pending foreclosure sale that was scheduled for January 30, 2019.

28.    On July 23, 2019, Nationstar approved Plaintiff for a short sale of the Property.

29.    On August 28, 2019, Plaintiff sold the Property to a third party, Darcelino M. Ramos, for $297,000.00 in a short sale.

30.    A true and correct copy of the deed that Plaintiff executed is attached as <u>Exhibit A-10</u>.

31.    Nationstar, on Fannie Mae's behalf, received $260,627.50 in satisfaction of the total debt of $ 360,479.73, resulting in the forgiveness of $99,852.23 in amounts owed under the *Note* and *Mortgage*.

32.    In addition, Nationstar approved Plaintiff to receive $3,000.00 in cash through the sale.

33.    A true and correct copy of the settlement statement from the sale of the Property is attached as <u>Exhibit A-11</u>.

34.    On September 6, 2019, Fannie Mae, by Nationstar, its attorney-in-fact, executed a

4

release of the Mortgage which was recorded in the Land Records on September 19, 2019 at Book 4180 and Page 217.

35. A true and correct copy of the release is attached as <u>Exhibit A-12</u>.

**Subscribed and sworn to under the pains and penalties of perjury on this 7th day of January, 2020, by:**

**A.J. LOLL**

**Title:** _____ A. J. Loll, Vice President _____
Nationstar Mortgage LLC

STATE OF TEXAS:

COUNTY OF DALLAS:

Subscribed and sworn to (or affirmed) before me on this 7th day of January, 2020, by A.J. Loll (name of document signer), who proved to me through satisfactory evidence of identification, to be the person who appeared before me.

Notary Seal



SHARON BRUNER
Notary ID #6818900
My Commission Expires
January 29, 2024

Sharon Bruner, Notary Public

My Commission expires: 1/29/2024

5

**EXHIBIT A-1**

009636          BK 2545 PG 243

Return To:
American Brokers Conduit
520 Broadhollow Road
Melville, NY 11747

CERTIFIED TRUE COPY

Prepared By:
Charlene Huard
300 Bedford Street
Entrance D
Manchester, NH
03101

—————————— [Space Above This Line For Recording Data] ——————————

# MORTGAGE

MIN ▇▇▇▇▇▇▇▇

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated September 28, 2005 together with all Riders to this document.
(B) "Borrower" is Danielle Lema

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

DOC  #:322411              APPL #▇▇▇▇▇▇▇

RHODE ISLAND - Single  Family - Fannie  Mae/Freddie  Mac UNIFORM INSTRUMENT WITH MERS

-6A(RI) (0005)        Form 3040  1/01
Page 1 of 15          Initials: DML
VMP MORTGAGE FORMS - (800)521-7291

BK2545PG244

(D) "Lender" is  American Brokers Conduit

Lender is a Corporation
organized and existing under the laws of State of New York
Lender's address is  538 Broadhollow Road, Melville, NY  11747

(E) "Note" means the promissory note signed by Borrower and dated  September 28, 2005
The Note states that Borrower owes Lender  Two Hundred Sixty One Thousand Eight
Hundred and No/100                                                                    Dollars
(U.S. $ 261,800.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than     October 1, 2035
(F) "Property"  means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan"  means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders"  means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) "Applicable Law"  means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the
Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA"  means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used

DOC  #:322412                          APPL #                    Initials: DML
-6A(RI) (0005)                          Page 2 of 15                        Form 3040  1/01

BK 2545 PG 245

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the County                                                                of  Providence          :
       [Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]
See attached legal description

Parcel ID Number:  M 106 B1 27 P 6                          which currently has the address of
15 Ninth Street                                                                    [Street]
East Providence                    [City] , Rhode Island     02914        [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

DOC  #:322413                              APPL #:███████              Initials: DML

Ⓥ -6A(RI) (0005)                                   Page 3 of 15                              Form 3040   1/01

BK 2545 PG 246

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

BK 2545 PG 247

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

BK 2545 PG 248

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

DOC #:322416                      APPL #: ███████        Initials: OML

Ⓛ -6A(RI) (0005)                    Page 6 of 15                         Form 3040  1/01

BK 2545 PG 249

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its

DOC #:322417                          APPL #: ▒▒▒▒▒▒          Initials: DML

-6A(RI) (0005)                    Page 7 of 15                       Form 3040  1/01

BK 2545 PG 250

secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

DOC #:322418                   APPL #: ▮▮▮▮▮▮

Ⓜ -6A(RI) (0005)              Page 8 of 15          Initials: DML          Form 3040  1/01

BK 2545 PG 251

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or

DOC #:322419                    APPL #▬▬▬▬

⟨MERS⟩ -6A(RI) (0005)              Page 9 of 15           Initials: DML        Form 3040  1/01

BK 2545 PG 252

any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but

DOC #:322420          APPL #: ▮▮▮▮▮          Initials: DML

-6A(RI) (0205)          Page 10 of 15          Form 3040  1/01

BK 2545 PG 253

such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

BK 2545 PG 254

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

BK 2545 PG 255

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

DOC #:322423                              APPL #: ▮▮▮▮▮         Initials: _DML_

⊗ -6A(RI) (0005)                          Page 15 of 15                      Form 3040  1/01

BK 2545 PG 256

**26. Loan Fees.** Borrower has paid the following brokerage fees, loan fees, points, finder's fees, origination fees or similar charges in connection with the loans secured by this Security Instrument:

| | |
|---|---|
| Origination - Discount Fees (points) | $ |
| Application Fees | $ |
| Closing Preparation Fees | $ 435.50 |
| | $ |
| | $ |

As provided in Rhode Island General Laws Section 34-23-6, none of these fees will be refunded in the event the loan is prepaid in whole or in part.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _Danielle Lema_____ (Seal)
                                         Danielle Lema                    -Borrower

_____        _____ (Seal)
                                                                          -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                  -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                  -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                  -Borrower

\* Signs as "Borrower" solely for the purpose of waiving homestead rights.

DOC #:322424            APPL #: ████████

[Lender] -6A(RI) (0005)          Page 14 of 15          Form 3040  1/01

BK 2545 PG 257

**STATE OF RHODE ISLAND,**                                        County ss: Prov. L

    On this   28th   day of   September, 2005   , in  Eas/  Prov. Li  , Rн
in said County, before me personally appeared   Danielle Lema

each and all to me known, and known to me to be the person(s) executing the foregoing instrument and
acknowledged said execution to be his/her/their free act and deed.

_____
Notary Public

DOC #:322425          APPL #:▮▮▮▮▮

-6A(RI) (0008)                  Page 15 of 15            Initials: DML         Form 3040  1/01

BK 2545 PG 258

**EXHIBIT A**

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of High Street in the City of East Providence, County of Providence, State of Rhode Island, laid out and designated as Lot Numbered 344 (two hundred forty-four) and the westerly five (5') feet in width by the entire depth of Lot Numbered 245 (two hundred forty-five) on that plat of land entitled: "PLAT OF LAND IN SEEKONK BELONGING TO JOSEPH FARNAM SURVEYED SEPT. 15TH 1845 COPIED BY CHARLES R WALLING NOV. 1847, EXCEPTING ANY 1877 R.R. SURVEY", which said plat is recorded in the Records of Land Evidence in said City of East Providence in Plat Book 53.

BK 2545 PG 259

# ADJUSTABLE RATE RIDER
### (6-Month LIBOR Index - Rate Caps)
(Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)

THIS ADJUSTABLE RATE RIDER is made this 28th   day of   September, 2005, and is incorporated   into and shall be deemed   to amend   and supplement   , the Mortgage, Deed of Trust, or Security   Deed (the "Security   Instrument")   of the same   date given   by the undersigned   (the "Borrower")   to secure   the Borrower's   Adjustable   Rate Note (the "Note") to American Brokers Conduit

(the "Lender")   of the same   date   and   covering   the   property   described   in the Security Instrument and located at:
15 Ninth Street, East Providence, RI  02914

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S   INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS.   In addition   to the covenants   and agreements   made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides   for an initial interest   rate of                    6.250   %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change  Dates
The interest  rate I will pay may change  on the first day of  October, 2010 and  may change  on that  day every  sixth month  thereafter.  Each  date  on which  my interest rate could change is called a "Change Date."

DOC #:319901              APPL #: ▮▮▮▮▮▮▮
**MULTISTATE   ADJUSTABLE   RATE RIDER 6-Month   LIBOR   Index   (Assumable   during Life of Loan) (First  Business   Day Lookback)  - Single  Family - Freddie  Mac UNIFORM INSTRUMENT**   UM51 0404
VMP-815R  (0404)   Form 5120 3/04
Page 1 of 4          Initials: DML
VMP Mortgage Solutions
(800)521-7291

BK 2545 PG 260

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal . The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and One Quarter percentage point(s) ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than 11.250 % or less than 2.250 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One percentage point(s) ( 1.000 %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 11.250 %.

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

DOC #:319902          APPL #: ███████

Initials: DML

-815R (0404)                    Page 2 of 4                    Form 5120 3/04

BK 2545 PG 261

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

DOC #:319903          APPL #: ███████

VMP®-815R (0404)          Page 3 of 4          Initials: _DML_          Form 5120 3/04

BK 2545 PG 262

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_Danielle Lema_ (Seal)                                    _____ (Seal)
Danielle Lema          -Borrower                                          -Borrower

_____ (Seal)                              _____ (Seal)
                       -Borrower                                          -Borrower

_____ (Seal)                              _____ (Seal)
                       -Borrower                                          -Borrower

_____ (Seal)                              _____ (Seal)
                       -Borrower                                          -Borrower

DOC #:319904            APPL #: ███████

VMP -815R (0404)            Page 4 of 4                  Form 5120 3/04

BK 2545 PG 263

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this   28th     day of September, 2005                  ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to   American Brokers Conduit

(the
"Lender") of the same date and covering the Property described in the Security Instrument and located at:
15 Ninth Street, East Providence, RI   02914

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to
the Property described in the Security Instrument, the following items now or hereafter attached to the
Property to the extent they are fixtures are added to the Property description, and shall also constitute the
Property covered by the Security Instrument: building materials, appliances and goods of every nature
whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property,
including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity,
gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus,
plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals,
washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods,
attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and
additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument.
All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if
the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument
as the "Property."

DOC   #:319831                    APPL #:

MULTISTATE 1- 4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: _DML_

UM31 0008               Page 1 of 4                          Form 3170 1/01
-57R (0008)          VMP MORTGAGE FORMS - (800)521-7291

BK 2 5 4 5 PG 2 6 4

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii)

DOC  #:319832                    APPL #: ▮▮▮▮▮▮▮

-57R  (0008)                    Page 2 of 4          Initials: _OmL_
                                                            Form 3170 1/01

BK 2545 PG 265

Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

DOC #:319833                    APPL #: ███████

BK 2545 PG 266

**BY SIGNING BELOW**, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)        _____ (Seal)
Danielle Lema              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

DOC #:319834                 APPL #: ████████
@-57R (0008)                 Page 4 of 4                 Form 3170 1/01

EAST PROVIDENCE R.I.
DANIEL TOY
CITY CLERK

2005 SEP 28  AM 9: 32

R.C.R.

**EXHIBIT A-2**

DOC #   00001349

Recording Requested By:
AURORA LOAN SERVICES

Bk: 3044 Pg: 195

When Recorded Return To:

Rhonda Gall
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

## CORPORATE ASSIGNMENT OF MORTGAGE

East Providence City, Rhode Island
SELLER'S SERVICING # ▮▮▮▮▮ "LEMA"
OLD SERVICING #: ▮▮▮▮▮

MERS #: ▮▮▮▮▮   VRU #: 1-888-679-6377

Date of Assignment: February 27th, 2009
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. at 3300 S.W. 34TH AVENUE, SUITE 101, OCALA, FL 34474
Assignee: FEDERAL NATIONAL MORTGAGE ASSOCIATION at 3900 WISCONSIN AVENUE NW, WASHINGTON, DC 20019 2899

Executed By: DANIELLE LEMA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR AMERICAN BROKERS CONDUIT
Date of Mortgage: 09/28/2005 Recorded: 09/28/2005 In Book/Reel/Liber: 2545 Page/Folio: 243 as Instrument No.: 009636 In East Providence City, Rhode Island

Assessor's/Tax ID No. 49972021

Property Address: 15 NINTH STREET, EAST PROVIDENCE, RI 02914

   KNOW ALL MEN BY THESE PRESENTS that In consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $261,800.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On February 27th, 2009

By: _____
JOANN REIN, Vice-President

STATE OF Nebraska
COUNTY OF Scotts Bluff

On February 27th, 2009, before me, LINDA D. PARKS, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared JOANN REIN, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
LINDA D. PARKS
Notary Expires: 11/14/2011

GENERAL NOTARY - STATE OF NEBRASKA
LINDA D. PARKS
My Comm. Exp. 11/14/2011

(This area for notarial seal)

*RRG*RRGALSI*02/27/2009 10:22:37 AM* ALS/01ALSIA00000000000000000549074* RI_EPRO* 0118240241 RISTATE_MORT_ASSIGN_ASSN *RRGALSI*

RECORDED
2009 Mar 13 09:23:41A
EAST PROVIDENCE, R.I.
KIM A. CASCI
CITY CLERK

**EXHIBIT A-3**

DOC: 00000510

BK: 3869 PG: 45

RECORDED
2017 Jan 26 09:22A
EAST PROVIDENCE, R.I.
KIM A. CASCI-PALANGIO
CITY CLERK



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **FEDERAL NATIONAL MORTGAGE ASSOCIATION, WHOSE ADDRESS IS C/O NATIONSTAR MORTGAGE LLC, 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019,** (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS NATIONSTAR MORTGAGE LLC, 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019 (816)854-4202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 09/28/2005, made by DANIELLE LEMA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT, ITS SUCCESSORS AND ASSIGNS, and recorded in the Land Evidence Records in the Town of **EAST PROVIDENCE**, State of **Rhode Island**, in **Book 2545, Page 243 and Doc # 009636**.

Property is commonly known as: 15 NINTH STREET, EAST PROVIDENCE, RI 02914.

IN WITNESS WHEREOF, FEDERAL NATIONAL MORTGAGE ASSOCIATION, by NATIONSTAR MORTGAGE LLC, its Attorney-in-Fact has hereunto set its hand on __11 / 3__ /2016 (MM/DD/YYYY).

By: _____
**Kristopher Sandberg**
**Vice President of Loan Documentation**
All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and delivered in the presence of:

_____
Rebecca Pascarella    Witness

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on __11 3__ /2016 (MM/DD/YYYY), by Kristopher Sandberg as Vice President of Loan Documentation of NATIONSTAR MORTGAGE LLC as Attorney-in-Fact for FEDERAL NATIONAL MORTGAGE ASSOCIATION, who, as such Vice President of Loan Documentation being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Cynthia Albano
Notary Public - State of FLORIDA
Commission expires: 08/01/2020

CYNTHIA ALBANO
Notary Public - State of Florida
My Comm. Expires August 1, 2020
Commission # GG001222

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To:
Nationstar Mortgage LLC
C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North
Palm Harbor, FL 34683

NSBTA 396034691 FNMA NPL PRE-SALE    DOCR T011611-06:40:54 [C-1] FRMRI1

*D0019424438*

**EXHIBIT A-4**



Recording Requested By:
NATIONSTAR MORTGAGE DBA MR. COOPER

When Recorded Return To:

DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

**DOC # 201800006883**          **Pages: 1**
**BK: 4076 PG: 55**
**Recorded: 10/29/2018 09:51 AM**
**City of East Providence, Rhode Island**
**Kim Casci-Palangio, City Clerk**

## CORPORATE ASSIGNMENT OF MORTGAGE

East Providence City, Rhode Island
SELLER'S SERVICING #█████████ "LEMA"

Date of Assignment: September 18th, 2018
Assignor: NATIONSTAR MORTGAGE LLC A DELAWARE LIMITED LIABILITY COMPANY at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: FEDERAL NATIONAL MORTGAGE ASSOCIATION at 14221 DALLAS PARKWAY, SUITE 1000, DALLAS, TX 75254

Executed By: DANIELLE LEMA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT
Date of Mortgage: 09/28/2005 Recorded: 09/28/2005 in Book/Reel/Liber: 2545 Page/Folio: 243 as Instrument No.: 009636 In East Providence City, State of Rhode Island.

Property Address: 15 NINTH STREET, EAST PROVIDENCE, RI 02914

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $261,800.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

  NATIONSTAR MORTGAGE LLC A DELAWARE LIMITED LIABILITY COMPANY
On September 18th, 2018

By:_____
MOHAMED HAMEED, Vice-President

STATE OF Texas
COUNTY OF Dallas

On September 18th, 2018, before me, COLLEEN BARNETT, a Notary Public in and for Dallas in the State of Texas, personally appeared MOHAMED HAMEED, Vice-President, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
COLLEEN BARNETT
Notary Expires: 11/30/2019 #130453613

┌─────────────────────────────────┐
│         COLLEEN BARNETT          │
│   Notary Public, State of Texas  │
│    Comm. Expires 11-30-2019      │
│       Notary ID 130453613        │
└─────────────────────────────────┘

(This area for notarial seal)

*HVA*HVANATT*09/18/2018 10:55:33 AM* NATT01NATTA000000000000001688484* RI_EPRO* 0598525418 RISTATE_MORT_ASSIGN_ASSN *BHE*BHENATT*

**EXHIBIT A-5**

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783



9314 7100 1170 0954 3652 68

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI



8950 Cypress Waters Blvd,
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

04/10/2018

Sent Via Certified Mail
9314 7100 1170 0954 3652 68

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number: ▮▮▮▮▮▮▮
Investor Name:    Federal National Mortgage Association
Property Address: 15 NINTH ST
                 EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



9314 7100 1170 0954 3652 68

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247.** You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

2289698875

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

20141010-160

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_NOI



10/10/2014

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number: ████████
Property Address:     15 NINTH ST
                      EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-8777827612 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2289671603

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

20141009-160

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_NOI



10/09/2014

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number: ███████████
Property Address:     15 NINTH ST
                      EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-877-783-7491 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



9314 7100 1170 0769 5606 81

**RETURN RECEIPT REQUESTED**

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

20141010-160

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI



10/10/2014                                                    Sent Via Certified Mail
                                                        9314 7100 1170 0769 5606 81

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:          ▮▮▮▮▮▮▮▮
Property Address:     15 NINTH ST
                      EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177**. You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-8777827612 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



9314 7100 1170 0769 5606 81

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

2331507770

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811





**cooper**

8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

04/10/2018

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number: ▮▮▮▮▮▮▮
Investor Name:      Federal National Mortgage Association
Property Address:   15 NINTH ST
                    EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



RI_NOI
Page 1 of 3

2331507770

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247**. You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



**9314 7100 1170 0769 5606 98**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

**RETURN RECEIPT REQUESTED**

20141010-160

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_NOI



10/10/2014                                                          Sent Via Certified Mail
                                                          9314 7100 1170 0769 5606 98

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number:              ██████████
Property Address:         15 NINTH ST
                          EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-8777827612 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



9314 7100 1170 0769 5606 98

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095



PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9314 7100 1170 0954 3652 75

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

**RETURN RECEIPT REQUESTED**

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811





OUR INFO
ONLINE
www.mrcooper.com

8950 Cypress Waters Blvd.
Dallas, TX 75019

04/10/2018

Sent Via Certified Mail
9314 7100 1170 0954 3652 75

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number:
Investor Name:         Federal National Mortgage Association
Property Address:      15 NINTH ST
                       EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



9314 7100 1170 0954 3652 75

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247**. You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



9314 7100 1170 0954 3652 75

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

2289698874

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

20141010-160

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI



10/10/2014

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:
Property Address:    15 NINTH ST
                     EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/26/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-8777827612 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



2289698874

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



9314 7100 1170 0769 3876 46

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

**RETURN RECEIPT REQUESTED**

20141009-160

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI



10/09/2014                                                                   Sent Via Certified Mail
                                                                     9314 7100 1170 0769 3876 46

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:                  ███████
Property Address:      15 NINTH ST
                       EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-877-783-7491 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

2331507769

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI

**cooper**

8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

04/10/2018

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:
Investor Name:         Federal National Mortgage Association
Property Address:      15 NINTH ST
                       EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



2331507769

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247**. You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



2331507769

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



9314 7100 1170 0769 3876 53

**RETURN RECEIPT REQUESTED**

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067-4177

20141009-160

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO



RI_NOI



10/09/2014                                                    Sent Via Certified Mail
                                               9314 7100 1170 0769 3876 53

DANIELLE LEMA
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number:            ▮▮▮▮▮▮▮
Property Address:       15 NINTH ST
                        EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

9314 7100 1170 0769 3876 53

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-877-783-7491 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177



9314 7100 1170 0769 3876 53

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

2289671602

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX   75067-4177

20141009-160

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI



10/09/2014

DANIELLE LEMA
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:               ████████
Property Address:          15 NINTH ST
                           EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for Federal National Mortgage Association.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 11/01/2011. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$84,963.52**. In order to cure this default, you must pay the total amount due of **$84,963.52** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.** You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$84,963.52** must be paid by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 11/01/2014 is still due on 11/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$84,963.52** by **11/25/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Rene Teran
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-877-783-7491 ext. 1003793
350 Highland Drive
Lewisville, TX 75067-4177

**EXHIBIT A-6**

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

2333003939

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180524-160

"LEMA, DANIELLE"
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_Mediation



OUR INFO
ONLINE
www.mrcooper.com

05/24/2018

FORM 34-27-3.2

| NOTICE OF MEDIATION CONFERENCE PURSUANT TO |
| :---: |
| R.I. GEN. LAWS § 34-27-3.2 |

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED APPENDIX B, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

Name of Mortgagor: "LEMA, DANIELLE"
Re: ███████
INSERT ADDRESS OF RESIDENTIAL REAL ESTATE:
15 NINTH ST EAST PROVIDENCE, RI 02914
Date of Default: 12/01/2017
Date of release of loan from automatic stay in bankruptcy proceeding if applicable: 04/04/2018
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable: N/A

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

Mortgagee:                              Nationstar Mortgage LLC d/b/a Mr. Cooper
Mortgagee Address:
Street:                                 8950 Cypress Waters Blvd.
City, State, Zip Code:                  Dallas, TX 75019

Mortgagee Authorized Representative: Mediation Department
Date mailed: 05/24/2018

Contact Information for Mortgagee Authorized Representative:

Telephone: 855-827-7638

Email: prmm@mrcooper.com

cc: Mediation Coordinator: Rhode Island Housing





2333003939

FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS**
**R.I. GEN. § 34-27-3.2**

---

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O "APPENDIX B" PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: "LEMA, DANIELLE"
Re: ▮▮▮▮▮▮▮
INSERIR ENDEREÇO DO IMÓVEL RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Data de delinquência: 12/01/2017
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: 04/04/2018
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável: N/A

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

Créditos Imobiliários:                    Nationstar Mortgage LLC d/b/a Mr. Cooper
Endereço de Créditos Imobiliários:
Rua:                                      8950 Cypress Waters Blvd.
Cidade, Estado, CEP:                      Dallas, TX 75019

Representante Autorizado de Créditos Imobiliários: Mediation Department
Data de envio: 05/24/2018

Informações de Contato para Representante Autorizado de Créditos Imobiliários:

Telefone: 855-827-7638

E-mail: prmm@mrcooper.com

cc: Coordenador de Mediação: Rhode Island Housing



2333003939

FORMULARIO 34-27-3.2

---

### NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN
### EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.)

---

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE.   DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL APENDICE B COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: "LEMA, DANIELLE"
Ref.: ████████
ESCRIBA LA DIRECCIÓN DE LA PROPIEDAD RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Fecha de Defecto: 12/01/2017
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: 04/04/2018
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

Acreedor hipotecario:                        Nationstar Mortgage LLC d/b/a Mr. Cooper
Dirección del Acreedor hipotecario:
Calle:                                       8950 Cypress Waters Blvd.
Ciudad, estado y código postal:              Dallas, TX 75019

Representante autorizado del Acreedor hipotecario: Mediation Department
Fecha de envío postal: 05/24/2018

Información de contacto del representante autorizado del Acreedor hipotecario:

Teléfono: 855-827-7638

Dirección de correo electrónico:  prmm@mrcooper.com

cc: Coordinador de Mediación: Rhode Island Housing





2333003939

## Additional Disclosures

### Mini Miranda

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

### Credit Reporting:

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.  As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations.

### Servicemembers' Civil Relief Act:

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

### Company Loss Mitigation Options:

Mr. Cooper offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at 1-888-480-2432, Mr. Cooper, Monday through Thursday from  7 a.m. to 9 p.m. (CT), Friday from  7 a.m. to 6 p.m (CT) and Saturday from  8 a.m to 12 p.m. (CT).



2333003939

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095



PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9314 7100 1170 0959 1876 81

**RETURN RECEIPT REQUESTED**

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180524-160

"LEMA, DANIELLE"
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_Mediation



8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

05/24/2018

Sent Via Certified Mail
9314 7100 1170 0959 1876 81

🖂 FORM 34-27-3.2

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED APPENDIX B, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

Name of Mortgagor: "LEMA, DANIELLE"
Re: ▉▉▉▉▉
INSERT ADDRESS OF RESIDENTIAL REAL ESTATE:
15 NINTH ST EAST PROVIDENCE, RI 02914
Date of Default: 12/01/2017
Date of release of loan from automatic stay in bankruptcy proceeding if applicable: 04/04/2018
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable: N/A

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

Mortgagee:                    Nationstar Mortgage LLC d/b/a Mr. Cooper
Mortgagee Address:
Street:                       8950 Cypress Waters Blvd.
City, State, Zip Code:        Dallas, TX 75019

Mortgagee Authorized Representative: Mediation Department
Date mailed: 05/24/2018

Contact Information for Mortgagee Authorized Representative:

Telephone: 855-827-7638

Email: prmm@mrcooper.com

cc: Mediation Coordinator: Rhode Island Housing



RI_Mediation
Page 1 of 4

9314 7100 1170 0959 1876 81



FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O "APPENDIX B" PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: "LEMA, DANIELLE"
Re: ██████████
INSERIR ENDEREÇO DO IMÓVEL RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Data de delinquência: 12/01/2017
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:  04/04/2018
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável: N/A

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

Créditos Imobiliários:                           Nationstar Mortgage LLC d/b/a Mr. Cooper
Endereço de Créditos Imobiliários:
Rua:                                             8950 Cypress Waters Blvd.
Cidade, Estado, CEP:                             Dallas, TX 75019

Representante Autorizado de Créditos Imobiliários: Mediation Department
Data de envio: 05/24/2018

Informações de Contato para Representante Autorizado de Créditos Imobiliários:

Telefone: 855-827-7638

E-mail: prmm@mrcooper.com

cc: Coordenador de Mediação: Rhode Island Housing



9314 7100 1170 0959 1876 81

FORMULARIO 34-27-3.2

---

### NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN
### EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.)

---

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL APENDICE B COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: "LEMA, DANIELLE"
Ref.: ▮▮▮▮▮▮▮
ESCRIBA LA DIRECCIÓN DE LA PROPIEDAD RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Fecha de Defecto: 12/01/2017
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: 04/04/2018
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

Acreedor hipotecario:                          Nationstar Mortgage LLC d/b/a Mr. Cooper
Dirección del Acreedor hipotecario:
Calle:                                         8950 Cypress Waters Blvd.
Ciudad, estado y código postal:                Dallas, TX 75019

Representante autorizado del Acreedor hipotecario: Mediation Department
Fecha de envío postal: 05/24/2018

Información de contacto del representante autorizado del Acreedor hipotecario:

Teléfono: 855-827-7638

Dirección de correo electrónico:  prmm@mrcooper.com

cc: Coordinador de Mediación: Rhode Island Housing



9314 7100 1170 0959 1876 81



## <u>Additional Disclosures</u>

### <u>Mini Miranda</u>

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

### <u>Credit Reporting</u>:

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.  As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations.

### <u>Servicemembers' Civil Relief Act</u>:

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

### <u>Company Loss Mitigation Options</u>:

Mr. Cooper offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at 1-888-480-2432, Mr. Cooper, Monday through Thursday from  7 a.m. to 9 p.m. (CT), Friday from  7 a.m. to 6 p.m (CT) and Saturday from  8 a.m to 12 p.m. (CT).

9314 7100 1170 0959 1876 81



Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2333003938

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180524-160

"LEMA, DANIELLE"
Attn: John B. Ennis  1200 Reservoir Avenue
CRANSTON, RI 02914



RI_Mediation



OUR INFO
ONLINE
www.mrcooper.com

8950 Cypress Waters Blvd.
Dallas, TX 75019

05/24/2018

🕿 FORM 34-27-3.2

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED APPENDIX B, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

Name of Mortgagor:  "LEMA, DANIELLE"
Re: ▮▮▮▮▮▮
INSERT ADDRESS OF RESIDENTIAL REAL ESTATE:
15 NINTH ST EAST PROVIDENCE, RI 02914
Date of Default: 12/01/2017
Date of release of loan from automatic stay in bankruptcy proceeding if applicable: 04/04/2018
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable: N/A

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

Mortgagee:                         Nationstar Mortgage LLC d/b/a Mr. Cooper
Mortgagee Address:
Street:                            8950 Cypress Waters Blvd.
City, State, Zip Code:             Dallas, TX 75019

Mortgagee Authorized Representative: Mediation Department
Date mailed: 05/24/2018

Contact Information for Mortgagee Authorized Representative:

Telephone: 855-827-7638

Email: prmm@mrcooper.com

cc: Mediation Coordinator: Rhode Island Housing



RI_Mediation
Page 1 of 4

2333003938



FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS
R.I. GEN. § 34-27-3.2**

---

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

> **PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O "APPENDIX B" PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: "LEMA, DANIELLE"
Re: ████████████
INSERIR ENDEREÇO DO IMÓVEL RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Data de delinquência: 12/01/2017
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: 04/04/2018
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável: N/A

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

Créditos Imobiliários:                    Nationstar Mortgage LLC d/b/a Mr. Cooper
Endereço de Créditos Imobiliários:
Rua:                                      8950 Cypress Waters Blvd.
Cidade, Estado, CEP:                      Dallas, TX 75019

Representante Autorizado de Créditos Imobiliários: Mediation Department
Data de envio: 05/24/2018

Informações de Contato para Representante Autorizado de Créditos Imobiliários:

Telefone: 855-827-7638

E-mail: prmm@mrcooper.com

cc: Coordenador de Mediação: Rhode Island Housing



2333003938

FORMULARIO 34-27-3.2

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.)

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL APENDICE B COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: "LEMA, DANIELLE"
Ref.: ▮▮▮▮▮▮
ESCRIBA LA DIRECCIÓN DE LA PROPIEDAD RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Fecha de Defecto: 12/01/2017
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: 04/04/2018
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

Acreedor hipotecario:                           Nationstar Mortgage LLC d/b/a Mr. Cooper
Dirección del Acreedor hipotecario:
Calle:                                          8950 Cypress Waters Blvd.
Ciudad, estado y código postal:                 Dallas, TX 75019

Representante autorizado del Acreedor hipotecario: Mediation Department
Fecha de envío postal: 05/24/2018

Información de contacto del representante autorizado del Acreedor hipotecario:

Teléfono: 855-827-7638

Dirección de correo electrónico:  prmm@mrcooper.com

cc: Coordinador de Mediación: Rhode Island Housing





2333003938

# Additional Disclosures

## Mini Miranda

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

## Credit Reporting:

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.  As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations.

## Servicemembers' Civil Relief Act:

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

## Company Loss Mitigation Options:

Mr. Cooper offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at 1-888-480-2432, Mr. Cooper, Monday through Thursday from  7 a.m. to 9 p.m. (CT), Friday from  7 a.m. to 6 p.m (CT) and Saturday from  8 a.m to 12 p.m. (CT).



2333003938

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095



PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9314 7100 1170 0959 1876 74

**RETURN RECEIPT REQUESTED**

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180524-160

"LEMA, DANIELLE"
Attn: John B. Ennis  1200 Reservoir Avenue
CRANSTON, RI 02914



**mr. cooper**
CHANGING THE FACE OF HOME LOANS
8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

05/24/2018

Sent Via Certified Mail
9314 7100 1170 0959 1876 74

☏ FORM 34-27-3.2

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO R.I. GEN. LAWS § 34-27-3.2

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED APPENDIX B, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

Name of Mortgagor: "LEMA, DANIELLE"
Re: ▓▓▓▓▓▓
INSERT ADDRESS OF RESIDENTIAL REAL ESTATE:
15 NINTH ST EAST PROVIDENCE, RI 02914
Date of Default: 12/01/2017
Date of release of loan from automatic stay in bankruptcy proceeding if applicable: 04/04/2018
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable: N/A

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

Mortgagee:                          Nationstar Mortgage LLC d/b/a Mr. Cooper
Mortgagee Address:
Street:                             8950 Cypress Waters Blvd.
City, State, Zip Code:              Dallas, TX 75019

Mortgagee Authorized Representative: Mediation Department
Date mailed: 05/24/2018

Contact Information for Mortgagee Authorized Representative:

Telephone: 855-827-7638

Email: prmm@mrcooper.com

cc: Mediation Coordinator: Rhode Island Housing



RI_Mediation
Page 1 of 4

9314 7100 1170 0959 1876 74



FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O "APPENDIX B" PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: "LEMA, DANIELLE"
Re: ███████
INSERIR ENDEREÇO DO IMÓVEL RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Data de delinquência: 12/01/2017
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: 04/04/2018
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável: N/A

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

Créditos Imobiliários:                    Nationstar Mortgage LLC d/b/a Mr. Cooper
Endereço de Créditos Imobiliários:
Rua:                                       8950 Cypress Waters Blvd.
Cidade, Estado, CEP:                       Dallas, TX 75019

Representante Autorizado de Créditos Imobiliários: Mediation Department
Data de envio: 05/24/2018

Informações de Contato para Representante Autorizado de Créditos Imobiliários:

Telefone: 855-827-7638

E-mail: prmm@mrcooper.com

cc: Coordenador de Mediação: Rhode Island Housing

---

9314 7100 1170 0959 1876 74



## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN
## EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.)

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE.   DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL APENDICE B COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: "LEMA, DANIELLE"
Ref.: ▮▮▮▮▮▮
ESCRIBA LA DIRECCIÓN DE LA PROPIEDAD RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Fecha de Defecto: 12/01/2017
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: 04/04/2018
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

Acreedor hipotecario:                             Nationstar Mortgage LLC d/b/a Mr. Cooper
Dirección del Acreedor hipotecario:
Calle:                                            8950 Cypress Waters Blvd.
Ciudad, estado y código postal:                   Dallas, TX 75019

Representante autorizado del Acreedor hipotecario: Mediation Department
Fecha de envío postal: 05/24/2018

Información de contacto del representante autorizado del Acreedor hipotecario:

Teléfono: 855-827-7638

Dirección de correo electrónico:  prmm@mrcooper.com

cc: Coordinador de Mediación: Rhode Island Housing



9314 7100 1170 0959 1876 74



# Additional Disclosures

## Mini Miranda

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

## Credit Reporting:

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report.  As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations.

## Servicemembers' Civil Relief Act:

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

## Company Loss Mitigation Options:

Mr. Cooper offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at 1-888-480-2432, Mr. Cooper, Monday through Thursday from  7 a.m. to 9 p.m. (CT), Friday from  7 a.m. to 6 p.m (CT) and Saturday from  8 a.m to 12 p.m. (CT).

9314 7100 1170 0959 1876 74



**EXHIBIT A-7**



Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

mr. **cooper**
CHANGING THE FACE OF HOME LOANS

N/L
5/30

6-5
6-14

RI: 9400921669187

EAD-1P3258

REF

CERTIFIED MAIL

RETURN RECEIPT REQUESTED

9314 7100 1170 0959 1676 81

20180524-160

"LEYA, DANIELLE"
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

NIXIE        815   DE 1270   0006/17/18

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

BC: 925899095955        *1669-00616-17-21

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

CERTIFIED MAIL

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X
Agent
Addressee

D. Is delivery address different from item 1?   Yes
If YES, enter delivery address below:   No

2. Article Number

9314 7100 1170 0959 1876 81

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   Yes

1. Article Addressed to:

"LEMA, DANIELLE"
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Official USPS use ONLY!

PS Form 3811, January 2005          Domestic Return Receipt

9314 7100 1170 0959 1876 81-160

Recyclable

WALM0266

**EXHIBIT A-8**



**SHECHTMAN
HALPERIN
SAVAGE, LLP**

*Attorneys At Law*
*A Limited Liability Partnership*

August 21, 2018

Danielle Lema
15 Ninth Street
East Providence, RI 02914

9414 8149 0113 5940 8660 50

Danielle Lema
c/o Attorney John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

9414 8149 0113 5940 8660 67

Danielle Lema
15 9th Street, Floor 3
East Providence, RI 02914

9414 8149 0113 5940 8663 57

RE:    15 Ninth Street, East Providence, RI 02914
Loan No.:   ██████████

Dear Sir or Madam:

This office represents Nationstar Mortgage, LLC dba Mr. Cooper in the above referenced matter. Enclosed, please find a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services.

Very truly yours,

Maggie Pitts-Dilley, Esq.

Enclosure

**1080 Main Street**
**Pawtucket, Rhode Island 02860**
*p* **401.272.1400**  *f* **401.272.1403**
**www.shslawfirm.com**

🐝 **FORM 34-27-3.1**

> **NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES**

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

RE: █████████

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost.** Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov.     The TDD number is 1-800-877-8339.

Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

> **HUD Approved Housing Counseling Agencies in Rhode Island** **may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListActio n=sea rch&searchstate=RI.  If you do not have internet access, call the toll- free number above and request a printed list.**

Mortgagee:  Nationstar Mortgage, LLC dba Mr. Cooper
Mortgagee Address: 350 Highland Drive, Lewisville, TX 75067
Mortgagee Authorized Representative: Maggie Pitts-Dilley, Esq.
Date Mailed:  August 21, 2018
Contact Information for Mortgagee Authorized Representative:
Telephone:   1-877-575-1400
Email:  RI-FC-Team@shslawfirm.com

🦞 **FORMULARIO 34-27-3.1**

> AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECAR10 A
> EJECUTAR  LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE
> SERVICIOS DE ORIENTACIÓN HIPOTECARIA

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

## AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ███████

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

## NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800-877-8339.

Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar

http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction
=se arch&searchstate=RI. Si usted no tiene acceso a internet,
llame a la línea de teléfono gratuita que aparece arriba para
solicitar una lista impresa.

Acreedor hipotecario: Nationstar Mortgage, LLC dba Mr. Cooper
Dirección del Acreedor hipotecario: 350 Highland Drive, Lewisville, TX
75067
Representante autorizado del Acreedor hipotecario: Maggie Pitts-Dilley, Esq.
Fecha de envio por correo: August 21, 2018
Información de contacto del representante autorizado del Acreedor hipotecario:
Teléfono: 1-877-575-1400
Correo electrónico: RI-FC-Team@shslawfirm.com

**EXHIBIT A-9**



**BROCK&SCOTT**
PLLC

**Consumer Hotline**
844-856-6646
**Phone:**
401-217-8701

1080 Main Street, Suite 200, Pawtucket, RI 02860
ConsumerContact@brockandscott.com
www.brockandscott.com

**Fax:**
401-217-8702

January 28, 2019

**<u>Via Certified Mail, Email and Regular Mail</u>**

Attorney John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

   RE: Property Address: 15 Ninth Street, East Providence, RI 02914
      B&S File No.:   18-16835 FC01

Dear Attorney Ennis:

  Please be advised that this office represents Mr. Cooper, servicer for Federal National Mortgage Association (the "Mortgagee"). Please be further advised that this letter and the enclosed documents are in response to your correspondence dated January 25, 2019 and received January 25, 2019, requesting verification of the debt.

  I am enclosing for you a copy of the note, the mortgage and assignments. These documents demonstrate the original and current holder of the debt. I am also enclosing the payment history, which shows all credits and debits to the account. If, after reviewing the payment history, you allege payments were not properly credited, please provide proof of said payments. An example of proof may be a check or bank statement etc.

  I am further enclosing for you a copy of the breach letter sent on April 10, 2018 to Danielle Lema. The breach letter includes the contractual requirements of the mortgage and is compliant with the *Martins* case. I am enclosing a copy of the 45-day Notice of Foreclosure Counseling notices sent August 21, 2018, pursuant to RIGL 34-27-3.1. At the times notices were sent, the holder of the mortgage was Nationstar Mortgage, LLC dba Mr. Cooper. The required notices were sent in the name of the holder at the time.

  I am further enclosing for you a copy of the 3.2 Mediation notices sent pursuant to RIGL 34-27-3.2, on May 24, 2018 to Danielle Lema at 15 9th Street, East Providence, RI 02914. I am enclosing a copy of the Certificate of Compliance with Mediation Requirement issued by Rhode Island Housing on July 30, 2018. In regards to the *Sisti v. Federal Housing Finance Agency* case, that case has not yet been adjudicated by the Court.

If you would like to discuss loss mitigation options, please contact Mr. Cooper as soon as possible. Please use the account number to expedite communication with the bank. Please be advised that only the bank can engage in loss mitigation or forbearance.

Since our office has provided a detailed explanation of the debt, in addition to documents pertaining to the origination of this loan, we are therefore proceeding with the foreclosure action.

Please feel free to contact me or this office with any questions or concerns.


Very truly yours,

Maggie Pitts-Dilley, Esq.

Enclosures

# ADJUSTABLE RATE NOTE
### (6-Month LIBOR Index - Rate Caps)
**(Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)**

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE
AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE
CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| September 28, 2005 | East Greenwich | Rhode Island |
|---|---|---|
| [Date] | [City] | [State] |

15 Ninth Street, East Providence, RI  02914
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.$ 261,800.00                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is American Brokers Conduit

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of
6.250 %. The interest rate I will pay will change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default
described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the first day of each month beginning on   November 1, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described below
that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on   October 1, 2035                        , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at ·   PO Box 660029, Dallas, TX 75266-0029

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S.$ 1,611.95                    . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.
The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section
4 of this Note.

DOC 1:319891                              APPL #

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index (Assumable   during Life of Loan) (First Business   Day
Lookback)  - Single  Family - Freddie  Mac UNIFORM INSTRUMENT

-815N (0406)        0x51 0404    Form 5520 3/04
VMP Mortgage Solutions (800)521-7291
Page 1 of 4                        Initials Dm

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may may change on the first day of  October,  2010  , and may change on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding  Two  and  One  Quarter percentage point(s) (  2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than  11.250  % or less than  2.250  %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  One  percentage point(s) (  1.000  %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than  11.250 %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

DOC #:319992

APPL #

Form 5520 3/04
Initials: DML

VMP-815N (0404)

Page 2 of 4

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     Fifteen   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

DOC #:319893       APPL # ▮▮▮▮▮▮

-815N (0404)      Page 3 of 4      Form 3520 3/04   Initials: ▮▮▮▮

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that the risk of a breach of any covenant or agreement in this Security Instrument is impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Danielle Lema_ _____ (Seal)  
Danielle Lema                -Borrower

_____ (Seal)  
                -Borrower

_____ (Seal)  
                -Borrower

_____ (Seal)  
                -Borrower

PAY TO THE ORDER OF

_____ (Seal)  
                -Borrower

_____ (Seal)  
                -Borrower

WITHOUT RECOURSE  
GE AMERICAN BROKERS CONDUIT

KARL GRISARD  
ASST. SECRETARY

_____ (Seal)  
                -Borrower

_____ (Seal)  
                -Borrower

*[Sign Original Only]*

DOC #:319894                APPL #:▮▮▮▮▮

VMP-815N (0406)                Page 4 of 4                Form 5520 3/04

009636     BK 2545 PG 243

Return To:
American Brokers Conduit
520 Broadhollow Road
Melville, NY 11747

CERTIFIED TRUE COPY

Prepared By:
Charlene Huard
300 Bedford Street
Entrance.D
Manchester, NH
03101

———————— [Space Above This Line For Recording Data] ————————

# MORTGAGE

MIN ▮▮▮▮▮▮▮▮▮

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated September 28, 2005 together with all Riders to this document.
(B) "Borrower" is Danielle Lema

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

DOC #:322411     APPL #:▮▮▮▮▮▮

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

-6A(RI) (0002)     Form 3040 1/01
Page 1 of 15    19031 9905.02    Initials DML
VMP MORTGAGE FORMS - (800)521-7291

BK 2545 PG 244

(D) "Lender" is  American Brokers Conduit

Lender is a Corporation
organized and existing under the laws of State of New York
Lender's address is  538 Broadhollow Road, Melville, NY  11747

(E) "Note" means the promissory note signed by Borrower and dated  September 28, 2005
The Note states that Borrower owes Lender  Two Hundred Sixty One Thousand Eight
Hundred and No/100                                                                           Dollars
(U.S. $ 261,800.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than     October 1, 2035 .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the
Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used

DOC  #:322412                    APPL #:                         Initials: DMI

-6A(RI) (0205)                    Page 2 of 15                                     Form 3040  1/01

BK 2545 PG 245

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, For this purpose, Borrower does hereby mortgage, grant and convey. to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the County                                                 of  Providence .                                           :

[Type of Recording Jurisdiction]                           [Name of Recording Jurisdiction]

See attached legal description

Parcel ID Number:  M 106 B1 27 P 6                     which currently has the address of
15 Ninth Street                                                                                    [Street]
East Providence                              [City] , Rhode Island      02914       [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

DOC  #:322413                          APPL #

-6A(RI) (0000).                          Page 3 of 15          Initials: DML          Form 3040  1/01

BK2545PG246

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

DOC #:322414                            APPL #

⑳-6A(RI) (0005)                         Page 4 of 13         Initials: DML         Form 3040   1/01

BK 2545 PG 247

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

DOC #:322415      APPL #

-6A(RI) (0005)      Page 5 of 15      Initials: DM      Form 3040  1/01

BK 2545 PG 248

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

DOC  #:322416                          APPL #: ▮▮▮▮▮▮          Initials: OML

⊕-6A(RI) (0005)                        Page 6 of 15                          Form 3040  1/01

BK 2545 PG 249

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its

BK 2545 PG 250

secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

DOC #:322418     APPL #: ▮▮▮▮▮▮

⬤⬤-6A(RI) (0005)     Page 8 of 15     Initials: DML     Form 3040  1/01

BK 2545 PG 251

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or

DOC #:322419                    APPL #:

-6A(RI) (0005)                   Page 9 of 13          Initials: DML          Form 3040  1/01

BK 2545 PG 252

any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but

DOC #:322420                APP. #:▉▉▉

▉▉▉ -6A(RI) (▉▉▉)         Page 10 of 15        Initials: DML        Form 3040  1/01

BK 2545 PG 253

such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

DOC  #:322421                       APPL #                      Initials: DML

-6A(RI) (0006)                      Page 11 of 13                      Form 3040  1/01

BK 2545 PG 254

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

DOC #:322422                    APPL. #                          Initials: DML

-6A(RI) (0008)                  Page 12 of 13                     Form 3040  1/01

BK 2545 PG 255

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15, Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. No Outstanding Automatic Orders in Domestic Relations Cases. Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party, that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

25. Homestead Estate. If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

BK 2545 PG 256

**26. Loan Fees.** Borrower has paid the following brokerage fees, loan fees, points, finder's fees, origination fees or similar charges in connection with the loans secured by this Security Instrument:

| | |
|---|---|
| Origination - Discount Fees (points) | $ _____ |
| Application Fees | $ _____ |
| Closing Preparation Fees | $ 435.50 |
| | $ _____ |
| | $ _____ |

As provided in Rhode Island General Laws Section 34-23-6, none of these fees will be refunded in the event the loan is prepaid in whole or in part.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____   _____ (Seal)
                                     Danielle Lema                  -Borrower

_____   _____ (Seal)
                                                                     -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                 -Borrower

* Signs as "Borrower" solely for the purpose of waiving homestead rights.

DOC #:322424          APPL #: ▮▮▮▮▮▮▮

6A(RI) (0000)                    Page 14 of 15              Form 3040 1/01

BK 2545 PG 257

**STATE OF RHODE ISLAND,** County ss: Providence

On this 28th day of September, 2005, in East Providence, RI in said County, before me personally appeared Danielle Lema

each and all to me known, and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

Notary Public

Glen A Conlon
Comm exp 9/19/09

DOC #1322425          APPL #: ▮▮▮▮▮▮

-6A(RI) (0005)          Page 13 of 15          Initials: DML          Form 3040 1/01

BK 2545 PG 258

**EXHIBIT A**

That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of Sixth Street in the City of East Providence, County of Providence, State of Rhode Island, laid out and designated as Lot Numbered 264 (two hundred forty-four) and the southerly line (8') feet in width by the entire depth of Lot Numbered 265 (two hundred forty-five) on that plat or land entitled "Plat or Lots of certain estates to Messrs. Warren Bros. & Co. ... in said City of East Providence in Plat Book 6).

BK 2545 PG 259

# ADJUSTABLE RATE RIDER
### (6-Month LIBOR Index - Rate Caps)
(Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)

THIS ADJUSTABLE RATE RIDER is made this 28th       day of       September, 2005
and is incorporated   into and shall be deemed   to amend   and supplement , the Mortgage,
Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned   (the "Borrower") to secure the Borrower's Adjustable   Rate Note (the "Note") to
American Brokers Conduit

(the "Lender") of the same   date and covering   the property   described   in the Security
Instrument and located at:
15 Ninth Street, East Providence, RI   02914

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY
ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants   and agreements   made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides   for an initial interest rate of                     6.250   %. The Note
provides for changes in the interest rate and the monthly payments, as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A) Change   Dates
The interest   rate I will pay may change   on the first day of   October, 2010
and may change   on that day every   sixth month thereafter.   Each date   on which my interest
rate could change is called a "Change Date."

DOC #:319901                   APPL #: ▮▮▮▮▮
MULTISTATE  ADJUSTABLE   RATE RIDER 6-Month  LIBOR Index (Assumable   during
Life of Loan) (First Business   Day Lookback)   - Single Family - Freddie Mac UNIFORM
INSTRUMENT      UM51 0404
VMP-815R  (0404)   Form 5120 3/04
Page 1 of 4           Initials: DM
VMP Mortgage Solutions
(800)521-7291

BK 2545 PG 260

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding    Two and One Quarter
percentage point(s) (                     2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than    11.250 % or less than                2.250 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than
One                         percentage point(s) (            1.000 %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than          11.250 %.

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

DOC #:319902              APPL #

-815R (0404)                    Page 2 of 4              Initials: DML              Form 5120 3/04

BK 2545 PG 261

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

DOC #:319903          APPL #: ▉▉▉▉▉▉

VMP-815R (0404)          Page 3 of 4          Initials: DML          Form 5120 3/04

BK2545PG262

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
Danielle Lema                   -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

DOC #:319904          APPL #: ███████████

-815R (0404)                    Page 4 of 4                    Form 5120 3/04

BK 2545 PG 263

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this    28th       day of  September, 2005    ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to  American Brokers Conduit

(the
"Lender") of the same date and covering the Property described in the Security Instrument and located at:
15 Ninth Street, East Providence, RI  02914

[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to
the Property described in the Security Instrument, the following items now or hereafter attached to the
Property to the extent they are fixtures are added to the Property description, and shall also constitute the
Property covered by the Security Instrument: building materials, appliances and goods of every nature
whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property,
including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity,
gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus,
plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals,
washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods,
attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and
additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument.
All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if
the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument
as the "Property."

DOC #:319831                     APPL #:
MULTISTATE 1-4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: _DML_

UM31  0008              Page 1 of 4                        Form 3170 1/01
57R (0008)          VMP MORTGAGE FORMS - (800)521-7291

BK2545 PG264

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii)

DOC #:319832                    APPL #:▓▓▓▓▓▓

BK2545PG265

Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

DOC #:319833          APPL #:▮▮▮▮▮▮

BK 2545 PG 266

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Danielle Lema_____ (Seal)
Danielle Lema                           -Borrower

_____ (Seal)
                                        -Borrower

_____ (Seal)         _____ (Seal)
                                        -Borrower                                        -Borrower

_____ (Seal)         _____ (Seal)
                                        -Borrower                                        -Borrower

_____ (Seal)         _____ (Seal)
                                        -Borrower                                        -Borrower

DOC #:319834          APPL #: ███████         Form 3170 1/01
C3180-57R (0008)          Page 4 of 4

2005 SEP 28  AM 10: 32
EAST PROVIDENCE R.I.
DANA L. TOY
CITY CLERK

R.C.R.

DOC # 00001349

Recording Requested By:
AURORA LOAN SERVICES

When Recorded Return To:

Rhonda Gall
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

Bk: 3044 Pg: 195

## CORPORATE ASSIGNMENT OF MORTGAGE

East Providence City, Rhode Island
SELLER'S SERVICING      "LEMA"
OLD SERVICING #: ▮

MERS #: ▮           VRU #: 1-888-679-6377

Date of Assignment: February 27th, 2009
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. at 3300 S.W. 34TH AVENUE, SUITE 101, OCALA, FL 34474
Assignee: FEDERAL NATIONAL MORTGAGE ASSOCIATION at 3900 WISCONSIN AVENUE NW, WASHINGTON, DC 20019 2899

Executed By: DANIELLE LEMA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR AMERICAN BROKERS CONDUIT
Date of Mortgage: 09/28/2005 Recorded: 09/28/2005 In Book/Reel/Liber: 2545 Page/Folio: 243 as Instrument No.: 009636 In East Providence City, Rhode Island

Assessor's/Tax ID No. 49972021

Property Address: 15 NINTH STREET, EAST PROVIDENCE, RI 02914

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $261,800.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On February 27th, 2009

By: _____
JOANN REIN, Vice-President

STATE OF Nebraska
COUNTY OF Scotts Bluff

On February 27th, 2009, before me, LINDA D. PARKS, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared JOANN REIN, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
LINDA D. PARKS
Notary Expires: 11/14/2011

GENERAL NOTARY - STATE OF NEBRASKA
LINDA D. PARKS
My Comm. Exp. 11/14/2011

(This area for notarial seal)

*RRG*RRGALSI*02/27/2009 10:22:37 AM* ALS/01ALSIA00000000000000549074* RI_EPRO* 0118240241 RISTATE_MORT_ASSIGN_ASSN *RRGALSI*

RECORDED
2009 Mar 13 09:23:41A
EAST PROVIDENCE, R.I.
KIM A. CASCI
CITY CLERK

DOC: 00000510

BK: 3869 PG: 45

RECORDED
2017 Jan 26 09:22A
EAST PROVIDENCE, R.I.
KIM A. CASCI-PALANGIO
CITY CLERK



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **FEDERAL NATIONAL MORTGAGE ASSOCIATION, WHOSE ADDRESS IS C/O NATIONSTAR MORTGAGE LLC, 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019,** (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS NATIONSTAR MORTGAGE LLC, 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019 (816)854-4202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 09/28/2005, made by **DANIELLE LEMA** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT, ITS SUCCESSORS AND ASSIGNS, and recorded in the Land Evidence Records in the Town of **EAST PROVIDENCE**, State of Rhode Island, in **Book 2545, Page 243 and Doc # 009636.**

Property is commonly known as: 15 NINTH STREET, EAST PROVIDENCE, RI 02914.

IN WITNESS WHEREOF, FEDERAL NATIONAL MORTGAGE ASSOCIATION, by NATIONSTAR MORTGAGE LLC, its Attorney-in-Fact has hereunto set its hand on __11 / 3__ /2016 (MM/DD/YYYY).

By: _____
Kristopher Sandberg
**Vice President of Loan Documentation**
All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and delivered in the presence of:

_____
Rebecca Pascarella    Witness

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on __11 3__ /2016 (MM/DD/YYYY), by Kristopher Sandberg as Vice President of Loan Documentation of NATIONSTAR MORTGAGE LLC as Attorney-in-Fact for FEDERAL NATIONAL MORTGAGE ASSOCIATION, who, as such Vice President of Loan Documentation being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Cynthia Albano
Notary Public - State of FLORIDA
Commission expires: 08/01/2020

CYNTHIA ALBANO
Notary Public - State of Florida
My Comm. Expires August 1, 2020
Commission # GG001222

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To:
Nationstar Mortgage LLC
C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North
Palm Harbor, FL 34683

NSBTA 396034691 FNMA NPL PRE-SALE   DOCR T011611-06:40:54 [C-1] FRMRI1

*D0019424438*

When Recorded Return To:
DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019



## CORPORATE ASSIGNMENT OF MORTGAGE

East Providence City, Rhode Island
SELLER'S SERVICING #: ▓▓▓▓ "LEMA"

Date of Assignment: September 18th, 2018
Assignor: NATIONSTAR MORTGAGE LLC A DELAWARE LIMITED LIABILITY COMPANY at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: FEDERAL NATIONAL MORTGAGE ASSOCIATION at 14221 DALLAS PARKWAY, SUITE 1000, DALLAS, TX 75254

Executed By: DANIELLE LEMA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN BROKERS CONDUIT
Date of Mortgage: 09/28/2005 Recorded: 09/28/2005 in Book/Reel/Liber: 2545 Page/Folio: 243 as Instrument No.: 009636 In East Providence City, State of Rhode Island.

Property Address: 15 NINTH STREET, EAST PROVIDENCE, RI 02914

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $261,800.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

NATIONSTAR MORTGAGE LLC A DELAWARE LIMITED LIABILITY COMPANY
On September 18th, 2018

By: _____
MOHAMED HAMEED, Vice-President

STATE OF Texas
COUNTY OF Dallas

On September 18th, 2018, before me, COLLEEN BARNETT, a Notary Public in and for Dallas in the State of Texas, personally appeared MOHAMED HAMEED, Vice-President, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
COLLEEN BARNETT
Notary Expires: 11/30/2019 #130453613

```
COLLEEN BARNETT
Notary Public, State of Texas
Comm. Expires 11-30-2019
Notary ID 130453613
```

(This area for notarial seal)

```
***************************************************************************************************************************
bde_01_base_loan.sql
***************************************************************************************************************************

AURORA_BANK_LOAN_NUMBER NATIONSTAR_LOAN_NUMBER SERVICING_SOLD_ID SERVICING_SOLD_DATE PAYMENT_IN_FULL_STOP_CODE MORTGAGOR_NAME
----------------------- ---------------------- ----------------- ------------------- ------------------------- --------------
                                               NSPRIV            07/02/2012          3                         LEMA DANIELLE

 1 record(s) selected.


***************************************************************************************************************************
bde_02_payment_transaction.sql
***************************************************************************************************************************

LOAN_NUMBER   PMT_TRANSACTION_DATE PMT_EFFECTIVE_DATE PMT_DUE_DATE PMT_SEQUENCE_NUMBER PMT_TRANSACTION_CODE DESCRIPTION          TYPE
-----------   -------------------- ----------------- ------------ ------------------- -------------------- -----------          ----
              01/09/2006           -                 01/01/2006                    1. 170               Payment             Payment
              01/13/2006           01/03/2006         01/01/2006                    1. 173               Payment             Payment
              01/17/2006           01/13/2006         01/01/2006                    1. 173               Payment             Payment
              01/17/2006           -                 02/01/2006                    2. 173               Payment             Payment
              02/09/2006           02/09/2006         02/01/2006                    1. 172               Payment MPL         Payment
              03/06/2006           03/06/2006         03/01/2006                    1. 172               Payment MPL         Payment
              03/06/2006           03/06/2006         04/01/2006                    2. 175               Prin Curtlmnt       Payment
              04/06/2006           04/06/2006         04/01/2006                    1. 172               Payment MPL         Payment
              05/05/2006           05/05/2006         05/01/2006                    1. 172               Payment MPL         Payment
              06/08/2006           06/08/2006         06/01/2006                    1. 172               Payment MPL         Payment
              07/11/2006           07/11/2006         07/01/2006                    1. 172               Payment MPL         Payment
              08/07/2006           08/07/2006         08/01/2006                    1. 172               Payment MPL         Payment
              09/11/2006           09/11/2006         09/01/2006                    1. 172               Payment MPL         Payment
              10/11/2006           10/11/2006         10/01/2006                    1. 172               Payment MPL         Payment
              11/14/2006           11/14/2006         11/01/2006                    1. 172               Payment MPL         Payment
              12/11/2006           12/11/2006         12/01/2006                    1. 172               Payment MPL         Payment
              01/12/2007           01/12/2007         01/01/2007                    1. 172               Payment MPL         Payment
              02/08/2007           02/07/2007         02/01/2007                    1. 172               Payment MPL         Payment
              03/09/2007           03/08/2007         03/01/2007                    1. 172               Payment MPL         Payment
              04/04/2007           04/03/2007         04/01/2007                    1. 172               Payment MPL         Payment
              05/07/2007           05/04/2007         05/01/2007                    1. 172               Payment MPL         Payment
              06/11/2007           06/09/2007         06/01/2007                    1. 172               Payment MPL         Payment
              07/10/2007           07/09/2007         07/01/2007                    1. 172               Payment MPL         Payment
              08/10/2007           08/09/2007         08/01/2007                    1. 172               Payment MPL         Payment
              09/10/2007           09/08/2007         09/01/2007                    1. 172               Payment MPL         Payment
              10/08/2007           10/08/2007         10/01/2007                    1. 172               Payment MPL         Payment
              11/06/2007           11/05/2007         11/01/2007                    1. 172               Payment MPL         Payment
              12/07/2007           12/06/2007         12/01/2007                    1. 172               Payment MPL         Payment
              01/11/2008           01/11/2008         01/01/2008                    1. 172               Payment MPL         Payment
              02/08/2008           02/08/2008         02/01/2008                    1. 173               Payment             Payment
              03/07/2008           03/07/2008         03/01/2008                    1. 172               Payment MPL         Payment
              04/07/2008           04/07/2008         04/01/2008                    1. 172               Payment MPL         Payment
              05/15/2008           05/15/2008         05/01/2008                    1. 173               Payment             Payment
              06/16/2008           06/16/2008         06/01/2008                    1. 173               Payment             Payment
              07/15/2008           07/15/2008         07/01/2008                    1. 173               Payment             Payment
              08/18/2008           08/18/2008         08/01/2008                    1. 173               Payment             Payment
              09/16/2008           09/16/2008         09/01/2008                    1. 173               Payment             Payment
              06/09/2009           06/05/2009         10/01/2008                    1. 173               Payment             Payment
              07/14/2009           07/13/2009         11/01/2008                    1. 173               Payment             Payment
              08/18/2009           08/17/2009         12/01/2008                    1. 173               Payment             Payment
              09/16/2009           09/14/2009         01/01/2009                    1. 173               Payment             Payment
              10/07/2009           10/07/2009         02/01/2009                    1. 173               Payment             Payment
              11/06/2009           11/06/2009         02/01/2009                    1. 173               Payment             Payment
              11/09/2009           11/09/2009         02/01/2009                    1. 173               Payment             Payment
              12/14/2009           12/14/2009         03/01/2009                    1. 173               Payment             Payment
              12/15/2009           12/15/2009         03/01/2009                    1. 173               Payment             Payment
              01/15/2010           01/15/2010         04/01/2009                    1. 173               Payment             Payment
              01/19/2010           01/19/2010         04/01/2009                    1. 173               Payment             Payment
              02/05/2010           02/05/2010         05/01/2009                    1. 173               Payment             Payment
              02/08/2010           -                 05/01/2009                    1. 173               Payment             Payment
              02/16/2010           02/16/2010         05/01/2009                    1. 173               Payment             Payment
              02/17/2010           02/17/2010         05/01/2009                    1. 173               Payment             Payment
              03/15/2010           03/15/2010         06/01/2009                    1. 173               Payment             Payment
              03/16/2010           03/16/2010         06/01/2009                    1. 173               Payment             Payment
              04/12/2010           04/12/2010         07/01/2009                    1. 173               Payment             Payment
              04/13/2010           04/13/2010         07/01/2009                    1. 173               Payment             Payment
              05/14/2010           05/14/2010         08/01/2009                    1. 173               Payment             Payment
              05/17/2010           05/17/2010         08/01/2009                    1. 173               Payment             Payment
              05/24/2010           -                 08/01/2009                    1. 147               Misapp Rvrsl        Payment
              05/25/2010           -                 03/01/2010                    1. 170               Payment             Payment
              05/26/2010           -                 03/01/2010                    1. 147               Misapp Rvrsl        Payment
              05/26/2010           05/17/2010         03/01/2010                    2. 173               Payment             Payment
              05/26/2010           -                 03/01/2010                    3. 173               Payment             Payment
              05/27/2010           -                 03/01/2010                    1. 147               Misapp Rvrsl        Payment
              05/28/2010           -                 03/01/2010                    1. 183               Partial Settlement  Payment
              05/28/2010           -                 03/01/2010                    2. 183               Partial Settlement  Payment
              05/28/2010           -                 03/01/2010                    3. 183               Partial Settlement  Payment
              06/01/2010           05/17/2010         03/01/2010                    1. 173               Payment             Payment
              06/01/2010           -                 03/01/2010                    2. 173               Payment             Payment
              06/03/2010           -                 04/01/2010                    1. 173               Payment             Payment
              06/07/2010           06/07/2010         04/01/2010                    1. 173               Payment             Payment
              06/11/2010           06/11/2010         04/01/2010                    1. 173               Payment             Payment
              06/11/2010           -                 04/01/2010                    2. 173               Payment             Payment
              07/16/2010           07/16/2010         05/01/2010                    1. 173               Payment             Payment
              07/19/2010           07/19/2010         05/01/2010                    1. 173               Payment             Payment
              07/19/2010           -                 05/01/2010                    2. 173               Payment             Payment
              08/05/2010           08/05/2010         06/01/2010                    1. 173               Payment             Payment
              08/05/2010           08/05/2010         06/01/2010                    2. 173               Payment             Payment
              08/09/2010           08/04/2010         06/01/2010                    1. 173               Payment             Payment
              08/13/2010           08/13/2010         06/01/2010                    1. 173               Payment             Payment
              08/13/2010           -                 06/01/2010                    2. 173               Payment             Payment
              08/18/2010           08/18/2010         07/01/2010                    1. 170               Payment             Payment
              08/19/2010           -                 07/01/2010                    1. 173               Payment             Payment
```

| | | | | | |
|---|---|---|---|---|---|
| 09/16/2010 | 09/16/2010 | 07/01/2010 | 1. 173 | Payment | Payment |
| 09/16/2010 | -- | 07/01/2010 | 2. 173 | Payment | Payment |
| 09/17/2010 | 09/17/2010 | 08/01/2010 | 1. 173 | Payment | Payment |
| 09/17/2010 | -- | 08/01/2010 | 2. 173 | Payment | Payment |
| 10/06/2010 | 10/06/2010 | 09/01/2010 | 1. 173 | Payment | Payment |
| 10/15/2010 | 10/15/2010 | 09/01/2010 | 1. 173 | Payment | Payment |
| 10/15/2010 | -- | 09/01/2010 | 2. 173 | Payment | Payment |
| 11/12/2010 | 11/12/2010 | 10/01/2010 | 1. 173 | Payment | Payment |
| 11/12/2010 | -- | 10/01/2010 | 2. 173 | Payment | Payment |
| 11/19/2010 | -- | 11/01/2010 | 1. 175 | Prin Curtlmnt | Payment |
| 12/09/2010 | 12/09/2010 | 11/01/2010 | 1. 173 | Payment | Payment |
| 12/09/2010 | -- | 11/01/2010 | 2. 173 | Payment | Payment |
| 12/23/2010 | 12/23/2010 | 12/01/2010 | 1. 173 | Payment | Payment |
| 01/14/2011 | 01/14/2011 | 12/01/2010 | 1. 173 | Payment | Payment |
| 01/14/2011 | -- | 12/01/2010 | 2. 173 | Payment | Payment |
| 02/03/2011 | 02/03/2011 | 01/01/2011 | 1. 173 | Payment | Payment |
| 02/23/2011 | 02/23/2011 | 01/01/2011 | 1. 173 | Payment | Payment |
| 02/23/2011 | -- | 01/01/2011 | 2. 173 | Payment | Payment |
| 03/28/2011 | 03/28/2011 | 02/01/2011 | 1. 173 | Payment | Payment |
| 03/28/2011 | -- | 02/01/2011 | 2. 173 | Payment | Payment |
| 03/30/2011 | 03/30/2011 | 03/01/2011 | 1. 173 | Payment | Payment |
| 05/02/2011 | 05/02/2011 | 03/01/2011 | 1. 173 | Payment | Payment |
| 05/02/2011 | -- | 03/01/2011 | 2. 173 | Payment | Payment |
| 05/02/2011 | 05/02/2011 | 04/01/2011 | 3. 173 | Payment | Payment |
| 05/31/2011 | 05/31/2011 | 04/01/2011 | 1. 173 | Payment | Payment |
| 05/31/2011 | -- | 04/01/2011 | 2. 173 | Payment | Payment |
| 06/03/2011 | 06/03/2011 | 05/01/2011 | 1. 173 | Payment | Payment |
| 06/29/2011 | 06/29/2011 | 05/01/2011 | 1. 173 | Payment | Payment |
| 06/29/2011 | -- | 05/01/2011 | 2. 173 | Payment | Payment |
| 09/30/2011 | 09/30/2011 | 06/01/2011 | 1. 173 | Payment | Payment |
| 10/04/2011 | 10/03/2011 | 06/01/2011 | 1. 173 | Payment | Payment |
| 10/04/2011 | -- | 06/01/2011 | 2. 173 | Payment | Payment |
| 10/28/2011 | 10/28/2011 | 07/01/2011 | 1. 173 | Payment | Payment |
| 12/22/2011 | 12/22/2011 | 07/01/2011 | 1. 173 | Payment | Payment |
| 02/06/2012 | 02/03/2012 | 07/01/2011 | 1. 173 | Payment | Payment |
| 02/07/2012 | 02/07/2012 | 07/01/2011 | 1. 173 | Payment | Payment |
| 02/07/2012 | -- | 07/01/2011 | 2. 173 | Payment | Payment |
| 02/24/2012 | 02/24/2012 | 08/01/2011 | 1. 173 | Payment | Payment |
| 04/04/2012 | 04/04/2012 | 08/01/2011 | 1. 173 | Payment | Payment |
| 04/05/2012 | 04/05/2012 | 08/01/2011 | 1. 173 | Payment | Payment |
| 04/05/2012 | -- | 08/01/2011 | 2. 173 | Payment | Payment |
| 04/23/2012 | 04/23/2012 | 09/01/2011 | 1. 173 | Payment | Payment |
| 06/13/2012 | 06/13/2012 | 09/01/2011 | 1. 173 | Payment | Payment |
| 06/19/2012 | 06/18/2012 | 09/01/2011 | 1. 173 | Payment | Payment |
| 06/19/2012 | -- | 09/01/2011 | 2. 173 | Payment | Payment |
| 06/22/2012 | 06/22/2012 | 10/01/2011 | 1. 173 | Payment | Payment |
| 06/22/2012 | -- | 10/01/2011 | 2. 173 | Payment | Payment |

130 record(s) selected.

```
****************************************************************************************************
bde_03_corporate_advance_transaction.sql
****************************************************************************************************
```

| LOAN NUMBER | CA_HIST_TRANSACTION_DATE | CA_HIST_TRANSACTION_CODE | DESCRIPTION | TYPE | CA_HIST_TRAN_SEQUENCE_NUMBER | CA_HIST_ADVANCE |
|---|---|---|---|---|---|---|
| | 12/02/2008 | 631 | Corp Adv | Corp Adv | 03 | |
| | 01/02/2009 | 631 | Corp Adv | Corp Adv | 03 | |
| | 02/19/2009 | 631 | Corp Adv | Corp Adv | 03 | |
| | 03/09/2009 | 631 | Corp Adv | Corp Adv | 03 | |
| | 04/02/2009 | 631 | Corp Adv | Corp Adv | 03 | |
| | 05/08/2009 | 631 | Corp Adv | Corp Adv | 03 | |
| | 07/31/2009 | 632 | Corp Adv | Corp Adv | - | |
| | 07/31/2009 | 632 | Corp Adv | Corp Adv | - | |
| | 07/31/2009 | 630 | Corp Adv | Corp Adv | - | |
| | 08/14/2009 | 633 | Corp Adv | Corp Adv | - | |
| | 01/07/2010 | 630 | Corp Adv | Corp Adv | 90 | |
| | 02/08/2010 | 711 | Corp Adv Repay | Corp Adv | - | |
| | 02/23/2010 | 630 | Corp Adv | Corp Adv | 90 | |
| | 02/26/2010 | 630 | Corp Adv | Corp Adv | 90 | |
| | 08/05/2010 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 08/13/2010 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 08/13/2010 | 745 | Corp Adv Repay | Corp Adv | - | - |
| | 08/18/2010 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 05/02/2011 | 631 | Corp Adv | Corp Adv | 03 | |
| | 06/03/2011 | 631 | Corp Adv | Corp Adv | 03 | |
| | 07/01/2011 | 631 | Corp Adv | Corp Adv | 03 | |
| | 09/14/2011 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 09/14/2011 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 09/15/2011 | 631 | Corp Adv | Corp Adv | 03 | |
| | 01/10/2012 | 630 | Corp Adv | Corp Adv | - | |
| | 05/23/2012 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 05/23/2012 | 745 | Corp Adv Repay | Corp Adv | - | |
| | 07/03/2012 | 745 | Corp Adv Repay | Corp Adv | - | - |
| | 07/03/2012 | 745 | Corp Adv Repay | Corp Adv | - | |

30 record(s) selected.

```
****************************************************************************************************
bde_04_escrow_disbursement_transaction.sql
****************************************************************************************************
```

| LOAN NUMBER | DSB_TRANSACTION_DATE | DSB_SEQUENCE_NUMBER | DSB_TRANSACTION_CODE | DESCRIPTION | TYPE | DSB_AMOUNT | DSB_PAYEE_ID | DSB_D |
|---|---|---|---|---|---|---|---|---|
| | 06/12/2006 | 1. 313 | | State Tax | Escrow | -3374.51 | 380070005 | 06/01 |
| | 09/15/2006 | 1. 351 | | Haz Ins | Escrow | -1847.00 | 6BALB | 09/01 |
| | 11/10/2006 | 1. 307 | | Escr to Mortgr | Escrow | -578.05 | - | - |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/30/2006 | 1. 160 | Int on Escr Dep | Escrow | 107.21 – | | 01/01 |
| 06/08/2007 | 1. 313 | State Tax | Escrow | -4297.38 380070005 | | 06/01 |
| 09/19/2007 | 1. 351 | Haz Ins | Escrow | -1847.00 71093 | | 09/01 |
| 12/31/2007 | 1. 160 | Int on Escr Dep | Escrow | 83.31 – | | 01/01 |
| 06/12/2008 | 1. 313 | State Tax | Escrow | -4446.49 380070005 | | 06/01 |
| 09/16/2008 | 1. 351 | Haz Ins | Escrow | -2034.00 71093 | | 09/01 |
| 12/31/2008 | 1. 160 | Int on Escr Dep | Escrow | 65.81 – | | 10/01 |
| 06/05/2009 | 1. 313 | State Tax | Escrow | -4601.56 380070005 | | 06/01 |
| 06/05/2009 | 2. 161 | Esc Adv | Escrow | 4064.49 – | | 06/01 |
| 06/09/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -612.05 – | | 10/01 |
| 07/14/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -612.05 – | | 11/01 |
| 08/18/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -612.05 – | | 12/01 |
| 09/16/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 01/01 |
| 09/16/2009 | 2. 351 | Haz Ins | Escrow | -2085.00 71093 | | 01/01 |
| 09/16/2009 | 3. 161 | Esc Adv | Escrow | 2085.00 – | | 02/01 |
| 11/09/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 02/01 |
| 12/15/2009 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 03/01 |
| 12/31/2009 | 1. 160 | Int on Escr Dep | Escrow | 0.55 – | | 04/01 |
| 01/04/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -0.55 – | | 04/01 |
| 01/19/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 04/01 |
| 02/08/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -0.02 – | | 05/01 |
| 02/17/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 05/01 |
| 03/16/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 06/01 |
| 04/13/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -572.77 – | | 07/01 |
| 05/17/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -303.38 – | | 08/01 |
| 05/24/2010 | 1. 161 | Esc Adv | Escrow | 303.38 – | | 08/01 |
| 05/26/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -303.38 – | | 03/01 |
| 05/27/2010 | 1. 161 | Esc Adv | Escrow | 303.38 – | | 03/01 |
| 06/01/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -303.38 – | | 03/01 |
| 06/07/2010 | 1. 313 | State Tax | Escrow | -4751.46 380070005 | | 06/01 |
| 06/07/2010 | 2. 161 | Esc Adv | Escrow | 4368.59 – | | 04/01 |
| 06/11/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -576.06 – | | 04/01 |
| 07/19/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -576.06 – | | 05/01 |
| 08/13/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -576.06 – | | 06/01 |
| 08/18/2010 | 1. 161 | Esc Adv | Escrow | 958.47 – | | 07/01 |
| 08/19/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -3598.88 – | | 07/01 |
| 09/08/2010 | 1. 351 | Haz Ins | Escrow | -2184.00 71093 | | 09/01 |
| 09/08/2010 | 2. 161 | Esc Adv | Escrow | 510.11 – | | 07/01 |
| 09/16/2010 | 1. 168 | Esc Adv Rfnd | Escrow | -510.11 – | | 07/01 |
| 11/17/2010 | 1. 307 | Escr to Mortgr | Escrow | -35.76 – | | – |
| 12/31/2010 | 1. 160 | Int on Escr Dep | Escrow | 1.23 – | | 12/01 |
| 05/31/2011 | 1. 313 | State Tax | Escrow | -4917.91 380070005 | | 06/01 |
| 09/09/2011 | 1. 351 | Haz Ins | Escrow | -3201.00 71093 | | 09/01 |
| 09/09/2011 | 2. 161 | Esc Adv | Escrow | 2319.29 – | | 06/01 |
| 10/04/2011 | 1. 168 | Esc Adv Rfnd | Escrow | -577.96 – | | 06/01 |
| 12/30/2011 | 1. 160 | Int on Escr Dep | Escrow | 10.56 – | | 07/01 |
| 01/03/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -10.56 – | | 07/01 |
| 02/07/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -577.96 – | | 07/01 |
| 04/05/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -577.96 – | | 08/01 |
| 06/13/2012 | 1. 313 | State Tax | Escrow | -5189.72 380070005 | | 06/01 |
| 06/13/2012 | 2. 161 | Esc Adv | Escrow | 5189.72 – | | 09/01 |
| 06/19/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -577.96 – | | 09/01 |
| 06/22/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -577.96 – | | 10/01 |
| 07/02/2012 | 1. 168 | Esc Adv Rfnd | Escrow | -4608.65 – | | 11/01 |

57 record(s) selected.

```
**************************************************************************************************
bde_05_non_cash_transaction.sql
**************************************************************************************************
```

| LOAN_NUMBER | NC_TRANSACTION_DATE | NC_SEQUENCE_NUMBER | NC_TRANSACTION_CODE | DESCRIPTION | TYPE | NC_AMOUNT | NC_PRINCIPAL_AMOUNT |
|---|---|---|---|---|---|---|---|
| | 01/09/2006 | 1. 142 | | Prin Balance Set-Up | Non-Cash | -261301.89 | -261301.89 |
| | 05/25/2010 | 1. 143 | | Bal Adj | Non-Cash | -34680.85 | -34680.85 |
| | 05/25/2010 | 2. 143 | | Bal Adj | Non-Cash | 18092.25 | 18092.25 |
| | 05/25/2010 | 3. 143 | | Bal Adj | Non-Cash | 0.00 | 0.00 |
| | 05/26/2010 | 1. 143 | | Bal Adj | Non-Cash | -18092.25 | -18092.25 |
| | 05/27/2010 | 1. 143 | | Bal Adj | Non-Cash | 34680.85 | 34680.85 |
| | 06/01/2010 | 1. 143 | | Bal Adj | Non-Cash | -34680.85 | -34680.85 |
| | 06/01/2010 | 2. 143 | | Bal Adj | Non-Cash | 18092.25 | 18092.25 |
| | 08/04/2010 | 1. 132 | | Late Charge Adj | Non-Cash | -322.40 | 0.00 |
| | 08/18/2010 | 1. 132 | | Late Charge Adj | Non-Cash | 644.82 | 0.00 |
| | 07/02/2012 | 1. 156 | | Serv Trnsfr | Non-Cash | 229521.43 | 224912.78 |
| | 07/02/2012 | 2. 156 | | Serv Trnsfr | Non-Cash | 32974.84 | 32974.84 |

12 record(s) selected.

```
**************************************************************************************************
bdes_01_month_end_balances.sql
**************************************************************************************************
```

| SNAPSHOT_DATE | LOAN_NUMBER | NEXT_PAYMENT_DUE_DATE | ANNUAL_INTEREST_RATE | ESCROW_BALANCE | ESCROW_EXPD_ADVANCE_BALANCE | RECOVER_CORP_ADVANCE_BA |
|---|---|---|---|---|---|---|
| 06/30/2012 | | 11/01/2011 | .0625000 | 0.00 | 4608.65 | |
| 06/15/2012 | | 09/01/2011 | .0625000 | 0.00 | 5764.57 | |
| 05/31/2012 | | 09/01/2011 | .0625000 | 0.00 | 574.85 | |
| 04/30/2012 | | 09/01/2011 | .0625000 | 0.00 | 574.85 | |
| 03/31/2012 | | 08/01/2011 | .0625000 | 0.00 | 1152.81 | |
| 02/29/2012 | | 08/01/2011 | .0625000 | 0.00 | 1152.81 | |
| 01/31/2012 | | 07/01/2011 | .0625000 | 0.00 | 1730.77 | |
| 12/31/2011 | | 07/01/2011 | .0625000 | 10.56 | 1741.33 | |
| 11/30/2011 | | 07/01/2011 | .0625000 | 0.00 | 1741.33 | |
| 10/31/2011 | | 07/01/2011 | .0625000 | 0.00 | 1741.33 | |
| 09/30/2011 | | 06/01/2011 | .0625000 | 0.00 | 2319.29 | |
| 08/31/2011 | | 06/01/2011 | .0625000 | 881.71 | 0.00 | |
| 07/31/2011 | | 06/01/2011 | .0625000 | 881.71 | 0.00 | |
| 06/30/2011 | | 06/01/2011 | .0625000 | 881.71 | 0.00 | |

| | | | | |
|---|---|---|---|---|
| 05/31/2011 | 05/01/2011 | .0625000 | 303.75 | 0.00 |
| 04/30/2011 | 03/01/2011 | .0625000 | 4065.74 | 0.00 |
| 03/31/2011 | 03/01/2011 | .0625000 | 4065.74 | 0.00 |
| 02/28/2011 | 02/01/2011 | .0625000 | 3487.78 | 0.00 |
| 01/31/2011 | 01/01/2011 | .0625000 | 291.72 | 0.00 |
| 12/31/2010 | 12/01/2010 | .0625000 | 2335.66 | 0.00 |
| 11/30/2010 | 11/01/2010 | .0625000 | 1758.37 | 0.00 |
| 10/31/2010 | 10/01/2010 | .0625000 | 1218.07 | 0.00 |
| 09/30/2010 | 09/01/2010 | .0625000 | 662.01 | 0.00 |
| 08/31/2010 | 07/01/2010 | .0625000 | 1673.89 | 0.00 |
| 07/31/2010 | 06/01/2010 | .0625000 | 0.00 | 3216.47 | 30 |
| 06/30/2010 | 05/01/2010 | .0625000 | 0.00 | 3792.53 | 30 |
| 05/31/2010 | 03/01/2010 | .0625000 | 0.00 | 303.38 | 30 |
| 04/30/2010 | 08/01/2009 | .0625000 | 0.00 | 303.38 | 30 |
| 03/31/2010 | 07/01/2009 | .0625000 | 0.00 | 876.15 | 30 |
| 02/28/2010 | 06/01/2009 | .0625000 | 0.00 | 1448.92 | 30 |
| 01/31/2010 | 05/01/2009 | .0625000 | 0.00 | 2021.71 | 9 |
| 12/31/2009 | 04/01/2009 | .0625000 | 0.55 | 2595.03 | 6 |
| 11/30/2009 | 03/01/2009 | .0625000 | 0.00 | 3167.80 | 6 |
| 10/31/2009 | 02/01/2009 | .0625000 | 0.00 | 3740.57 | 6 |
| 09/30/2009 | 02/01/2009 | .0625000 | 0.00 | 3740.57 | 6 |
| 08/31/2009 | 01/01/2009 | .0625000 | 0.00 | 2228.34 | 6 |
| 07/31/2009 | 12/01/2008 | .0625000 | 0.00 | 2840.39 | 6 |
| 06/30/2009 | 11/01/2008 | .0625000 | 0.00 | 3452.44 | 5 |
| 05/31/2009 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 04/30/2009 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 03/31/2009 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 02/28/2009 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 01/31/2009 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 12/31/2008 | 10/01/2008 | .0625000 | 537.07 | 0.00 |
| 11/30/2008 | 10/01/2008 | .0625000 | 471.26 | 0.00 |
| 10/31/2008 | 10/01/2008 | .0625000 | 471.26 | 0.00 |
| 09/30/2008 | 09/01/2008 | .0625000 | 471.26 | 0.00 |
| 08/31/2008 | 08/01/2008 | .0625000 | 1893.21 | 0.00 |
| 07/31/2008 | 08/01/2008 | .0625000 | 1281.16 | 0.00 |
| 06/30/2008 | 07/01/2008 | .0625000 | 669.11 | 0.00 |
| 05/31/2008 | 06/01/2008 | .0625000 | 4503.55 | 0.00 |
| 04/30/2008 | 05/01/2008 | .0625000 | 3891.50 | 0.00 |
| 03/31/2008 | 04/01/2008 | .0625000 | 3279.45 | 0.00 |
| 02/29/2008 | 03/01/2008 | .0625000 | 2667.40 | 0.00 |
| 01/31/2008 | 02/01/2008 | .0625000 | 2055.35 | 0.00 |
| 12/31/2007 | 01/01/2008 | .0625000 | 1443.30 | 0.00 |
| 11/30/2007 | 12/01/2007 | .0625000 | 924.86 | 0.00 |
| 10/31/2007 | 11/01/2007 | .0625000 | 489.73 | 0.00 |
| 09/30/2007 | 10/01/2007 | .0625000 | 54.60 | 0.00 |
| 08/31/2007 | 09/01/2007 | .0625000 | 1466.47 | 0.00 |
| 07/31/2007 | 08/01/2007 | .0625000 | 1031.34 | 0.00 |
| 06/30/2007 | 07/01/2007 | .0625000 | 596.21 | 0.00 |
| 05/31/2007 | 06/01/2007 | .0625000 | 4458.46 | 0.00 |
| 04/30/2007 | 05/01/2007 | .0625000 | 4023.33 | 0.00 |
| 03/31/2007 | 04/01/2007 | .0625000 | 3588.20 | 0.00 |
| 02/28/2007 | 03/01/2007 | .0625000 | 3153.07 | 0.00 |
| 01/31/2007 | 02/01/2007 | .0625000 | 2717.94 | 0.00 |
| 12/31/2006 | 01/01/2007 | .0625000 | 2282.81 | 0.00 |
| 11/30/2006 | 12/01/2006 | .0625000 | 1692.88 | 0.00 |
| 10/31/2006 | 11/01/2006 | .0625000 | 1788.21 | 0.00 |

70 record(s) selected.

```
P3641-45C            CUSTOMER ACCOUNT ACTIVITY STATEMENT        DATE 07/06/12
REQ BY NSPRIV                                                   PAGE 01


DANIELLE LEMA                  THIS TRANSACTION ACTIVITY STATEMENT IS BEING
15 9TH ST                      PROVIDED FOR INFORMATIONAL PURPOSES ONLY.
EAST PROVIDENCE      RI 02914




***************************************************************************
------------------------- CURRENT ACCOUNT INFORMATION ----------------------
                  DATE     TOTAL    PRINCIPAL    LOAN     CURRENT
                  PAYMENT  PAYMENT  & INTEREST  INTEREST  PRINCIPAL    ESCROW
  LOAN NUMBER     DUE      AMOUNT   PAYMENT      RATE      BALANCE     BALANCE
                  11-01-11  577.96    0.00     6.25000      0.00
***************************************************************************


                   ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
  PROCESS   DUE    TRANSACTION          TRANSACTION            EFFECTIVE DATE
  DATE      DATE   CODE                 DESCRIPTION            OF TRANSACTION
--------------------------------------------------------------------------
      TRANSACTION  PRIN PD/       ESCROW PD/ ------------OTHER-------------
        AMOUNT     BALANCE   INTEREST  BALANCE    AMOUNT  CODE/DESCRIPTION
--------------------------------------------------------------------------
  07-03-12  00-00  745  CORPORATE ADVANCE ADJUSTMENT
        8,523.77-    0.00      0.00     0.00
  07-03-12  00-00  745  CORPORATE ADVANCE ADJUSTMENT
          250.00-    0.00      0.00     0.00
  07-02-12  11-11  156  SERVICE RELEASED
          0.00  32,974.84      0.00     0.00
                   0.00                         NEW PRINCIPAL/ESCROW BALANCES
  07-02-12  11-11  156  SERVICE RELEASED
          0.00 224,912.78      0.00  4,608.65     833.86-  SUSPENSE
              32,974.84                  0.00  NEW PRINCIPAL/ESCROW BALANCES
  07-02-12  11-11  168  REPAY OF ESCROW ADVANCE
          0.00       0.00      0.00  4,608.65- 4,608.65   ADVANCE REFUND
  06-22-12  10-11  173  PAYMENT APPLICATION
          0.00       0.00      0.00     0.00
  06-22-12  10-11  168  REPAY OF ESCROW ADVANCE
          0.00       0.00      0.00    577.96-    577.96  ADVANCE REFUND
  06-22-12  10-11  173  PAYMENT APPLICATION
          0.00     325.35  1,173.12    577.96  2,076.43-  SUSPENSE
              257,887.62                4,608.65- NEW PRINCIPAL/ESCROW BALANCES
  06-19-12  09-11  173  PAYMENT APPLICATION
          0.00       0.00      0.00     0.00
  06-19-12  09-11  168  REPAY OF ESCROW ADVANCE
          0.00       0.00      0.00    577.96-    577.96  ADVANCE REFUND
  06-19-12  09-11  173  PAYMENT APPLICATION                         06-18-12
        3,000.00     323.67  1,174.80    577.96    923.57  SUSPENSE
              258,212.97                5,186.61- NEW PRINCIPAL/ESCROW BALANCES
  06-13-12  09-11  161  ESCROW ADVANCE
        5,189.72     0.00      0.00  5,189.72




P3641-45C            CUSTOMER ACCOUNT ACTIVITY STATEMENT        DATE 07/06/12
REQ BY NSPRIV                                                   PAGE 02
```

DANIELLE LEMA
LOAN NUMBER: █████████

```
                    ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
PROCESS     DUE    TRANSACTION              TRANSACTION              EFFECTIVE DATE
DATE        DATE   CODE                     DESCRIPTION              OF TRANSACTION
-------------------------------------------------------------------------------------

     TRANSACTION  PRIN PD/              ESCROW PD/ ------------OTHER-------------
       AMOUNT     BALANCE    INTEREST   BALANCE   AMOUNT   CODE/DESCRIPTION
-------------------------------------------------------------------------------------

06-13-12  06-12  313  CITY TAX
       5,189.72-      0.00      0.00  5,189.72-
                                              5,764.57-  NEW PRINCIPAL/ESCROW BALANCES
06-13-12  09-11  173  PAYMENT APPLICATION
         103.99       0.00      0.00      0.00    103.99  SUSPENSE
05-23-12  00-00  745  CORPORATE ADVANCE ADJUSTMENT
          15.00       0.00      0.00      0.00
05-23-12  00-00  745  CORPORATE ADVANCE ADJUSTMENT
          15.00-      0.00      0.00      0.00
04-23-12  09-11  173  PAYMENT APPLICATION
         800.54       0.00      0.00      0.00    800.54  SUSPENSE
04-05-12  08-11  173  PAYMENT APPLICATION
           0.00       0.00      0.00      0.00
04-05-12  08-11  168  REPAY OF ESCROW ADVANCE
           0.00       0.00      0.00    577.96-   577.96  ADVANCE REFUND
04-05-12  08-11  173  PAYMENT APPLICATION
           0.00     321.99  1,176.48    577.96  2,076.43- SUSPENSE
                 258,536.64                     574.85-  NEW PRINCIPAL/ESCROW BALANCES
04-04-12  08-11  173  PAYMENT APPLICATION
       1,200.00       0.00      0.00      0.00  1,200.00  SUSPENSE
02-24-12  08-11  173  PAYMENT APPLICATION
         181.33       0.00      0.00      0.00    181.33  SUSPENSE
02-07-12  07-11  173  PAYMENT APPLICATION
           0.00       0.00      0.00      0.00
02-07-12  07-11  168  REPAY OF ESCROW ADVANCE
           0.00       0.00      0.00    577.96-   577.96  ADVANCE REFUND
02-07-12  07-11  173  PAYMENT APPLICATION
           0.00     320.32  1,178.15    577.96  2,076.43- SUSPENSE
                 258,858.63                   1,152.81-  NEW PRINCIPAL/ESCROW BALANCES
02-06-12  07-11  173  PAYMENT APPLICATION                               02-03-12
       2,000.00       0.00      0.00      0.00  2,000.00  SUSPENSE
01-10-12  00-00  630  ATTORNEY ADVANCE DISBURSEMENT
         250.00       0.00      0.00      0.00
01-03-12  07-11  168  REPAY OF ESCROW ADVANCE
           0.00       0.00      0.00     10.56-    10.56  ADVANCE REFUND
12-30-11  07-11  160  INTEREST ON ESCROW
          10.56       0.00      0.00     10.56
                                              1,730.77-  NEW PRINCIPAL/ESCROW BALANCES
12-22-11  07-11  173  PAYMENT APPLICATION
         204.77       0.00      0.00      0.00    204.77  SUSPENSE
```

DANIELLE LEMA
LOAN NUMBER: █████████

```
                    ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
PROCESS    DUE    TRANSACTION          TRANSACTION              EFFECTIVE DATE
 DATE     DATE    CODE                 DESCRIPTION              OF TRANSACTION
-------------------------------------------------------------------------------
        TRANSACTION  PRIN PD/          ESCROW PD/ ------------OTHER-------------
          AMOUNT     BALANCE    INTEREST  BALANCE    AMOUNT  CODE/DESCRIPTION
-------------------------------------------------------------------------------
10-28-11  07-11  173  PAYMENT APPLICATION
          175.90        0.00      0.00     0.00    175.90   SUSPENSE
10-04-11  06-11  173  PAYMENT APPLICATION
            0.00        0.00      0.00     0.00
10-04-11  06-11  168  REPAY OF ESCROW ADVANCE
            0.00        0.00      0.00   577.96-   577.96   ADVANCE REFUND
10-04-11  06-11  173  PAYMENT APPLICATION                              10-03-11
        2,300.00      318.66  1,179.81   577.96    223.57   SUSPENSE
                   259,178.95            1,741.33-  NEW PRINCIPAL/ESCROW BALANCES
09-30-11  06-11  173  PAYMENT APPLICATION
          100.06        0.00      0.00     0.00    100.06   SUSPENSE
09-15-11  00-00  631  PROPERTY PRESERVATION DISBURSEMENT
           15.00        0.00      0.00     0.00
09-14-11  00-00  745  CORPORATE ADVANCE ADJUSTMENT
           45.00-       0.00      0.00     0.00
09-14-11  00-00  745  CORPORATE ADVANCE ADJUSTMENT
           45.00        0.00      0.00     0.00
09-09-11  06-11  161  ESCROW ADVANCE
        2,319.29        0.00      0.00  2,319.29
09-09-11  09-11  351  HAZARD INSURANCE DISBURSEMENT
        3,201.00-       0.00      0.00  3,201.00-
                                        2,319.29-  NEW PRINCIPAL/ESCROW BALANCES
07-01-11  00-00  631  PROPERTY PRESERVATION DISBURSEMENT
           15.00        0.00      0.00     0.00
06-29-11  05-11  173  PAYMENT APPLICATION
            0.00        0.00      0.00     0.00
06-29-11  05-11  173  PAYMENT APPLICATION
        2,076.43      317.01  1,181.46   577.96
                   259,497.61             881.71   NEW PRINCIPAL/ESCROW BALANCES
06-03-11  05-11  173  PAYMENT APPLICATION
          100.13        0.00      0.00     0.00    100.13   SUSPENSE
06-03-11  00-00  631  PROPERTY PRESERVATION DISBURSEMENT
           15.00        0.00      0.00     0.00
05-31-11  06-11  313  CITY TAX
        4,917.91-       0.00      0.00  4,917.91-
                                          303.75   NEW PRINCIPAL/ESCROW BALANCES
05-31-11  04-11  173  PAYMENT APPLICATION
            0.00        0.00      0.00     0.00
05-31-11  04-11  173  PAYMENT APPLICATION
        2,076.43      315.37  1,183.10   577.96
                   259,814.62           5,221.66   NEW PRINCIPAL/ESCROW BALANCES
```

```
P3641-45C          CUSTOMER ACCOUNT ACTIVITY STATEMENT          DATE 07/06/12
REQ BY NSPRIV                                                       PAGE 04

DANIELLE LEMA
LOAN NUMBER:

                    ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
PROCESS    DUE    TRANSACTION          TRANSACTION              EFFECTIVE DATE
```

```
DATE    DATE    CODE                     DESCRIPTION                OF TRANSACTION
--------------------------------------------------------------------------------
      TRANSACTION  PRIN PD/        ESCROW PD/ -------------OTHER-------------
        AMOUNT     BALANCE    INTEREST  BALANCE    AMOUNT  CODE/DESCRIPTION
--------------------------------------------------------------------------------
05-02-11  04-11  173  PAYMENT APPLICATION
          350.90       0.00      0.00     0.00    350.90   SUSPENSE
05-02-11  03-11  173  PAYMENT APPLICATION
            0.00       0.00      0.00     0.00
05-02-11  03-11  173  PAYMENT APPLICATION
        2,076.43     313.74  1,184.73   577.96
                  260,129.99            4,643.70   NEW PRINCIPAL/ESCROW BALANCES
05-02-11  00-00  631  PROPERTY PRESERVATION DISBURSEMENT
           15.00       0.00      0.00     0.00
03-30-11  03-11  173  PAYMENT APPLICATION
          176.32       0.00      0.00     0.00    176.32   SUSPENSE
03-28-11  02-11  173  PAYMENT APPLICATION
            0.00       0.00      0.00     0.00
03-28-11  02-11  173  PAYMENT APPLICATION
        2,076.43     312.11  1,186.36   577.96
                  260,443.73            4,065.74   NEW PRINCIPAL/ESCROW BALANCES
02-23-11  01-11  173  PAYMENT APPLICATION
            0.00       0.00      0.00     0.00
02-23-11  01-11  173  PAYMENT APPLICATION
        2,075.00     310.49  1,187.98   576.06      0.47   SUSPENSE
                  260,755.84            3,487.78   NEW PRINCIPAL/ESCROW BALANCES
02-03-11  01-11  173  PAYMENT APPLICATION
          203.74       0.00      0.00     0.00    203.74   SUSPENSE
01-14-11  12-10  173  PAYMENT APPLICATION
            0.00       0.00      0.00     0.00
01-14-11  12-10  173  PAYMENT APPLICATION
        2,075.00     308.88  1,189.59   576.06      0.47   SUSPENSE
                  261,066.33            2,911.72   NEW PRINCIPAL/ESCROW BALANCES
12-31-10  12-10  160  INTEREST ON ESCROW
            1.23       0.00      0.00     1.23
                                        2,335.66   NEW PRINCIPAL/ESCROW BALANCES
12-23-10  12-10  173  PAYMENT APPLICATION
          173.42       0.00      0.00     0.00    173.42   SUSPENSE
12-09-10  11-10  173  PAYMENT APPLICATION
            0.00       0.00      0.00     0.00
12-09-10  11-10  173  PAYMENT APPLICATION
        2,075.00     307.28  1,191.19   576.06      0.47   SUSPENSE
                  261,375.21            2,334.43   NEW PRINCIPAL/ESCROW BALANCES
11-19-10  11-10  175  PRINCIPAL PAYMENT
            0.00   1,706.01      0.00     0.00  1,706.01-  SUSPENSE
                  261,682.49                       NEW PRINCIPAL/ESCROW BALANCES
```

```
P3641-45C              CUSTOMER ACCOUNT ACTIVITY STATEMENT           DATE 07/06/12
REQ BY NSPRIV                                                           PAGE 05

DANIELLE LEMA
LOAN NUMBER:

                    ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
PROCESS    DUE    TRANSACTION          TRANSACTION              EFFECTIVE DATE
DATE       DATE   CODE                 DESCRIPTION              OF TRANSACTION
--------------------------------------------------------------------------------
```

```
       TRANSACTION  PRIN PD/                ESCROW PD/ -------------OTHER-------------
        AMOUNT      BALANCE   INTEREST   BALANCE    AMOUNT   CODE/DESCRIPTION
-------------------------------------------------------------------------------------
11-17-10  00-00  307  ESCROW REFUND TO MORTGAGOR
           35.76-      0.00       0.00     35.76-
                                         1,758.37   NEW PRINCIPAL/ESCROW BALANCES
11-12-10  10-10  173  PAYMENT APPLICATION
            0.00       0.00       0.00      0.00
11-12-10  10-10  173  PAYMENT APPLICATION
         2,075.00    305.69   1,192.78    576.06      0.47   SUSPENSE
                   263,388.50            1,794.13   NEW PRINCIPAL/ESCROW BALANCES
10-15-10  09-10  173  PAYMENT APPLICATION
            0.00       0.00       0.00      0.00
10-15-10  09-10  173  PAYMENT APPLICATION
         2,074.53    304.11   1,194.36    576.06
                   263,694.19            1,218.07   NEW PRINCIPAL/ESCROW BALANCES
10-06-10  09-10  173  PAYMENT APPLICATION
          206.45       0.00       0.00      0.00    206.45   SUSPENSE
09-17-10  08-10  173  PAYMENT APPLICATION
            0.00       0.00       0.00      0.00
09-17-10  08-10  173  PAYMENT APPLICATION
            0.00     302.53   1,195.94    576.06  2,074.53-  SUSPENSE
                   263,998.30             642.01   NEW PRINCIPAL/ESCROW BALANCES
09-16-10  07-10  173  PAYMENT APPLICATION
            0.00       0.00       0.00      0.00
09-16-10  07-10  168  REPAY OF ESCROW ADVANCE
            0.00       0.00       0.00    510.11-   510.11   ADVANCE REFUND
09-16-10  07-10  173  PAYMENT APPLICATION
         2,075.00    300.97   1,197.50    576.06      0.47   SUSPENSE
                   264,300.83              65.95   NEW PRINCIPAL/ESCROW BALANCES
09-08-10  07-10  161  ESCROW ADVANCE
          510.11       0.00       0.00    510.11
09-08-10  09-10  351  HAZARD INSURANCE DISBURSEMENT
         2,184.00-     0.00       0.00  2,184.00-
                                          510.11-  NEW PRINCIPAL/ESCROW BALANCES
08-19-10  07-10  168  REPAY OF ESCROW ADVANCE
            0.00       0.00       0.00  3,598.88- 3,598.88   ADVANCE REFUND
08-19-10  07-10  173  PAYMENT APPLICATION
         5,272.77      0.00       0.00  5,272.77
                                         1,673.89   NEW PRINCIPAL/ESCROW BALANCES
08-18-10  07-10  161  ESCROW ADVANCE
          958.47       0.00       0.00    958.47
08-18-10  07-10  170  INITIAL ESCROW DEPOSIT
            0.00       0.00       0.00    958.47-   958.47   SUSPENSE
                                         3,598.88-  NEW PRINCIPAL/ESCROW BALANCES
```

```
P3641-45C          CUSTOMER ACCOUNT ACTIVITY STATEMENT            DATE 07/06/12
REQ BY NSPRIV                                                       PAGE 06

DANIELLE LEMA
LOAN NUMBER:

                   ACTIVITY FOR PERIOD 08-01-10 - 07-04-12
PROCESS   DUE    TRANSACTION          TRANSACTION              EFFECTIVE DATE
 DATE    DATE    CODE                 DESCRIPTION              OF TRANSACTION
-------------------------------------------------------------------------------
      TRANSACTION  PRIN PD/          ESCROW PD/ -------------OTHER-------------
```

```
        AMOUNT      BALANCE     INTEREST  BALANCE    AMOUNT  CODE/DESCRIPTION
-----------------------------------------------------------------------------
08-18-10  00-00  745  CORPORATE ADVANCE ADJUSTMENT
        5,272.77      0.00      0.00      0.00
08-18-10  07-10  132  LATE CHARGE ADJUSTMENT
            0.00      0.00      0.00      0.00    644.82 1 LATE CHARGE
08-13-10  06-10  173  PAYMENT APPLICATION
            0.00      0.00      0.00      0.00
08-13-10  06-10  168  REPAY OF ESCROW ADVANCE
            0.00      0.00      0.00    576.06-   576.06  ADVANCE REFUND
08-13-10  06-10  173  PAYMENT APPLICATION
        2,074.53    299.41  1,199.06    576.06
                 264,601.80            2,640.41- NEW PRINCIPAL/ESCROW BALANCES
08-13-10  00-00  745  CORPORATE ADVANCE ADJUSTMENT
        3,092.00      0.00      0.00      0.00
08-13-10  00-00  745  CORPORATE ADVANCE ADJUSTMENT
        3,092.00-     0.00      0.00      0.00
08-09-10  06-10  173  PAYMENT APPLICATION                            08-04-10
           72.00      0.00      0.00      0.00     72.00  SUSPENSE
08-05-10  06-10  173  PAYMENT APPLICATION
          190.37      0.00      0.00      0.00    190.37  SUSPENSE
08-05-10  06-10  173  PAYMENT APPLICATION
            0.00      0.00      0.00      0.00    322.42-1 LATE CHARGE
                                                 322.42  SUSPENSE
08-05-10  00-00  745  CORPORATE ADVANCE ADJUSTMENT
           72.00      0.00      0.00      0.00
08-04-10  06-10  132  LATE CHARGE ADJUSTMENT
            0.00      0.00      0.00      0.00    322.40-1 LATE CHARGE
```

SR497CR-01
SC1036

Mr. Cooper
DETAIL TRANSACTION HISTORY

1/28/19   6:19:04
JOB DT:   1/28/19

Processing Options Selected:

1. 0598525418 - 0598525418     Loan Number Range

2. 000000 - 012819             Date Range

3. P                           Output Type

4.                             Select State

5.                             Escrow Group Code

6.                             Message Code

7.                             Investor

8. 0000000                     Pool

9. Y                           Select only loans with Transactions

10. Y                          Include liquidated loans

```
SR497CR-02                              Mr. Cooper                                        1/28/19    6:19:04
SC1036                          DETAIL TRANSACTION HISTORY                                JOB DT:   1/28/19
                                                                                            PAGE:         1

LOAN#      INV# AAI       POOL#  0000001  INV LN#  1700474424  NEXT DUE 12/01/17   INTEREST RATE  4.250   PRIN.BAL   253595.65
BORR1  DANIELLE LEMA      TYPE:  03-00 Conv/Unins  STATUS R  TOT.DELQ23,317.11     SUSP-235B        .00   ESC.BAL         .00
BORR2  ADDL INFORMATION   MSGS:  08 17 43  #PMT D00014  P&I     15,419.60          SUSP-SUBS        .00   ES.ADV      8861.94
PROP:  15 NINTH ST        MAIL:  John B. Ennis                                     SUSP-HAZ         .00   TOT.PMT     1941.84
                                 1200 Reservoir Avenue          SRVFEES   .02500   SUSP-FOR       27.94   P&I         1101.40
       EAST PROVID RI 02914      Cranston         RI 02920      YDIFF     .00000   SUSP-MIS         .00   ESC.PMT      840.44
                                                          INT PD TO 11/01/17  P&I SHORT    .00    CORP ADV   95754.97-

---TRANSACTION---                                  NEXT  -AFTER TRANS.BALANCES-     TOTAL   ------APPLIED------
NBR  DATE      CODE   ------DESCRIPTION------       DUE   PRINCIPAL     ESCROW      AMOUNT  PRINCIPAL  INTEREST  ESCROW  SUSPENSE/CD  MISC.PMTS&SRV.FEES

394  1/25/19  6226  CORP ADV DISB                  12/17  253595.65      .00       25.00-      .00      .00      .00      25.00-26
                    PAYEE 61BRCT# 1001635579 DUE   1/25/19
                    S/F BX  REF# 1001635579
393  1/25/19  6226  CORP ADV DISB                  12/17  253595.65      .00         .94       .00      .00      .00        .94-26
                    PAYEE 61BRCT# 1001635579 DUE   1/25/19
                    S/F BX  REF# 1001635579
392  1/25/19  6226  CORP ADV DISB                  12/17  253595.65      .00        2.72       .00      .00      .00       2.72-26
                    PAYEE 61BRCT# 1001635579 DUE   1/25/19
                    S/F BX  REF# 1001635579
391  1/25/19  6226  CORP ADV DISB                  12/17  253595.65      .00       27.52       .00      .00      .00      27.52-26
                    PAYEE 61BRCT# 1001635579 DUE   1/25/19
                    S/F BX  REF# 1001635579
390  1/02/19  1919  RECOVER ESCROW ADVANCE         12/17  253595.65      .00         .37-      .00      .00      .37-        .00
     Effective date: 12/31/18
                    S/F CK  REF#
389  1/02/19    10  PMT-INT ON ESCROW              12/17  253595.65      .37         .37       .00      .00      .37         .00
     Effective date: 12/31/18
                    S/F CK  REF#
388  11/30/18 2676  CORP ADV NOCASH ADJ            12/17  253595.65      .00       12.00-      .00      .00      .00      12.00-26
     Effective date: 11/29/18
                    S/F AD  REF# 0000
387  11/30/18 2676  CORP ADV NOCASH ADJ            12/17  253595.65      .00       22.00-      .00      .00      .00      22.00-26
     Effective date: 11/28/18
                    S/F AD  REF# 0000
386  11/02/18 2676  CORP ADV NOCASH ADJ            12/17  253595.65      .00       22.00-      .00      .00      .00      22.00-26
     Effective date: 10/27/18
                    S/F AD  REF# 0000
385  10/15/18 6226  CORP ADV DISB                  12/17  253595.65      .00       15.00-      .00      .00      .00      15.00-26
                    PAYEE 63CYPR# 1001623667 DUE   10/15/18
                    S/F BX  REF# 1001623667
384  10/02/18 6050  HAZARD SFR  DISBURSED          12/17  253595.65    4904.00    4904.00-     .00      .00    4904.00-     .00
                    PAYEE 50ASGH# 1002201813N DUE  9/26/18
                    S/F WR  REF# 10022018INS
383  10/02/18 1950  HAZARD SFR  ADVANCE            12/17  253595.65    4904.00    4904.00      .00      .00    4904.00      .00
                    S/F WR  REF# 10022018INS
382  9/12/18  6226  CORP ADV DISB                  12/17  253595.65      .00       15.00-      .00      .00      .00      15.00-26
                    PAYEE 63CYPR# 1001619640 DUE   9/12/18
                    S/F BX  REF# 1001619640
381  8/22/18  6226  CORP ADV DISB                  12/17  253595.65      .00       15.00-      .00      .00      .00      15.00-26
                    PAYEE 63CYPR# 1001617140 DUE   8/22/18
                    S/F BX  REF# 1001617140
380  7/16/18  1199  ZZZZF-Late Charges             12/17  253595.65      .00       55.07       .00      .00      .00        .00      55.07 01
     Effective date: 7/17/18
```

```
SR497CR-02                              Mr. Cooper                              1/28/19    6:19:04
SCI036                          DETAIL TRANSACTION HISTORY                      JOB DT:   1/28/19
                                                                                        PAGE:    2
```

| ---TRANSACTION---  NBR DATE CODE | ------DESCRIPTION------ | NEXT DUE | -AFTER TRANS-BALANCES- PRINCIPAL   ESCROW | TOTAL AMOUNT | ------APPLIED------ PRINCIPAL  INTEREST  ESCROW | SUSPENSE/CD | MISC PMTS &SRV FEES |
|---|---|---|---|---|---|---|---|
| LOAN# █████ | S/F         REF#                CONTINUED | | | | | | |
| 379 7/16/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 15.00- | .00    .00    .00 | 15.00-26 | |
|           | PAYEE 63CYPRE #1001612610 DUE 7/16/18 | | .00 | | | | |
|           | S/F BX  REF# 1001612610 | | | | | | |
| 378 6/20/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 15.00- | .00    .00    .00 | 15.00-26 | |
|           | PAYEE 62SOLAG #1001609694 DUE 6/20/18 | | .00 | | | | |
|           | S/F BX  REF# 1001609694 | | | | | | |
| 377 6/19/18 6032 | CITY TAX     DISBURSED | 12/17 | 253595.65 | 5564.33- | .00    .00  5564.33- | .00 | |
|           | PAYEE 32RI007 #          DUE 7/01/18 | | .00 | | | | |
|           | S/F WR  REF# | | | | | | |
| 376 6/19/18 1932 | CITY TAX           ADVANCE | 12/17 | 253595.65 | 3958.31 | .00    .00  3958.31 | .00 | |
|           | S/F WR  REF# | | 5564.33 | | | | |
| 375 6/18/18 1499 | ZZZZF-Late Charges | 12/17 | 253595.65 | 55.07 | .00    .00    .00 | .00 | 55.07 01 |
| Effective date:  6/19/18 | | | 1606.02 | | | | |
|           | S/F         REF# | | | | | | |
| 374 6/05/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 75.00- | .00    .00    .00 | 75.00-26 | |
|           | PAYEE 62ARCHI #1001607799 DUE 6/05/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001607799 | | | | | | |
| 373 6/05/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 150.00- | .00    .00    .00 | 150.00-26 | |
|           | PAYEE 62ARCHI #1001607799 DUE 6/05/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001607799 | | | | | | |
| 372 5/18/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 15.00- | .00    .00    .00 | 15.00-26 | |
|           | PAYEE 62SOLAG #1001605854 DUE 5/18/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001605854 | | | | | | |
| 371 5/16/18 1499 | ZZZZF-Late Charges | 12/17 | 253595.65 | 55.07 | .00    .00    .00 | .00 | 55.07 01 |
| Effective date:  5/17/18 | | | 1606.02 | | | | |
|           | S/F         REF# | | | | | | |
| 370 4/23/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 750.00- | .00    .00    .00 | 750.00-26 | |
|           | PAYEE 61SHHAL #1001599607 DUE 4/23/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001599607 | | | | | | |
| 369 4/23/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 181.00- | .00    .00    .00 | 181.00-26 | |
|           | PAYEE 61SHHAL #1001599607 DUE 4/23/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001599607 | | | | | | |
| 368 4/18/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 15.00- | .00    .00    .00 | 15.00-26 | |
|           | PAYEE 62SOLAG #1001599074 DUE 4/18/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001599074 | | | | | | |
| 367 4/16/18 1499 | ZZZZF-Late Charges | 12/17 | 253595.65 | 55.07 | .00    .00    .00 | .00 | 55.07 01 |
| Effective date:  4/17/18 | | | 1606.02 | | | | |
|           | S/F         REF# | | | | | | |
| 366 4/04/18 1324 | PMT-FORBEAR SUSP | 12/17 | 253595.65 | 27.94 | .00    .00    .00 | .00 | 27.94 24 |
|           | S/F AD  REF# | | 1606.02 | | | | |
| 365 4/04/18 2625 | MISC ADJ | 12/17 | 253595.65 | 27.94- | .00    .00    .00 | .00 | 27.94-25 |
|           | S/F AD  REF# | | 1606.02 | | | | |
| 364 2/01/18 2526 | CORP ADVANCE ADJUST | 12/17 | 253595.65 | 15.00 | .00    .00    .00 | .00 | 15.00 26 |
|           | S/F         REF# 0000 | | 1606.02 | | | | |
| 363 1/25/18 6226 | CORP ADV DISB | 12/17 | 253595.65 | 15.00- | .00    .00    .00 | 15.00-26 | |
|           | PAYEE 62SOLAG #1001588478 DUE 1/25/18 | | 1606.02 | | | | |
|           | S/F BX  REF# 1001588478 | | | | | | |
| 362 1/02/18 10 | PMT-INT ON ESCROW | 12/17 | 253595.65 | .14 | .00    .00    .00 | .14 | .00 |
| Effective date: 12/31/17 | | | 1606.02 | | | | |
|           | S/F CK  REF# | | | | | | |

```
SR497CR-02                              Mr. Cooper                              1/28/19   6:19:04
SC1036                          DETAIL TRANSACTION HISTORY                      JOB DT:   1/28/19
                                                                                 PAGE:          3
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 361 | 12/22/17 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #1001584540 DUE<br>S/F BX REF# 1001584540 | 12/17<br>12/22/17 | 253595.65 | 1605.88 | 850.00- | .00 | .00 | .00 | 850.00-26 | |
| 360 | 12/22/17 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #1001584540 DUE<br>S/F BX REF# 1001584540 | 12/17<br>12/22/17 | 253595.65 | 1605.88 | 181.00- | .00 | .00 | .00 | 181.00-26 | |
| 359 | 12/07/17 | 02 | PAYMENT         Int pd to: 11/01/17 | 12/17<br>11/01/17 | 253595.65 | 1605.88 | 1941.84 | 202.53 | 898.87 | 840.44 | .00 | 52.88 11 |
| 358 | 12/07/17 | 2625 | MISC ADJ<br>S/F BR REF# | 11/17 | 253798.18 | 765.44 | 1941.84- | .00 | .00 | .00 | 1941.84-25 | |
| 357 | 12/07/17 | 1325 | PMT-MISC SUSP<br>S/F BR REF# 0000 | 11/17 | 253798.18 | 765.44 | 1941.84 | .00 | .00 | .00 | 1941.84 25 | |
| 356 | 12/07/17 | 2625 | MISC ADJ<br>S/F BR REF# 0000 | 11/17 | 253798.18 | 765.44 | 1941.84- | .00 | .00 | .00 | 1941.84-25 | |
| 355 | 12/06/17 | 1325 | PMT-MISC SUSP<br>S/F SP REF# | 11/17 | 253798.18 | 765.44 | 1941.84 | .00 | .00 | .00 | 1941.84 25 | |
| 354 | 10/27/17 | 6226 | CORP ADV DISB         N<br>PAYEE 61SHHAL #1001577075<br>S/F BX REF# 1001577075 | 11/17<br>10/27/17 | 253798.18 | 765.44 | 250.00- | .00 | .00 | .00 | 250.00-26 | |
| 353 | 10/24/17 | 1919 | RECOVER ESCROW ADVANCE<br>S/F BR REF# | 11/17 | 253798.18 | 765.44 | 75.00- | .00 | .00 | 75.00- | .00 | |
| 352 | 10/24/17 | 02 | PAYMENT         Int pd to: 10/01/17 | 11/17<br>10/01/17 | 253798.18 | 840.44 | 1941.84 | 201.82 | 899.58 | 840.44 | .00 | 52.92 11 |
| 351 | 10/24/17 | 2625 | MISC ADJ<br>S/F BR REF# | 10/17 | 254000.00 | .00 | 1941.84- | .00 | .00 | .00 | 1941.84-25 | |
| 350 | 10/24/17 | 1325 | PMT-MISC SUSP<br>S/F BR REF# 0000 | 10/17 | 254000.00 | .00 | 1941.84 | .00 | .00 | .00 | 1941.84 25 | |
| 349 | 10/24/17 | 2625 | MISC ADJ<br>S/F BR REF# 0000 | 10/17 | 254000.00 | .00 | 1941.84- | .00 | .00 | .00 | 1941.84-25 | |
| 348 | 10/23/17 | 1408 | ZZZZF- PAY FEE<br>S/F C REF#       S | 10/17 | 254000.00 | .00 | 10.00 | .00 | .00 | .00 | .00 | 10.00 08 |
| 347 | 10/23/17 | 1499 | ZZZZF- PAY FEE<br>S/F REF# | 10/17 | 254000.00 | .00 | 10.00 | .00 | .00 | .00 | .00 | 10.00 08 |
| 346 | 10/23/17 | 1325 | PMT-MISC SUSP<br>S/F SP REF#       N | 10/17 | 254000.00 | .00 | 1969.78 | .00 | .00 | .00 | 1969.78 25 | |
| 345 | 10/03/17 | 6050 | HAZARD SFR   DISBURSED<br>PAYEE 5OASGHM #10032017IN DUE<br>S/F WR REF# 10032017INS | 10/17<br>9/26/17 | 254000.00 | 4720.00 | 4720.00- | .00 | .00 | 4720.00- | .00 | |
| 344 | 10/03/17 | 1950 | HAZARD SFR   ADVANCE<br>S/F WR REF# 10032017INS | 10/17 | 254000.00 | 4720.00 | 75.00 | .00 | .00 | 75.00 | .00 | |
| 343 | 9/27/17 | 5691 | Decrease UPB - Non Cas<br>S/F CM REF# | 4/12 | 254000.00 | 4645.00 | 93100.79 | 93100.79 | .00 | .00 | .00 | |
| 342 | 9/27/17 | 5676 | Inc Corp Adv Deferred<br>S/F CM REF# | 4/12 | 347100.79 | 4645.00 | 93100.79- | .00 | .00 | .00 | 93100.79-26 | |
| 341 | 9/27/17 | 5591 | Increase UPB - Non Cas<br>S/F CM REF# | 4/12 | 347100.79 | 4645.00 | 35536.23- | 35536.23- | .00 | .00 | .00 | |
| 340 | 9/27/17 | 5591 | Increase UPB - Non Cas<br>S/F CM REF# | 4/12 | 311564.56 | 4645.00 | 90000.00- | 90000.00- | .00 | .00 | .00 | |
| 339 | 9/27/17 | 5576 | DeCCorp Adv Deferred I | 4/12 | 221564.56 | 4645.00 | 159.00 | .00 | .00 | .00 | 159.00 26 | |

```
SR497CR-02                                    Mr. Copper                               1/28/19   6:19:04
SC1036                              DETAIL TRANSACTION HISTORY                         JOB DT:   1/28/19
                                                                                         PAGE:         4
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 338 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 270.00 | .00 | .00 | .00 | 270.00 26 | |
| 337 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 1985.60 | .00 | .00 | .00 | 1985.60 26 | |
| 336 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 423.00 | .00 | .00 | .00 | 423.00 26 | |
| 335 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 145.48 | .00 | .00 | .00 | 145.48 26 | |
| 334 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 251.50 | .00 | .00 | .00 | 251.50 26 | |
| 333 | 9/27/17 | 5576 | DeCorp Adv Deferred I — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 3009.50 | .00 | .00 | .00 | 3009.50 26 | |
| 332 | 9/27/17 | 5692 | Decrease Int - Non Cas — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 71849.13- | .00 | 71849.13- | .00 | .00 | |
| 331 | 9/27/17 | 5591 | Increase UPB - Non Cas — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 71849.13- | 71849.13- | .00 | .00 | .00 | |
| 330 | 9/27/17 | 5691 | Decrease UPB - Non Cas — S/F CM REF# | 4/12 | 149715.43 | 4645.00 | 71849.13 | 71849.13 | .00 | .00 | .00 | |
| 329 | 9/27/17 | 5599 | LOAN MODIFICATION — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 71849.13 | .00 | 71849.13 | .00 | .00 | |
| 328 | 9/27/17 | 2293 | ESCROW NOCASH ADJ — S/F CM REF# | 4/12 | 221564.56 | 4645.00 | 4645.00 | .00 | .00 | 4645.00 | .00 | |
| 327 | 9/27/17 | 1919 | RECOVER ESCROW ADVANCE — S/F CM REF# | 4/12 | 221564.56 | .00 | 42798.02- | .00 | .00 | 42798.02- | .00 | |
| 326 | 9/27/17 | 2293 | ESCROW NOCASH ADJ — S/F CM REF# | 4/12 | 221564.56 | 42798.02 | 42798.02 | .00 | .00 | 42798.02 | .00 | |
| 325 | 9/27/17 | 1919 | RECOVER ESCROW ADVANCE — S/F CM REF# | 4/12 | 221564.56 | .00 | 1189.50- | .00 | .00 | 1189.50- | .00 | |
| 324 | 9/27/17 | 1530 | ESCROW DEPOSIT — S/F CM REF# | 4/12 | 221564.56 | 1189.50 | 1189.50 | .00 | .00 | 1189.50 | .00 | |
| 323 | 9/27/17 | 2624 | FORBEARANCE ADJ — S/F CM REF# | 4/12 | 221564.56 | .00 | 1189.50- | .00 | .00 | .00 | 1189.50-24 | |
| 322 | 8/25/17 | 1919 | RECOVER ESCROW ADVANCE — S/F SP REF# | 4/12 | 221564.56 | .00 | 953.28- | .00 | .00 | 953.28- | .00 | |
| 321 | 8/25/17 | 0116 | PMT FROM FORB SUSP  Int pd to: 3/01/12 — S/F SP REF# | 4/12  3/01/12 | 221564.56 | 953.28 | 2451.75 | 342.70 | 1155.77 | 953.28 | 2451.75-R4 | 46.23 11 |
| 320 | 8/25/17 | 16 | FORBEARANCE SUSPENSE — S/F SP REF# | 3/12 | 221907.26 | .00 | 2031.00 | .00 | .00 | .00 | 2031.00 24 | |
| 319 | 8/22/17 | 2526 | CORP ADVANCE ADJUST — S/F AD REF# | 3/12 | 221907.26 | .00 | 400.00 | .00 | .00 | .00 | 400.00 26 | |
| 318 | 8/22/17 | 2526 | CORP ADVANCE ADJUST — S/F AD REF# | 3/12 | 221907.26 | .00 | 400.00 | .00 | .00 | .00 | 400.00 26 | |
| 317 | 8/01/17 | 2526 | CORP ADVANCE ADJUST — S/F AD REF# | 3/12 | 221907.26 | .00 | 15.00 | .00 | .00 | .00 | 15.00 26 | |
| 316 | 7/21/17 | 8826 | CORP ADV DISB DUE 7/21/17 — S/F REF# 0000  PAGE 63FIELD 100156091 | 3/12  7/21/17 | 221907.26 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 315 | 7/12/17 | 1919 | RECOVER ESCROW ADVANCE — S/F SC REF# 1001561091  S/F SP REF# | 3/12 | 221907.26 | .00 | 953.28- | .00 | .00 | 953.28- | .00 | |

```
SR497CR-02                                    Mr. Cooper                              1/28/19   6:19:04
SC1036                                DETAIL TRANSACTION HISTORY                      JOB DT:   1/28/19
                                                                                              PAGE:    5
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | -AFTER TRANS- PRINCIPAL | TRANS. BALANCES- ESCROW | TOTAL AMOUNT | PRINCIPAL | INTEREST | APPLIED ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 314 | 7/12/17 | 0116 | PMT FROM FORB SUSP  S/F SP REF# F  Int pd to: | 3/12  2/01/12 | 221907.26 | 953.28 | 2451.75 | 340.93 | 1157.54 | 953.28 | 2451.75-R4 | 46.30 11 |
| 313 | 7/12/17 | 16 | FORBEARANCE SUSPENSE  S/F SP REF# F | 2/12 | 222248.19 | .00 | 2031.00 | .00 | .00 | .00 | 2031.00 24 | |
| 312 | 6/23/17 | 6032 | CITY TAX DISBURSED  PAYEE 32RI007 #  DUE 7/01/17 | 2/12 | 222248.19 | .00 | 5440.30- | .00 | .00 | 5440.30- | .00 | |
| 311 | 6/23/17 | 1932 | CITY TAX ADVANCE  S/F WR REF# | 2/12 | 222248.19 | 5440.30 | 5440.30 | .00 | .00 | 5440.30 | .00 | |
| 310 | 6/21/17 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #1001556369  REF# 1001556369 | 2/12  6/21/17 DUE | 222248.19 | .00 | 400.00- | .00 | .00 | .00 | 400.00--26 | |
| 309 | 6/02/17 | 2526 | CORP ADVANCE ADJUST  S/F SC REF# | 2/12 | 222248.19 | .00 | 12.00 | .00 | .00 | .00 | 12.00 26 | |
| 308 | 6/02/17 | 2626 | CORP ADVANCE ADJUST  S/F AD REF# | 2/12 | 222248.19 | .00 | 12.00- | .00 | .00 | .00 | 12.00--26 | |
| 307 | 6/02/17 | 16 | FORBEARANCE SUSPENSE  S/F SP REF# F | 2/12 | 222248.19 | .00 | 2031.00 | .00 | .00 | .00 | 2031.00 24 | |
| 306 | 6/01/17 | 2526 | CORP ADVANCE ADJUST  S/F REF# 0000 | 2/12 | 222248.19 | .00 | 12.00 | .00 | .00 | .00 | 12.00 26 | |
| 305 | 5/01/17 | 2526 | CORP ADVANCE ADJUST  S/F REF# 0000. | 2/12 | 222248.19 | .00 | 12.00 | .00 | .00 | .00 | 12.00 26 | |
| 304 | 4/06/17 | 6226 | CORP ADV DISB  PAYEE 63EMORT #0001553284  REF# 0001553284 | 2/12  4/05/17 DUE | 222248.19 | .00 | 12.00- | .00 | .00 | .00 | 12.00--26 | |
| 303 | 1/03/17 | 2526 | CORP ADVANCE ADJUST  S/F SC REF# | 2/12 | 222248.19 | .00 | 60.00 | .00 | .00 | .00 | 60.00 26 | |
| 302 | 12/27/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001515479  REF# 0001515479 | 2/12  12/23/16 DUE | 222248.19 | .00 | 400.00- | .00 | .00 | .00 | 400.00--26 | |
| 301 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F SC REF# | 2/12 | 222248.19 | .00 | 1985.60- | .00 | .00 | .00 | 1985.60--26 | |
| 300 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 423.00- | .00 | .00 | .00 | 423.00--26 | |
| 299 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 145.48- | .00 | .00 | .00 | 145.48--26 | |
| 298 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 251.50- | .00 | .00 | .00 | 251.50--26 | |
| 297 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 3021.50- | .00 | .00 | .00 | 3021.50--26 | |
| 296 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 219.00- | .00 | .00 | .00 | 219.00--26 | |
| 295 | 12/21/16 | 2626 | CORP ADVANCE ADJUST  S/F TR REF# | 2/12 | 222248.19 | .00 | 270.00- | .00 | .00 | .00 | 270.00--26 | |
| 294 | 12/21/16 | 2643 | ESCROW ADJ  S/F TR REF# | 2/12 | 222248.19 | .00 | 40453.78- | .00 | .00 | 40453.78- | .00 | |
| 293 | 12/21/16 | 17 | ESCROW ADVANCE  S/F TR REF# | 2/12 | 222248.19 | 40453.78 | 40453.78 | .00 | .00 | 40453.78 | .00 | |
| 292 | 12/21/16 | 8199 | NEW INV AAI/0000001  S/F TR REF# | 2/12 | 222248.19- | .00 | 222248.19- | 222248.19- | .00 | .00 | .00 | |

LOAN#  _____   CONTINUED

```
SR497CR-02                                    Mr. Cooper                              1/28/19   6:19:04
SC1036                                DETAIL TRANSACTION HISTORY                       JOB DT: 1/28/19
                                                                                      PAGE:         6
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | PRINCIPAL (AFTER TRANS.BALANCES) | ESCROW | TOTAL AMOUNT | PRINCIPAL (APPLIED) | INTEREST | ESCROW | MISC.PMTS SUSPENSE/CD & SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | |
| 291 | 12/21/16 | 3199 | OLD INV EEE/0000001 | 2/12 | .00 | .00 | 222248.19 | 222248.19 | .00 | .00 | .00 |
| 290 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 1985.60 | .00 | .00 | .00 | 1985.60 26 |
| 289 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 423.00 | .00 | .00 | .00 | 423.00 26 |
| 288 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 145.48 | .00 | .00 | .00 | 145.48 26 |
| 287 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 251.50 | .00 | .00 | .00 | 251.50 26 |
| 286 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 3021.50 | .00 | .00 | .00 | 3021.50 26 |
| 285 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 219.00 | .00 | .00 | .00 | 219.00 26 |
| 284 | 12/21/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 270.00 | .00 | .00 | .00 | 270.00 26 |
| 283 | 12/21/16 | 1919 | RECOVER ESCROW ADVANCE | 2/12 | 222248.19 | .00 | 40453.78- | .00 | .00 | 40453.78- | .00 |
| 282 | 12/21/16 | 2543 | ESCROW ADJ | 2/12 | 222248.19 | 40453.78 | 40453.78 | .00 | .00 | 40453.78 | .00 |
| 281 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 1985.60- | .00 | .00 | .00 | 1985.60-26 |
| 280 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 423.00- | .00 | .00 | .00 | 423.00-26 |
| 279 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 145.48- | .00 | .00 | .00 | 145.48-26 |
| 278 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 251.50- | .00 | .00 | .00 | 251.50-26 |
| 277 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 3021.50- | .00 | .00 | .00 | 3021.50-26 |
| 276 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 219.00- | .00 | .00 | .00 | 219.00-26 |
| 275 | 12/19/16 | 2626 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 270.00- | .00 | .00 | .00 | 270.00-26 |
| 274 | 12/19/16 | 2643 | ESCROW ADJ S/F TR REF# | 2/12 | 222248.19 | 40453.78 | 40453.78- | .00 | .00 | 40453.78- | .00 |
| 273 | 12/19/16 | 19 | ESCROW ADVANCE S/F TR REF# | 2/12 | 222248.19 | .00 | 40453.78 | .00 | .00 | 40453.78 | .00 |
| 272 | 12/19/16 | 8199 | NEW INV EEE/0000001 | 2/12 | 222248.19- | .00 | 222248.19- | 222248.19- | .00 | .00 | .00 |
| 271 | 12/19/16 | 3199 | OLD INV AAI/0000001 | 2/12 | .00 | .00 | 222248.19 | 222248.19 | .00 | .00 | .00 |
| 270 | 12/19/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 1985.60 | .00 | .00 | .00 | 1985.60 26 |
| 269 | 12/19/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 423.00 | .00 | .00 | .00 | 423.00 26 |
| 268 | 12/19/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 145.48 | .00 | .00 | .00 | 145.48 26 |
| 267 | 12/19/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 251.50 | .00 | .00 | .00 | 251.50 26 |
| 266 | 12/19/16 | 2526 | CORP ADVANCE ADJUST S/F TR REF# | 2/12 | 222248.19 | .00 | 3021.50 | .00 | .00 | .00 | 3021.50 26 |

LOAN#

```
SR497CR-02                              Mr. Cooper                           1/28/19  6:19:04
SC1036                         DETAIL TRANSACTION HISTORY                    JOB DT:  1/28/19
                                                                               PAGE:        7
```

| ---TRANSACTION--- | | | | NEXT | -AFTER TRANS. | TRANS.BALANCES- | TOTAL | ----------APPLIED---------- | | | | MISC.PMTS |
| NBR | DATE | CODE | ------DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LOAN# | | | CONTINUED | | | | | | | | | |
| 265 | 12/19/16 | 2526 | S/F TR CORP ADVANCE ADJUST  REF# | 2/12 | 222248.19 | .00 | 219.00 | .00 | .00 | .00 | 219.00   26 | |
| 264 | 12/19/16 | 2526 | S/F TR CORP ADVANCE ADJUST  REF# | 2/12 | 222248.19 | .00 | 270.00 | .00 | .00 | .00 | 270.00   26 | |
| 263 | 12/19/16 | 1919 | S/F TR RECOVER ESCROW ADVANCE  REF# | 2/12 | 222248.19 | .00 | 40453.78- | .00 | .00 | 40453.78- | .00 | |
| 262 | 12/19/16 | 2543 | S/F TR ESCROW ADJ  REF# | 2/12 | 222248.19 | 40453.78 | 40453.78 | .00 | .00 | 40453.78 | .00 | |
| 261 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 1297.75- | .00 | .00 | .00 | 1297.75-26 | |
| 260 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 40.00- | .00 | .00 | .00 | 40.00-26 | |
| 259 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 25.00- | .00 | .00 | .00 | 25.00-26 | |
| 258 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 1155.76- | .00 | .00 | .00 | 1155.76-26 | |
| 257 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 150.00- | .00 | .00 | .00 | 150.00-26 | |
| 256 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 69.42- | .00 | .00 | .00 | 69.42-26 | |
| 255 | 12/19/16 | 6226 | CORP ADV DISB  PAYEE 61SHHAL #0001514470 DUE 12/16/16  S/F SC REF# 0001514470 | 2/12 | 222248.19 | .00 | 49.00- | .00 | .00 | .00 | 49.00-26 | |
| 254 | 12/15/16 | 2664 | NON CASH FEE ADJ  S/F C REF# | 2/12 | 222248.19 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 253 | 12/15/16 | 2664 | NON CASH FEE ADJ  S/F C REF# | 2/12 | 222248.19 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 252 | 12/15/16 | 2664 | NON CASH FEE ADJ  S/F C REF# | 2/12 | 222248.19 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 251 | 12/15/16 | 6050 | HAZARD SFR   DISBURSED  PAYEE SOASGHM #1215201615IN DUE 9/26/16  S/F WR REF# 1215201615INS | 2/12 | 222248.19 | 4645.00 | 4645.00- | .00 | .00 | 4645.00- | .00 | |
| 250 | 12/15/16 | 1950 | HAZARD SFR   ADVANCE  S/F WR REF# 1215201615INS | 2/12 | 222248.19 | .00 | 4645.00 | .00 | .00 | 4645.00 | .00 | |
| 249 | 12/09/16 | 6226 | CORP ADV DISB  PAYEE 63FIELD #0001513107 DUE 12/08/16  S/F SC REF# 0001513107 | 2/12 | 222248.19 | .00 | 30.00- | .00 | .00 | .00 | 30.00-26 | |
| 248 | 11/09/16 | 2526 | CORP ADVANCE ADJUST  Effective date: 10/28/16  S/F WR REF# 0000 | 2/12 | 222248.19 | .00 | 15.00 | .00 | .00 | .00 | 15.00   26 | |
| 247 | 10/13/16 | 6226 | CORP ADV DISB  PAYEE 63SFSL #0001504304 DUE 10/12/16  S/F SC REF# 0001504304 | 2/12 | 222248.19 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 246 | 9/09/16 | 6226 | CORP ADV DISB | 2/12 | 222248.19 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

SR497CR-02
SC1036

Mr. Cooper
DETAIL TRANSACTION HISTORY

1/28/19   6:19:04
JOB DT:  1/28/19
PAGE:  8

LOAN#                    CONTINUED

PAYEE 63SSFSL #0001499582 DUE
S/F SC REF# 0001499582

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES- ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 245 | 8/18/16 | 6226 | CORP ADV DISB  PAYEE 63SSFSL #0001496084 DUE  S/F SC REF# 0001496084 | 2/12  8/17/16 | 222248.19 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 244 | 8/09/16 | 6224 | FORBEARANCE SUSP DISP  PAYEE LEMA #0005368380 DUE  S/F SC REF# 0005368380 | 2/12  8/08/16 | 222248.19 | .00 | 548.28- | .00 | .00 | .00 | 548.28-24 | |
| 243 | 6/20/16 | 6032 | CITY TAX DISBURSED  PAYEE 3RI007 #0005241051 DUE  S/F SC REF# 0005241051 | 2/12  7/01/16 | 222248.19 | 5413.55 | 5413.55- | .00 | .00 | 5413.55- | .00 | |
| 242 | 6/20/16 | 1932 | CITY TAX ADVANCE  S/F SC REF# 0005241051 | 2/12 | 222248.19 | 5413.55 | 5413.55 | .00 | .00 | 5413.55 | .00 | |
| 241 | 4/19/16 | 1324 | PMT-FORBEAR SUSP  S/F CK REF# | 2/12 | 222248.19 | .00 | .01 | .00 | .00 | .00 | .01 24 | |
| 240 | 4/19/16 | 1919 | RECOVER ESCROW ADVANCE  S/F CK REF# | 2/12 | 222248.19 | .00 | 953.28- | .00 | .00 | 953.28- | .00 | |
| 239 | 4/19/16 | 0116 | PMT FROM FORB SUSP  S/F CK REF#  Int pd to: 1/01/12 | 2/12  1/01/12 | 222248.19 | 953.28 | 2451.75 | 339.16 | 1159.31 | 953.28 | 2451.75-R4 | 46.37 11 |
| 238 | 4/19/16 | 16 | FORBEARANCE SUSPENSE  S/F CK REF# | 1/12 | 222587.35 | .00 | 2069.78 | .00 | .00 | .00 | 2069.78 24 | |
| 237 | 3/08/16 | 1324 | PMT-FORBEAR SUSP  S/F CK REF# | 1/12 | 222587.35 | .00 | .01 | .00 | .00 | .00 | .01 24 | |
| 236 | 3/08/16 | 1919 | RECOVER ESCROW ADVANCE  S/F CK REF# | 1/12 | 222587.35 | .00 | 953.28- | .00 | .00 | 953.28- | .00 | |
| 235 | 3/08/16 | 0116 | PMT FROM FORB SUSP  S/F CK REF#  Int pd to: 12/01/11 | 1/12  12/01/11 | 222587.35 | 953.28 | 2451.75 | 337.40 | 1161.07 | 953.28 | 2451.75-R4 | 46.44 11 |
| 234 | 3/08/16 | 16 | FORBEARANCE SUSPENSE  S/F CK REF# | 12/11 | 222924.75 | .00 | 2069.78 | .00 | .00 | .00 | 2069.78 24 | |
| 233 | 2/18/16 | 6226 | CORP ADV DISB  S/F WR REF#  PAYEE 63SSFSL #  S/F CK REF# | 12/11  2/17/16 | 222924.75 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 232 | 2/08/16 | 1324 | PMT-FORBEAR SUSP  S/F CK REF# | 12/11 | 222924.75 | .00 | .01 | .00 | .00 | .00 | .01 24 | |
| 231 | 2/08/16 | 1919 | RECOVER ESCROW ADVANCE  S/F CK REF# | 12/11 | 222924.75 | .00 | 953.28- | .00 | .00 | 953.28- | .00 | |
| 230 | 2/08/16 | 0116 | PMT FROM FORB SUSP  S/F CK REF#  Int pd to: 11/01/11 | 12/11  11/01/11 | 222924.75 | 953.28 | 2451.75 | 335.66 | 1162.81 | 953.28 | 2451.75-R4 | 46.51 11 |
| 229 | 2/08/16 | 16 | FORBEARANCE SUSPENSE  S/F CK REF# | 11/11 | 223260.41 | .00 | 2069.78 | .00 | .00 | .00 | 2069.78 24 | |
| 228 | 1/27/16 | 1326 | PMT-CORPORATE ADVANCE  S/F AD REF# 0000 | 11/11 | 223260.41 | .00 | 15.00 | .00 | .00 | .00 | 15.00 26 | |
| 227 | 12/23/15 | 1526 | CORP ADVANCE ADJUST  S/F AD REF# 0000 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 226 | 12/21/15 | 1526 | CORP ADVANCE ADJUST  Effective date: 12/16/15  S/F AD REF# 0000 | 11/11 | 223260.41 | .00 | 15.00 | .00 | .00 | .00 | 15.00 26 | |
| 225 | 12/02/15 | 6226 | CORP ADV DISB  S/F AD REF# 0000 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

```
SR497CR-02                                    Mr. Cooper                          1/28/19  6:19:04
SC1036                               DETAIL TRANSACTION HISTORY                    JOB DT:  1/28/19
                                                                                      PAGE:        9
```

| NBR | DATE | CODE | DESCRIPTION | PAYEE / REF# | NEXT DUE | PRINCIPAL (bal) | ESCROW (bal) | TOTAL AMOUNT | PRINCIPAL (appl) | INTEREST | ESCROW (appl) | SUSPENSE | MISC. PMTS &SRV.FEES / CD |
|-----|------|------|-------------|--------------|----------|-----------------|--------------|--------------|------------------|----------|---------------|----------|---------------------------|
| | | | LOAN#   CONTINUED | | | | | | | | | | |
| 224 | 11/06/15 | 6226 | CORP ADV DISB | PAYEE 63SSFSL #0001446038 DUE 12/01/15; S/F SC REF# 0001446038 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 223 | 10/14/15 | 6226 | CORP ADV DISB | PAYEE 63SSFSL #0001441155 DUE 11/05/15; S/F SC REF# 0001441155 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 222 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 63SSFSL #0001429482 DUE 10/13/15; S/F SC REF# 0001429482 | 11/11 | 223260.41 | .00 | 776.25- | .00 | .00 | .00 | .00 | 776.25-26 |
| 221 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 225.00- | .00 | .00 | .00 | .00 | 225.00-26 |
| 220 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 829.84- | .00 | .00 | .00 | .00 | 829.84-26 |
| 219 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 25.00- | .00 | .00 | .00 | .00 | 25.00-26 |
| 218 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 150.00- | .00 | .00 | .00 | .00 | 150.00-26 |
| 217 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 48.06- | .00 | .00 | .00 | .00 | 48.06-26 |
| 216 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 40.00- | .00 | .00 | .00 | .00 | 40.00-26 |
| 215 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 41.50- | .00 | .00 | .00 | .00 | 41.50-26 |
| 214 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 45.00- | .00 | .00 | .00 | .00 | 45.00-26 |
| 213 | 9/24/15 | 6226 | CORP ADV DISB | PAYEE 61SHHAL #0001425977 DUE 9/23/15; S/F SC REF# 0001425977 | 11/11 | 223260.41 | .00 | 49.00- | .00 | .00 | .00 | .00 | 49.00-26 |
| 212 | 9/24/15 | 2526 | CORP ADVANCE ADJUST | PAYEE 0000; S/F ST REF# 0001425977 | 11/11 | 223260.41 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 26 |
| 211 | 9/23/15 | 6226 | CORP ADV DISB | PAYEE 63SSFSL #0001425570 DUE 9/22/15; S/F SC REF# 0001425570 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 210 | 9/11/15 | 6050 | HAZARD SFR DISBURSED | PAYEE 5000787 #0911201S1IN DUE 9/26/15; S/F WR REF# 0911201S1INS | 11/11 | 223260.41 | 3907.00 | 3907.00- | .00 | .00 | 3907.00- | .00 | .00 |
| 209 | 9/11/15 | 1950 | HAZARD SFR ADVANCE | S/F WR REF# 0911201S1INS | 11/11 | 223260.41 | 3907.00 | 3907.00 | .00 | .00 | 3907.00 | .00 | .00 |
| 208 | 9/02/15 | 6226 | CORP ADV DISB | PAYEE 63SSFSL #0001422040 DUE 9/01/15; S/F SC REF# 0001422040 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |

```
SR497CR-02                                      Mr. Cooper                          1/28/19   6:19:04
SC1036                                  DETAIL TRANSACTION HISTORY                   JOB DT:   1/28/19
                                                                                    PAGE:          10
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | PRINCIPAL (balance) | ESCROW (balance) | TOTAL AMOUNT | PRINCIPAL (applied) | INTEREST | ESCROW (applied) | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 207 | 8/11/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001416926 DUE 8/10/15<br>S/F SC REF# 0001416926 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 206 | 7/13/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001410041 DUE 7/10/15<br>S/F SC REF# 0001410041 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 205 | 6/22/15 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #0001405244 DUE 6/19/15<br>S/F SC REF# 0001405244 | 11/11 | 223260.41 | .00 | 430.00- | .00 | .00 | .00 | .00 | 430.00-26 |
| 204 | 6/22/15 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #0001405244 DUE 6/19/15<br>S/F SC REF# 0001405244 | 11/11 | 223260.41 | .00 | 517.50- | .00 | .00 | .00 | .00 | 517.50-26 |
| 203 | 6/22/15 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #0001405244 DUE 6/19/15<br>S/F SC REF# 0001405244 | 11/11 | 223260.41 | .00 | 105.00- | .00 | .00 | .00 | .00 | 105.00-26 |
| 202 | 6/22/15 | 6226 | CORP ADV DISB<br>PAYEE 61SHHAL #0001405244 DUE 6/19/15<br>S/F SC REF# 0001405244 | 11/11 | 223260.41 | .00 | 28.00- | .00 | .00 | .00 | .00 | 28.00-26 |
| 201 | 6/18/15 | 2526 | CORP ADVANCE ADJUST<br>PAYEE # 0000<br>S/F BT REF# 0000 | 11/11 | 223260.41 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 26 |
| 200 | 6/17/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001404367 DUE 6/16/15<br>S/F SC REF# 0001404367 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 199 | 6/16/15 | 6032 | CITY TAX DISBURSED<br>PAYEE 32RI007 #0003876643 DUE 7/01/15<br>S/F SC REF# 0003876643 | 11/11 | 223260.41 | 6040.26 | 6040.26 | .00 | .00 | 6040.26 | .00 | .00 |
| 198 | 6/16/15 | 1932 | CITY TAX ADVANCE<br>PAYEE # 0000<br>S/F SC REF# 0003876643 | 11/11 | 223260.41 | 6040.26 | 6040.26 | .00 | .00 | 6040.26 | .00 | .00 |
| 197 | 6/03/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001401595 DUE 6/02/15<br>S/F SC REF# 0001401595 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 196 | 5/18/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001397834 DUE 5/15/15<br>S/F SC REF# 0001397834 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 195 | 4/03/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001387649 DUE 4/02/15<br>S/F SC REF# 0001387649 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 194 | 3/25/15 | 2526 | CORP ADVANCE ADJUST<br>PAYEE # 0000<br>S/F BT REF# 0000 | 11/11 | 223260.41 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 26 |
| 193 | 3/23/15 | 2576 | CORP ADV NOCASH ADJ<br>PAYEE # 0000<br>S/F AD REF# 0000 | 11/11 | 223260.41 | .00 | 81.00 | .00 | .00 | .00 | .00 | 81.00 26 |
| 192 | 3/19/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001383214 DUE 3/18/15<br>S/F SC REF# 0001383214 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 191 | 3/12/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001381492 DUE 3/11/15<br>S/F SC REF# 0001381492 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 190 | 2/12/15 | 6226 | CORP ADV DISB<br>PAYEE 63SSFSL #0001373926 DUE 2/11/15<br>S/F SC REF# 0001373926 | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 189 | 2/05/15 | 6226 | CORP ADV DISB | 11/11 | 223260.41 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |

Mr. Cooper
DETAIL TRANSACTION HISTORY

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | PRINCIPAL (BAL) | ESCROW (BAL) | TOTAL AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | 2/04/15 | | | | | | | | |
| 188 | 12/15/14 | 6226 | PAYEE 63SSFSL #0001372088 DUE<br>S/F SC REF# 0001372088<br>CORP ADV DISB | 11/11 | 223260.41 | .00 | 15.00− | .00 | .00 | .00 | 15.00−26 | |
| 187 | 11/17/14 | 1499 | PAYEE 63SSFSL #0001359921 DUE 12/12/14<br>S/F SC REF# 0001359921<br>ZZZZF−Late Charges | 11/11 | 223260.41 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| 186 | 11/04/14 | 6226 | S/F REF#<br>PAYEE 63SSFSL # DUE 11/04/14<br>S/F WR REF#<br>CORP ADV DISB | 11/11 | 223260.41 | .00 | 15.00− | .00 | .00 | .00 | 15.00−26 | |
| 185 | 10/23/14 | 6226 | PAYEE 63SSFSL # DUE 10/22/14<br>S/F WR REF#<br>CORP ADV DISB | 11/11 | 223260.41 | .00 | 15.00− | .00 | .00 | .00 | 15.00−26 | |
| 184 | 10/16/14 | 1499 | S/F REF#<br>ZZZZF−Late Charges | 11/11 | 223260.41 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| 183 | 9/16/14 | 1499 | S/F REF#<br>ZZZZF−Late Charges | 11/11 | 223260.41 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| 182 | 9/16/14 | 1919 | S/F REF#<br>RECOVER ESCROW ADVANCE | 11/11 | 223260.41 | .00 | 906.19− | .00 | .00 | 906.19− | .00 | 46.58 11 |
| 181 | 9/16/14 | 02 | S/F SW REF# 0000<br>PAYMENT     Int pd to: 10/01/11 | 11/11<br>10/01/11 | 223260.41 | 906.19 | 2404.66 | 333.92 | 1164.55 | 906.19 | .00 | |
| 180 | 9/16/14 | 2624 | S/F SW REF# 0000<br>FORBEARANCE ADJ | 10/11 | 223594.33 | .00 | 2404.66− | .00 | .00 | .00 | 2404.66−24 | |
| 179 | 9/15/14 | 1919 | S/F SW REF# 0000<br>RECOVER ESCROW ADVANCE | 10/11 | 223594.33 | .00 | 906.19− | .00 | .00 | 906.19− | .00 | |
| 178 | 9/15/14 | 02 | S/F SW REF# 0000<br>PAYMENT     Int pd to: 9/01/11 | 10/11<br>9/01/11 | 223594.33 | 906.19 | 2404.66 | 332.19 | 1166.28 | 906.19 | .00 | 46.65 11 |
| 177 | 9/15/14 | 2624 | S/F SW REF# 0000<br>FORBEARANCE ADJ | 9/11 | 223326.52 | .00 | 2404.66− | .00 | .00 | .00 | 2404.66−24 | |
| 176 | 9/12/14 | 1919 | S/F SW REF# 0000<br>RECOVER ESCROW ADVANCE | 9/11 | 223326.52 | .00 | 906.19− | .00 | .00 | 906.19− | .00 | |
| 175 | 9/12/14 | 02 | S/F SW REF# 0000<br>PAYMENT     Int pd to: 8/01/11 | 9/11<br>8/01/11 | 223326.52 | 906.19 | 2404.66 | 330.46 | 1168.01 | 906.19 | .00 | 46.72 11 |
| 174 | 9/12/14 | 2624 | S/F SW REF# 0000<br>FORBEARANCE ADJ | 8/11 | 224256.98 | .00 | 2404.66− | .00 | .00 | .00 | 2404.66−24 | |
| 173 | 9/12/14 | 6050 | S/F SW REF# 0000<br>HAZARD SFR     DISBURSED<br>PAYEE 500078  #09122014IN DUE 9/26/14 | 8/11 | 224256.98 | .00 | 3459.00− | .00 | .00 | 3459.00− | .00 | |
| 172 | 9/12/14 | 1950 | S/F WR REF# 09122014INS<br>HAZARD SFR     ADVANCE | 8/11 | 224256.98 | 3459.00 | 3459.00 | .00 | .00 | 3459.00 | .00 | |
| 171 | 9/11/14 | 1919 | S/F WR REF# 09122014INS<br>RECOVER ESCROW ADVANCE | 8/11 | 224256.98 | .00 | 906.19− | .00 | .00 | 906.19− | .00 | |
| 170 | 9/11/14 | 02 | S/F SW REF# 0000<br>PAYMENT     Int pd to: 7/01/11 | 8/11<br>7/01/11 | 224256.98 | 906.19 | 2404.66 | 328.75 | 1169.72 | 906.19 | .00 | 46.79 11 |
| 169 | 9/11/14 | 2624 | S/F SW REF# 0000<br>FORBEARANCE ADJ | 7/11 | 224585.73 | .00 | 2404.66− | .00 | .00 | .00 | 2404.66−24 | |
| 168 | 9/10/14 | 1919 | S/F SW REF# 0000<br>RECOVER ESCROW ADVANCE | 7/11 | 224585.73 | .00 | 906.19− | .00 | .00 | 906.19− | .00 | |

LOAN#

```
SR497CR-02                              Mr. Cooper                           1/28/19    6:19:04
SC1036                          DETAIL TRANSACTION HISTORY                   JOB DT:    1/28/19
                                                                              PAGE:       12
```

| TRANSACTION NBR | DATE | S/F CODE | DESCRIPTION | NEXT DUE | AFTER TRANS BALANCES PRINCIPAL | ESCROW | TOTAL AMOUNT | PRINCIPAL | INTEREST | ESCROW APPLIED | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 167 | 9/10/14 | S/F 02 | SW REF# 0000 PAYMENT  Int pd to: | 7/11 6/01/11 | 224585.73 | 906.19 | 2404.66 | 327.05 | 1171.42 | 906.19 | .00 | 46.86 11 |
| 166 | 9/10/14 | S/F 2624 | SW REF# 0000 FORBEARANCE ADJ | 6/11 | 224912.78 | .00 | 2404.66- | .00 | .00 | .00 | 2404.66-24 | |
| 165 | 9/09/14 | S/F 1919 | SW REF# 0000 RECOVER ESCROW ADVANCE | 6/11 | 224912.78 | .00 | 906.19- | .00 | .00 | 906.19- | .00 | |
| 164 | 9/09/14 | S/F 02 | SW REF# 0000 PAYMENT  Int pd to: | 6/11 5/01/11 | 224912.78 | 906.19 | 2404.66 | 325.35 | 1173.12 | 906.19 | .00 | 46.92 11 |
| 163 | 9/09/14 | S/F 2624 | SW REF# 0000 FORBEARANCE ADJ | 5/11 | 225238.13 | .00 | 2404.66- | .00 | .00 | .00 | 2404.66-24 | |
| 162 | 9/08/14 | S/F 1919 | SW REF# 0000 RECOVER ESCROW ADVANCE | 5/11 | 225238.13 | .00 | 906.19- | .00 | .00 | 906.19- | .00 | |
| 161 | 9/08/14 | S/F 02 | SW REF# 0000 PAYMENT  Int pd to: | 5/11 4/01/11 | 225238.13 | 906.19 | 2404.66 | 323.67 | 1174.80 | 906.19 | .00 | 46.99 11 |
| 160 | 9/08/14 | S/F 2624 | SW REF# 0000 FORBEARANCE ADJ | 4/11 | 225561.80 | .00 | 2404.66- | .00 | .00 | .00 | 2404.66-24 | |
| 159 | 9/05/14 | S/F 2524 | SW REF# 0000 FORBEARANCE ADJ | 4/11 | 225561.80 | .00 | 18526.78 | .00 | .00 | .00 | 18526.78 24 | |
| 158 | 9/05/14 | S/F 2625 | SW MISC ADJ | 4/11 | 225561.80 | .00 | 18526.78- | .00 | .00 | .00 | 18526.78-25 | |
| 157 | 7/29/14 | S/F 1919 | SW REF# 0000 RECOVER ESCROW ADVANCE | 4/11 | 225561.80 | .00 | 8155.71- | .00 | .00 | 8155.71- | .00 | |
| 156 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 4/11 3/01/11 | 225561.80 | 8155.71 | 2404.66 | 321.99 | 1176.48 | 906.19 | .00 | 47.06 11 |
| 155 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 3/11 2/01/11 | 225883.79 | 7249.52 | 2404.66 | 320.32 | 1178.15 | 906.19 | .00 | 47.13 11 |
| 154 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 2/11 1/01/11 | 226204.11 | 6343.33 | 2404.66 | 318.66 | 1179.81 | 906.19 | .00 | 47.19 11 |
| 153 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 1/11 12/01/10 | 226522.77 | 5437.14 | 2404.66 | 317.01 | 1181.46 | 906.19 | .00 | 47.26 11 |
| 152 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 12/10 11/01/10 | 226839.78 | 4530.95 | 2404.66 | 315.37 | 1183.10 | 906.19 | .00 | 47.32 11 |
| 151 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 11/10 10/01/10 | 227155.15 | 3624.76 | 2404.66 | 313.74 | 1184.73 | 906.19 | .00 | 47.39 11 |
| 150 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 10/10 9/01/10 | 227468.89 | 2718.57 | 2404.66 | 312.11 | 1186.36 | 906.19 | .00 | 47.45 11 |
| 149 | 7/29/14 | S/F 02 | AD REF# PAYMENT  Int pd to: | 9/10 8/01/10 | 227781.00 | 1812.38 | 2404.66 | 310.49 | 1187.98 | 906.19 | .00 | 47.52 11 |
| 148 | 7/29/14 | S/F 02 | AD REF# PAYMENT | 8/10 | 228091.49 | 906.19 | 2404.66 | 308.88 | 1189.59 | 906.19 | .00 | 47.58 11 |

LOAN#

```
SR497CR-02                              Mr. Cooper                      1/28/19  6:19:04
SC1036                          DETAIL TRANSACTION HISTORY              JOB DT:  1/28/19
                                                                       PAGE:        13
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | TRANS. BALANCES-ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC. PMTS & SRV. FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Int pd to: 7/01/10 | | | | | | | | | |
| | | | CONTINUED | | | | | | | | | |
| 147 | 7/29/14 | S/F AD REF# 2624 | FORBEARANCE ADJ | 7/10 | 228400.37 | .00 | 833.86- | .00 | .00 | .00 | .00 | 833.86-24 |
| 146 | 7/29/14 | S/F AD REF# 2625 | MISC ADJ | 7/10 | 228400.37 | .00 | 20808.08- | .00 | .00 | .00 | .00 | 20808.08-25 |
| 145 | 7/25/14 | S/F AD REF# 6226 | CORP ADV DISB  PAYEE 63SSFSL #  DUE 7/24/14 | 7/10 7/24/14 | 228400.37 | .00 | 15.00- | .00 | .00 | .00 | | 15.00-26 |
| 144 | 7/24/14 | S/F WR REF# 1325 | PMT-MISC SUSP | 7/10 | 228400.37 | .00 | .99 | .00 | .00 | .00 | | .99 25 |
| 143 | 7/24/14 | S/F AD REF# 9913  072414 | REV Other | 7/10 | 228400.37 | .00 | .99- | .00 | .00 | .00 | | .99-R4 |
| 142 | 7/24/14 | S/F AD REF# 1919 | RECOVER ESCROW ADVANCE | 7/10 | 228400.37 | .00 | 8155.71- | .00 | .00 | 8155.71- | | .00 |
| 141 | 7/24/14 | S/F AD REF# 1124 | PMT-FORBEAR SUSP | 7/10 | 228400.37 | 8155.71 | .99 | .00 | .00 | .00 | | .99 24 |
| 140 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 7/01/10 | 7/10 6/01/10 | 228400.37 | 8155.71 | 2404.66 | 307.28 | 1191.19 | 906.19 | .00 | 47.65 11 |
| 139 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 6/01/10 | 6/10 5/01/10 | 228707.65 | 7249.52 | 2404.66 | 305.69 | 1192.78 | 906.19 | .00 | 47.71 11 |
| 138 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 5/01/10 | 5/10 4/01/10 | 228913.34 | 6343.33 | 2404.66 | 304.11 | 1194.36 | 906.19 | .00 | 47.77 11 |
| 137 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 4/01/10 | 4/10 3/01/10 | 229317.45 | 5437.14 | 2404.66 | 302.53 | 1195.94 | 906.19 | .00 | 47.84 11 |
| 136 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 3/01/10 | 3/10 2/01/10 | 229619.98 | 4530.95 | 2404.66 | 300.97 | 1197.50 | 906.19 | .00 | 47.90 11 |
| 135 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 2/01/10 | 2/10 1/01/10 | 229920.95 | 3624.76 | 2404.66 | 299.41 | 1199.06 | 906.19 | .00 | 47.96 11 |
| 134 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 1/01/10 | 1/10 12/01/09 | 230220.36 | 2718.57 | 2404.66 | 297.85 | 1200.62 | 906.19 | .00 | 48.02 11 |
| 133 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 12/01/09 | 12/09 11/01/09 | 230518.21 | 1812.38 | 2404.66 | 296.31 | 1202.16 | 906.19 | .00 | 48.09 11 |
| 132 | 7/24/14 | S/F AD REF# 02 | PAYMENT  Int pd to: 11/01/09 | 11/09 10/01/09 | 230814.52 | 906.19 | 2404.66 | 294.78 | 1203.69 | 906.19 | .00 | 48.15 11 |
| 131 | 7/24/14 | S/F AD REF# 2625 | MISC ADJ | 10/09 | 231109.30 | .00 | 21642.93- | .00 | .00 | .00 | .00 | 21642.93-25 |
| 130 | 7/23/14 | S/F AD REF# 5591 | UPB Increase - Non Cas | 2/09 | 231109.30 | .00 | 6196.52- | 6196.52- | .00 | .00 | .00 | |
| 129 | 7/23/14 | S/F CM REF# 5632 | Int Decrease - Non Cas | 2/09 | 224912.78 | .00 | 6196.52- | .00 | 6196.52- | .00 | .00 | |
| 128 | 7/23/14 | S/F CM REF# 5599 | LOAN MODIFICATION | 2/09 | 224912.78 | .00 | 6196.52 | .00 | 6196.52 | .00 | .00 | |

```
SR497CR-02                                      Mr. Cooper                               1/28/19   6:19:04
SC11036                                DETAIL TRANSACTION HISTORY                         JOB DT:   1/28/19
                                                                                               PAGE:      14
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. BALANCES PRINCIPAL | ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC. PMTS & SRV. FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 127 | 7/17/14 | 2576 | CORP ADV NOCASH ADJ S/F CM REF# | 2/09 | 224912.78 | .00 | 32974.84 | .00 | .00 | .00 | 32974.84 26 | |
| 126 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F AD REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 125 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 124 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 123 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 122 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 121 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 120 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 119 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 118 | 7/11/14 | 2664 | NON CASH FEE ADJ S/F C REF# | 2/09 | 224912.78 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| 117 | 7/08/14 | 2326 | CORP ADVANCE ADJUST S/F AD REF# | 2/09 | 224912.78 | .00 | 95.00 | .00 | .00 | .00 | 95.00 26 | |
| 116 | 7/11/14 | 2326 | CORP ADVANCE ADJUST S/F AD REF# | 2/09 | 224912.78 | .00 | 390.00 | .00 | .00 | .00 | 390.00 26 | |
| 115 | 7/11/14 | 2326 | CORP ADVANCE ADJUST S/F AD REF# | 2/09 | 224912.78 | .00 | 90.00 | .00 | .00 | .00 | 90.00 26 | |
| 114 | 7/08/14 | 2625 | MISC ADJ S/F AD REF# Effective date: 9/27/13 | 11/11 | 224912.78 | .00 | 8561.38- | .00 | .00 | .00 | 8561.38-25 | |
| 113 | 7/08/14 | 1325 | PMT-MISC SUSP S/F AD REF# Effective date: 9/27/13 | 11/11 | 224912.78 | .00 | 10442.53 | .00 | .00 | .00 | 10442.53 25 | |
| 112 | 7/08/14 | 1408 | ZZZZF-E PAY FEE S/F C REF# Effective date: 9/27/13 | 11/11 | 224912.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 111 | 7/08/14 | 1408 | ZZZZF-E PAY FEE S/F C REF# Effective date: 7/08/13 | 11/11 | 224912.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 110 | 7/08/14 | 1408 | ZZZZF-E PAY FEE S/F C REF# Effective date: 3/27/13 | 11/11 | 224912.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 109 | 7/08/14 | 1325 | PMT-MISC SUSP S/F C REF# Effective date: 12/01/12 | 11/11 | 224912.78 | .00 | 59095.65 | .00 | .00 | .00 | 59095.65 25 | |
| 108 | 7/08/14 | 2643 | ESCROW ADJ S/F AD REF# Effective date: 12/01/12 | 11/11 | 224912.78 | .00 | 16344.13- | .00 | .00 | 16344.13- | .00 | |
| 107 | 7/08/14 | 19 | ESCROW ADVANCE S/F AD REF# Effective date: 12/01/12 | 11/11 | 224912.78 | 16344.13 | 16344.13 | .00 | .00 | 16344.13 | .00 | |

```
SR497CR-02                                    Mr. Cooper                              1/28/19   6:19:04
SC1036                              DETAIL TRANSACTION HISTORY                  JOB DT:  1/28/19
                                                                                        PAGE:    15
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. BALANCES PRINCIPAL | ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LOAN# | | | CONTINUED | | | | | | | | | |
| 106 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/12 / S/F AD REF# | 11/11 | 224912.78 | .00 | 4702.55- | .00 | 4702.55- | .00 | .00 | |
| 105 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/11 / S/F AD REF# | 11/11 | 224912.78 | .00 | 8293.03- | .00 | 8293.03- | .00 | .00 | |
| 104 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/10 / S/F AD REF# | 11/11 | 224912.78 | .00 | 18581.02- | .00 | 18581.02- | .00 | .00 | |
| 103 | 7/08/14 | 2542 | INTEREST ADJ / Effective date: 12/01/10 / S/F AD REF# | 11/11 | 224912.78 | .00 | 8293.03 | .00 | 8293.03 | .00 | .00 | |
| 102 | 7/08/14 | 2542 | INTEREST ADJ / Effective date: 12/01/11 / S/F AD REF# | 11/11 | 224912.78 | .00 | 4702.55 | .00 | 4702.55 | .00 | .00 | |
| 101 | 7/08/14 | 2542 | INTEREST ADJ / Effective date: 12/01/11 / S/F AD REF# | 11/11 | 224912.78 | .00 | 4702.55- | .00 | 4702.55- | .00 | .00 | |
| 100 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/10 / S/F AD REF# | 11/11 | 224912.78 | .00 | 8293.03- | .00 | 8293.03- | .00 | .00 | |
| 99 | 7/08/14 | 2542 | INTEREST ADJ / Effective date: 12/01/09 / S/F AD REF# | 11/11 | 224912.78 | .00 | 18581.02 | .00 | 18581.02 | .00 | .00 | |
| 98 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/09 / S/F AD REF# | 11/11 | 224912.78 | .00 | 18581.02- | .00 | 18581.02- | .00 | .00 | |
| 97 | 7/08/14 | 2642 | INTEREST ADJ / Effective date: 12/01/09 / S/F AD REF# | 11/11 | 224912.78 | .00 | 2613.54- | .00 | 2613.54- | .00 | .00 | |
| 96 | 7/08/14 | 9316 | REV Other / Effective date: 8/10/12 / S/F LB REF# 081012 | 11/11 | 224912.78 | .00 | 1820.62- | .00 | .00 | .00 | 1820.62-R4 | |
| 95 | 7/08/14 | 9301 | REV Other / Effective date: 8/10/12 / S/F LB REF# 081012 | 11/11 | 224912.78 | .00 | .00 | 327.05- | 1171.42- | 577.96- | 2076.43 24 | 46.86-11 |
| 94 | 7/08/14 | 1993 | ADVANCE / Effective date: 8/10/12 / S/F LB REF# | 12/11 | 224585.73 | 577.96 | 577.96 | .00 | .00 | 577.96 | .00 | |
| 93 | 7/08/14 | 9313 | REV Other / Effective date: 8/10/12 / S/F LB REF# 081012 | 12/11 | 224585.73 | .00 | 1179.38- | .00 | .00 | .00 | 1179.38-R4 | |
| 92 | 7/08/14 | 2524 | FORBEARANCE ADJ / Effective date: 12/17/12 / S/F AD REF# | 12/11 | 224585.73 | .00 | 1757.43- | .00 | .00 | .00 | 1757.43 24 | |
| 91 | 7/08/14 | 9315 | REV Other / Effective date: 12/17/12 / S/F AD REF# 121712 | 12/11 | 224585.73 | .00 | 1757.43- | .00 | .00 | 1757.43- | .00 | |
| 90 | 7/08/14 | 1993 | ADVANCE / Effective date: 12/17/12 / S/F AD REF# | 12/11 | 224585.73 | 1757.43 | 1757.43 | .00 | .00 | 1757.43 | .00 | |

```
SR497CR-02                                    Mr. Cooper                              1/28/19   6:19:04
SC1036                              DETAIL TRANSACTION HISTORY                      JOB DT: 1/28/19
                                                                                       PAGE:      16
```

| NBR | TRANS DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | AFTER TRANS. ESCROW | TOTAL AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 89 | 7/08/14 | 9316 | REV Other  Effective date: 3/27/13  S/F FS  REF# | 032713  12/11 | 224585.73 | .00 | 1457.51- | .00 | .00 | .00 | 1457.51-R4 | |
| 88 | 7/08/14 | 9314 | REV Other  Effective date: 3/27/13  S/F C   REF# | 032713  12/11 | 224585.73 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-08 |
| 87 | 7/08/14 | 9316 | REV Other  Effective date: 4/29/13  S/F FS  REF# | 042913  12/11 | 224585.73 | .00 | 1457.51- | .00 | .00 | .00 | 1457.51-R4 | |
| 86 | 7/08/14 | 9301 | REV Other  Effective date: 4/29/13  S/F FS  REF# | 042913  12/11 | 224585.73 | .00 | .00 | 328.75- | 1169.72- | 577.96- | 2076.43 24 | 46.79-11 |
| 85 | 7/08/14 | 1993 | ADVANCE  Effective date: 4/29/13  S/F FS  REF# | 1/12 | 224256.98 | 577.96 | 577.96 | .00 | .00 | 577.96 | .00 | |
| 84 | 7/08/14 | 9316 | REV Other  Effective date: 5/29/13  S/F FS  REF# | 052913  1/12 | 224256.98 | .00 | 1457.51- | .00 | .00 | .00 | 1457.51-R4 | |
| 83 | 7/08/14 | 2524 | FORBEARANCE ADJ  Effective date: 7/08/13  S/F FS  REF# | 070813  1/12 | 224256.98 | .00 | 921.96 | .00 | .00 | .00 | 921.96 24 | |
| 82 | 7/08/14 | 9302 | REV Other  Effective date: 7/08/13  S/F LB  REF# | 070813  1/12 | 224256.98 | .00 | 2406.96- | 330.46- | 1168.01- | 908.49- | .00 | 46.72-11 |
| 81 | 7/08/14 | 1993 | ADVANCE  Effective date: 7/08/13  S/F LB  REF# | 2/12 | 223926.52 | 908.49 | 908.49 | .00 | .00 | 908.49 | .00 | |
| 80 | 7/08/14 | 9314 | REV Other  Effective date: 7/08/13  S/F C   REF# | 070813  2/12 | 223926.52 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-08 |
| 79 | 7/08/14 | 2524 | FORBEARANCE ADJ  Effective date: 9/27/13  S/F SP  REF# | 092713  2/12 | 223926.52 | .00 | 846.01 | .00 | .00 | .00 | 846.01 24 | |
| 78 | 7/08/14 | 9302 | REV Other  Effective date: 9/27/13  S/F SP  REF# | 092713  2/12 | 223926.52 | .00 | 2431.01- | 332.19- | 1166.28- | 932.54- | .00 | 46.65-11 |
| 77 | 7/08/14 | 1993 | ADVANCE  Effective date: 9/27/13  S/F SP  REF# | 3/12 | 223594.33 | 932.54 | 932.54 | .00 | .00 | 932.54 | .00 | |
| 76 | 7/08/14 | 9314 | REV Other  Effective date: 9/27/13  S/F C   REF# | 092713  3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-08 |
| 75 | 6/18/14 | 6226 | CORP ADV DISB  PAYEE 63SSFSL #  S/F WR  REF# | DUE  3/12  6/12/14  DISBURSED | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |
| 74 | 6/17/14 | 603 | CITY TAX  PAYEE 32RI007 #0002772897 DUE  S/F SC  REF# | 3/12  7/01/14 | 223594.33 | .00 | 6040.26- | .00 | .00 | 6040.26- | .00 | .00 |
| 73 | 6/17/14 | 1932 | CITY TAX  ADVANCE  S/F SC  REF# 0002772897 | 3/12 | 223594.33 | 6040.26 | 6040.26 | .00 | .00 | 6040.26 | .00 | |
| 72 | 6/13/14 | 6226 | CORP ADV DISB | 3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | .00 | 15.00-26 |

LOAN#

SR497CR-02
SC1036

Mr. Cooper
DETAIL TRANSACTION HISTORY

1/28/19   6:19:04
JOB DT: 1/28/19
PAGE:   17

LOAN# ████████

CONTINUED

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS BAL. PRINCIPAL | ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | 5/22/14 | 6226 | CORP ADV DISB PAYEE 63SSFSL # DUE 6/11/14 S/F WR REF# | 3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 70 | 5/22/14 | 6226 | CORP ADV DISB PAYEE 63SSFSL # DUE 5/22/14 S/F WR REF# | 3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 69 | 5/05/14 | 6226 | CORP ADV DISB PAYEE 63SSFSL # DUE 5/05/14 S/F WR REF# | 3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 68 | 5/02/14 | 6226 | CORP ADV DISB PAYEE 63SSFSL # DUE 5/01/14 S/F WR REF# | 3/12 | 223594.33 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| 67 | 9/27/13 | 1408 | ZZZZF-E PAY FEE S/F C REF# | 3/12 | 223594.33 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 66 | 9/27/13 | 1499 | ZZZZF-E PAY FEE S/F F REF# | 3/12 | 223594.33 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 65 | 9/27/13 | 1919 | RECOVER ESCROW ADVANCE S/F SP REF# | 3/12 | 223594.33 | .00 | 932.54- | .00 | .00 | 932.54- | .00 | |
| 64 | 9/27/13 | 02 | PAYMENT Int pd to: 2/01/12 S/F SP REF# | 3/12 | 223594.33 | 932.54 | 2431.01 | 332.19 | 1166.28 | 932.54 | .00 | 46.65 11 |
| 63 | 9/27/13 | 2624 | FORBEARANCE ADJ S/F SP REF# | 2/12 | 223926.52 | .00 | 846.01- | .00 | .00 | .00 | 846.01-24 | |
| 62 | 9/12/13 | 6050 | HAZARD SFR DISBURSED PAYEE 5000787 #09120131IN DUE 9/26/13 S/F WR REF# 09120131INS | 2/12 | 223926.52 | 4834.00 | 4834.00- | .00 | .00 | 4834.00- | .00 | |
| 61 | 9/12/13 | 1950 | HAZARD SFR ADVANCE PAYEE 1950 #09120131INS S/F WR REF# 09120131INS | 2/12 | 223926.52 | 4834.00 | 4834.00 | .00 | .00 | 4834.00 | .00 | |
| 60 | 7/09/13 | 1408 | ZZZZF-E PAY FEE Effective date: 7/08/13 S/F C REF# | 2/12 | 223926.52 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 59 | 7/09/13 | 1499 | ZZZZF-E PAY FEE Effective date: 7/08/13 S/F F REF# | 2/12 | 223926.52 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| 58 | 7/09/13 | 1919 | RECOVER ESCROW ADVANCE Effective date: 7/08/13 S/F LB REF# | 2/12 | 223926.52 | 908.49 | 908.49- | .00 | .00 | 908.49- | .00 | |
| 57 | 7/09/13 | 02 | PAYMENT Int pd to: 1/01/12 Effective date: 7/08/13 S/F LB REF# | 2/12 | 223926.52 | 908.49 | 2406.96 | 330.46 | 1168.01 | 908.49 | .00 | 46.72 11 |
| 56 | 7/09/13 | 2624 | FORBEARANCE ADJ Effective date: 7/08/13 S/F LB REF# | 1/12 | 224256.98 | .00 | 921.96- | .00 | .00 | .00 | 921.96-24 | |
| 55 | 6/27/13 | 6226 | CORP ADV DISB PAYEE 63FATIN #0001211743 DUE 6/26/13 S/F SC REF# 0001211743 | 1/12 | 224256.98 | .00 | 95.00- | .00 | .00 | .00 | 95.00-26 | |
| 54 | 6/13/13 | 6032 | CITY TAX DISBURSED PAYEE 3RI007 #000156406B DUE 7/01/13 S/F SC REF# 0001564068 | 1/12 | 224256.98 | .00 | 5995.52- | .00 | .00 | 5995.52- | .00 | |

```
SR497CR-02                                                    1/28/19   6:19:04
SC1036                                                        JOB DT:   1/28/19
                          Mr. Cooper                          PAGE:        18
                  DETAIL TRANSACTION HISTORY
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS BALANCES PRINCIPAL | ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC PMTS &SRV FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CONTINUED | | | | | | | | | |
| 53 | 6/13/13 | 1932 | CITY TAX ADVANCE | 1/12 | 224256.98 | 5995.52 | 5995.52 | .00 | .00 | 5995.52 | .00 | .00 |
| | | | S/F SC REF# 0001564068 | | | | | | | | | |
| 52 | 5/29/13 | 16 | FORBEARANCE SUSPENSE | 1/12 | 224256.98 | .00 | 1457.51 | .00 | .00 | .00 | 1457.51 24 | .00 |
| | | | S/F FS REF# | | | | | | | | | |
| 51 | 5/16/13 | 2664 | NON CASH FEE ADJ | 1/12 | 224256.98 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| | | | S/F WC REF# | | | | | | | | | |
| 50 | 5/16/13 | 1499 | ZZZZF-Late Charges | 1/12 | 224256.98 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 49 | 5/09/13 | 6226 | CORP ADV DISB | 1/12 | 224256.98 | .00 | 390.00- | .00 | .00 | .00 | 390.00-26 | |
| | | | PAYEE 61HARMO #0001201214 DUE | 5/08/13 | | | | | | | | |
| | | | S/F SC REF# 0001201214 | | | | | | | | | |
| 48 | 4/29/13 | 1919 | RECOVER ESCROW ADVANCE | 1/12 | 224256.98 | .00 | 577.96- | .00 | .00 | 577.96- | .00 | |
| | | | S/F ES REF# | | | | | | | | | |
| 47 | 4/29/13 | 0116 | PMT FROM FORB SUSP | 1/12 | 224256.98 | 577.96 | 2076.43 | 328.75 | 1169.72 | 577.96 | 2076.43-R4 | 46.79 11 |
| | | | Int pd to: 12/01/11 | 12/01/11 | | | | | | | | |
| 46 | 4/29/13 | 16 | FORBEARANCE SUSPENSE | 12/11 | 224585.73 | .00 | 1457.51 | .00 | .00 | .00 | 1457.51 24 | .00 |
| | | | S/F FS REF# | | | | | | | | | |
| 45 | 4/16/13 | 2664 | NON CASH FEE ADJ | 12/11 | 224585.73 | .00 | 74.92- | .00 | .00 | .00 | .00 | 74.92-01 |
| | | | S/F WC REF# | | | | | | | | | |
| 44 | 4/16/13 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 43 | 3/28/13 | 1408 | ZZZZF-E PAY FEE | 12/11 | 224585.73 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| | | | Effective date: 3/27/13 | | | | | | | | | |
| | | | S/F C REF# | | | | | | | | | |
| 42 | 3/28/13 | 1499 | ZZZZF- PAY FEE | 12/11 | 224585.73 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 08 |
| | | | Effective date: 3/27/13 | | | | | | | | | |
| | | | S/F REF# | | | | | | | | | |
| 41 | 3/27/13 | 16 | FORBEARANCE SUSPENSE | 12/11 | 224585.73 | .00 | 1457.51 | .00 | .00 | .00 | 1457.51 24 | .00 |
| | | | S/F FS REF# | | | | | | | | | |
| 40 | 3/18/13 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 39 | 2/19/13 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 38 | 1/16/13 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 37 | 12/17/12 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 36 | 12/17/12 | 1919 | RECOVER ESCROW ADVANCE | 12/11 | 224585.73 | .00 | 1757.43- | .00 | .00 | 1757.43- | .00 | |
| | | | S/F AD REF# | | | | | | | | | |
| 35 | 12/17/12 | 2530 | ESCROW DEPOSIT | 12/11 | 224585.73 | 1757.43 | 1757.43 | .00 | .00 | 1757.43 | .00 | |
| | | | S/F AD REF# | | | | | | | | | |
| 34 | 12/17/12 | 2624 | FORBEARANCE ADJ | 12/11 | 224585.73 | .00 | 1757.43- | .00 | .00 | .00 | 1757.43-24 | |
| | | | S/F AD REF# | | | | | | | | | |
| 33 | 11/16/12 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 32 | 10/16/12 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 31 | 9/17/12 | 1499 | ZZZZF-Late Charges | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| | | | S/F REF# | | | | | | | | | |
| 30 | 9/12/12 | 6050 | HAZARD SFR DISBURSED | 12/11 | 224585.73 | .00 | 4681.00- | .00 | .00 | 4681.00- | .00 | |

LOAN#

```
SR497CR-02                              Mr. Cooper                          1/28/19   6:19:04
SC1036                          DETAIL TRANSACTION HISTORY                  JOB DT:   1/28/19
                                                                              PAGE:        19
```

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. BALANCES PRINCIPAL | ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC. PMTS & SRV. FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LOAN# | | | CONTINUED | | | | | | | | | |
| 29 | 9/12/12 | 1950 | HAZARD SFR ADVANCE  PAYEE 5000787 #09122012IN DUE S/F WR REF# 09122012INS | 12/11 | 224585.73 | 4681.00 | 4681.00 | .00 | .00 | 4681.00 | .00 | |
| 28 | 8/16/12 | 1499 | ZZZZF-Late Charges S/F WR REF# | 12/11 | 224585.73 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| 27 | 8/10/12 | 1324 | PMT-FORBEAR SUSP S/F LB REF# | 12/11 | 224585.73 | .00 | 1179.38 | .00 | .00 | .00 | 1179.38 24 | |
| 26 | 8/10/12 | 1919 | RECOVER ESCROW ADVANCE S/F LB REF# | 12/11 | 224585.73 | .00 | 577.96- | .00 | .00 | 577.96- | .00 | |
| 25 | 8/10/12 | 0116 | PMT FROM FORB SUSP Int pd to: 11/01/11 S/F LB REF# | 12/11 | 224585.73 | 577.96 | 2076.43 | 327.05 | 1171.42 | 577.96 | 2076.43-R4 | 46.86 11 |
| 24 | 8/10/12 | 16 | FORBEARANCE SUSPENSE S/F LB REF# | 11/11 | 224912.78 | .00 | 1820.62 | .00 | .00 | .00 | 1820.62 24 | |
| 23 | 7/16/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | 74.92 | .00 | .00 | .00 | .00 | 74.92 01 |
| 22 | 7/02/12 | 2676 | CORP ADV NOCASH ADJ S/F AD REF# 0000 | 11/11 | 224912.78 | .00 | 32974.84- | .00 | .00 | .00 | .00 | 32974.84-26 |
| 21 | 6/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 20 | 5/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 19 | 4/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 18 | 3/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 17 | 2/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 16 | 1/17/12 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 15 | 12/17/11 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 14 | 11/17/11 | 1499 | ZZZZF-Late Charges S/F REF# | 11/11 | 224912.78 | .00 | .00 | .00 | .00 | .00 | .00 | .00 01 |
| 13 | 7/03/12 | 2524 | FORBEARANCE ADJ Effective date: 7/01/12 S/F LB REF# | 11/11 | 224912.78 | .00 | 833.86 | .00 | .00 | .00 | 833.86 24 | |
| 12 | 7/03/12 | 2643 | ESCROW ADJ Effective date: 7/01/12 S/F LB REF# | 11/11 | 224912.78- | .00 | 4608.65- | .00 | .00 | 4608.65- | .00 | |
| 11 | 7/03/12 | 1919 | ESCROW ADVANCE Effective date: 7/01/12 S/F LB REF# | 11/11 | 224912.78 | 4608.65 | 4608.65 | .00 | .00 | 4608.65 | .00 | |
| 10 | 7/03/12 | 2103 | NEW LOAN NOCASH Effective date: 7/01/12 S/F LB REF# | 11/11 | 224912.78 | .00 | 224912.78- | 224912.78- | .00 | .00 | .00 | |
| | | | * * * * TOTALS * * * * | | | | | 253595.65- | 3017.67 | | | |

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095



2331507770

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Mr. Cooper
PO Box 660783
Dallas, TX 75266-0783

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_NOI

# cooper

Sugo Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

04/10/2018

DANIELLE LEMA C/O JOHN B. ENNIS
15 9TH ST
EAST PROVIDENCE, RI 02914-4811

Loan Number:
Investor Name:         Federal National Mortgage Association
Property Address:      15 NINTH ST
                       EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC.  All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



RI_NOI
Page 1 of 3

2331507770

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247.** You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095



2331507769

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

20180410-160

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012



RI_NOI

# cooper

8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

04/10/2018

DANIELLE LEMA C/O JOHN B. ENNIS
1200 RESERVOIR AVE
CRANSTON, RI 02920-6012

Loan Number:
Investor Name:         Federal National Mortgage Association
Property Address:      15 NINTH ST
                       EAST PROVIDENCE, RI 02914

Dear DANIELLE LEMA C/O JOHN B. ENNIS:

If you are represented by an attorney, please send this notice to your attorney.

Mr. Cooper is the mortgage loan servicer for the above referenced loan.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 12/01/2017 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$10,962.26**. In order to cure this default, you must pay the total amount due of **$10,962.26** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Mr. Cooper at 888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Mr. Cooper subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

**Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.**
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



233150776.9

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Mr. Cooper, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Mr. Cooper, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247**. You may call Mr. Cooper at 888-480-2432 if you have questions regarding your account or write to Mr. Cooper, 8950 Cypress Waters Blvd., Dallas, TX 75019.

Unless otherwise required by applicable law, Mr. Cooper is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Mr. Cooper may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

$10,962.26 must be paid by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 05/01/2018 is still due on 05/01/2018 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay $10,962.26 by 05/15/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper.

If you request in writing, Mr. Cooper will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Mr. Cooper will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's Foreclosure Prevention Department at 888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.mrcooper.com/support/mortgage_assistance for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil;

1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Kristi Berry
Dedicated Loan Specialist
Mr. Cooper
866-316-2432 ext. 6874267
8950 Cypress Waters Blvd.
Dallas, TX 75019



RI_NOI
Page 3 of 3



**SHECHTMAN HALPERIN SAVAGE, LLP**

*Attorneys At Law*
*A Limited Liability Partnership*

August 21, 2018

Danielle Lema
15 Ninth Street
East Providence, RI 02914

9414 8149 0113 5940 8660 50

Danielle Lema
c/o Attorney John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

9414 8149 0113 5940 8660 67

Danielle Lema
15 9th Street, Floor 3
East Providence, RI 02914

9414 8149 0113 5940 8663 57

RE:   15 Ninth Street, East Providence, RI 02914
      Loan No.: ███████

Dear Sir or Madam:

This office represents Nationstar Mortgage, LLC dba Mr. Cooper in the above referenced matter.  Enclosed, please find a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services.

Very truly yours,

*Maggie Pitts-Dilley, Esq.*

Enclosure

**1080 Main Street**
**Pawtucket, Rhode Island 02860**
*p* **401.272.1400** *f* **401.272.1403**
**www.shslawfirm.com**

🜋  **FORM 34-27-3.1**

| |
|---|
| **NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES** |

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

RE:  ███████████

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost.** Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov.    The TDD number is 1-800-877-8339.

Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

**HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListActio n=sea rch&searchstate=RI.  If you do not have internet access, call the toll- free number above and request a printed list.**

Mortgagee:  Nationstar Mortgage, LLC dba Mr. Cooper
Mortgagee Address: 350 Highland Drive, Lewisville, TX 75067
Mortgagee Authorized Representative: Maggie Pitts-Dilley, Esq.
Date Mailed:  August 21, 2018
Contact Information for Mortgagee Authorized Representative:
Telephone:   1-877-575-1400
Email:  RI-FC-Team@shslawfirm.com

🏛 **FORMULARIO 34-27-3.1**

> AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECAR10 A
> EJECUTAR  LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE
> SERVICIOS DE ORIENTACIÓN HIPOTECARIA

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

## AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ▮▮▮▮▮▮▮

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

## NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800-877-8339.

Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar

http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction
=se arch&searchstate=RI. Si usted no tiene acceso a internet,
llame a la línea de teléfono gratuita que aparece arriba para
solicitar una lista impresa.

Acreedor hipotecario: Nationstar Mortgage, LLC dba Mr. Cooper
Dirección del Acreedor hipotecario: 350 Highland Drive, Lewisville, TX
75067
Representante autorizado del Acreedor hipotecario: Maggie Pitts-Dilley, Esq.
Fecha de envio por correo: August 21, 2018
Información de contacto del representante autorizado del Acreedor hipotecario:
Teléfono: 1-877-575-1400
Correo electrónico:   RI-FC-Team@shslawfirm.com

Copy

Mr. Cooper
P.O. Box 9095
Temecula, CA  92589-9095



9307 1100 1170 0959 3498 10

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20180525-160

Rhode Island Housing Mediation Coordinator
44 WASHINGTON ST
PROVIDENCE, RI 02903-1731



RI_MEDIATION_MC

Copy

Mr. Cooper
P.O. Box 9095
Temecula, CA 92589-9095

Send Payments to:
Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783



9314 7100 1170 0959 1876 81

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20160524-160

"LEMA, DANIELLE"
15 9TH ST
EAST PROVIDENCE, RI 02914-4811



RI_Mediation



**cooper**

8950 Cypress Waters Blvd.
Dallas, TX 75019

OUR INFO
ONLINE
www.mrcooper.com

05/24/2018

Sent Via Certified Mail
9314 7100 1170 0959 1876 81

FORM 34-27-3.2

## NOTICE OF MEDIATION CONFERENCE PURSUANT TO
## R.I. GEN. LAWS § 34-27-3.2

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

> **TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED APPENDIX B, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

Name of Mortgagor: "LEMA, DANIELLE"
Re:
INSERT ADDRESS OF RESIDENTIAL REAL ESTATE:
15 NINTH ST EAST PROVIDENCE, RI 02914
Date of Default: 12/01/2017
Date of release of loan from automatic stay in bankruptcy proceeding if applicable: 04/04/2018
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable: N/A

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

Mortgagee:                Nationstar Mortgage LLC d/b/a Mr. Cooper
Mortgagee Address:
Street:                   8950 Cypress Waters Blvd.
City, State, Zip Code:    Dallas, TX 75019

Mortgagee Authorized Representative: Mediation Department
Date mailed: 05/24/2018

Contact Information for Mortgagee Authorized Representative:

Telephone: 855-827-7638

Email: prmm@mrcooper.com

cc: Mediation Coordinator: Rhode Island Housing



RI_Mediation
Page 1 of 4

www.mrcooper.com

9314 7100 1170 0959 1876 81



🏛 FORMULÁRIO 34-27-3.2

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS**
**R.I. GEN. § 34-27-3.2**

---

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O "APPENDIX B" PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

Nome do cliente: "LEMA, DANIELLE"
Re: ▮▮▮▮▮▮▮
INSERIR ENDEREÇO DO IMÓVEL RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Data de delinquência: 12/01/2017
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:  04/04/2018
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicavel: N/A

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

Créditos Imobiliários:                    Nationstar Mortgage LLC d/b/a Mr. Cooper
Endereço de Créditos Imobiliários:
Rua:                                       8950 Cypress Waters Blvd.
Cidade, Estado, CEP:                      Dallas, TX 75019

Representante Autorizado de Créditos Imobiliários: Mediation Department
Data de envio: 05/24/2018

Informações de Contato para Representante Autorizado de Créditos Imobiliários:

Telefone: 855-827-7638

E-mail: prmm@mrcooper.com

cc: Coordenador de Mediação: Rhode Island Housing

9314 7100 1170 0959 1876 81



☙ FORMULARIO 34-27-3.2

---

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.)

---

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL APENDICE B COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: "LEMA, DANIELLE"
Ref.: ▮▮▮▮▮
ESCRIBA LA DIRECCIÓN DE LA PROPIEDAD RESIDENCIAL:
15 NINTH ST EAST PROVIDENCE, RI 02914
Fecha de Defecto: 12/01/2017
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: 04/04/2018
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde: N/A

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

Acreedor hipotecario:            Nationstar Mortgage LLC d/b/a Mr. Cooper
Dirección del Acreedor hipotecario:
Calle:            8950 Cypress Waters Blvd.
Ciudad, estado y código postal:            Dallas, TX 75019

Representante autorizado del Acreedor hipotecario: Mediation Department
Fecha de envío postal: 05/24/2018

Información de contacto del representante autorizado del Acreedor hipotecario:

Teléfono: 855-827-7638

Dirección de correo electrónico: prmm@mrcooper.com

cc: Coordinador de Mediación: Rhode Island Housing



9314 7100 1170 0959 1876 81



## Additional Disclosures

### Mini Miranda

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

### Credit Reporting:

We may report information about your account to credit bureaus and late or missed payments may be reflected on your credit report. As required by law, you are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations.

### Servicemembers' Civil Relief Act:

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Mr.Cooper immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Mr. Cooper as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.militaryonesource.mil; 1-800-342-9647), Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and HUD-certified housing counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You may also call Mr.Cooper toll-free at 888-480-2432 if you have questions about your rights under SCRA.

### Company Loss Mitigation Options:

Mr. Cooper offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternative. If you would like to learn more about these programs, you may contact our Loss Mitigation Department at 1-888-480-2432, Mr. Cooper, Monday through Thursday from 7 a.m. to 9 p.m. (CT), Friday from 7 a.m. to 6 p.m (CT) and Saturday from 8 a.m to 12 p.m. (CT).

9314 7100 1170 0959 1876 81



**APPENDIX C**
**CERTIFICATE OF COMPLIANCE WITH MEDIATION REQUIREMENT**
**PURSUANT TO R.I. GEN. LAWS § 34-27-3.2**

I, William Martinelli, of Rhode Island Housing, certify as follows:

1. Nationstar Mortgage LLC d/b/a Mr. Cooper is the holder of the mortgage given by Danielle Lema, located at 15 Ninth Street, East Providence, RI 02914 (the "Mortgage").

2. Danielle Lema was properly served with the Notice of Mediation Conference pursuant to R.I. Gen. Laws § 34-27-3.2.

3. Rhode Island Housing served as the Mediation Coordinator defined in R.I. Gen. Laws § 34-27-3.2 and Department of Business Regulation Banking Regulation 5 regarding the Mortgagee's potential foreclosure proceedings.

4. Nationstar Mortgage LLC d/b/a Mr. Cooper has paid all fees and penalties required under R.I. Gen. Laws § 34-27-3.2 subsections (d)(1) and (f).

5. For the reasons set forth below, the Mortgagee is authorized to proceed with the foreclosure action, including recording of the foreclosure deed [check one box below]:

   ☑ After two attempts by the Agency to contact the Mortgagor, the Mortgagor failed to respond to the request of the Agency to appear for the Mediation Conference or otherwise participate in the Mediation Conference.
   ☐ The Mortgagor failed to comply with the requirements of R.I. Gen. Laws § 34-27-3.2.
   ☐ The parties been unable to reach an agreement to renegotiate the loan in order to avoid a foreclosure through the Mediation Conference, despite the Mortgagee's good faith efforts as noted on Attachment 1.

6. I am authorized by the Agency to issue this Certificate.

William Martinelli
Mediation Coordinator
July 30, 2018

## ATTACHMENT 1

### Good Faith Determination

The Mortgagee, or its authorized representative, has made a good faith effort to reach agreement with the Mortgagor to renegotiate the terms of the Mortgage in an effort to avoid foreclosure.    The Mortgagee's good faith is evidenced by the following factors [check all applicable boxes]:

☑ Mortgagee provided the Notice of Mediation Conference to the Mortgagor as required by R.I. Gen. Laws § 34-27-3.2.

☐ Mortgagee designated an agent authorized to participate in the Mediation Conference on its behalf, and with authority to agree to a Workout Agreement on behalf of Mortgagee.

☐ Mortgagee made reasonable efforts to respond in a timely manner to requests for information from the Mediation Coordinator, Mortgagor, or counselor assisting the Mortgagor.

☐ Mortgagee analyzed and responded to the Workout Agreement submitted by the Mortgagor and/or Mediation Coordinator within fourteen days of the Workout Agreement.

☐ If the Mortgagee declines to accept the Mortgagor's Workout Agreement, the Mortgagee provided written, detailed statement of its reasons for rejecting the proposal within fourteen (14) days.

☐ If the Mortgagee declines to accept the Mortgagor's Workout Agreement, the Mortgagee offered, in writing within fourteen (14) days, to enter into an alternative work-out/disposition resolution proposal that would result in a material net financial benefit to the Mortgagor as compared to the terms of the Mortgage.

☐ Other facts demonstrating Mortgagee's good-faith [please specify]:

_____

_____

_____

_____

_____

# Declaration of Mailing

Date: January 28, 2019

B&S No. 18-16835 FC01                                       Document(s): **Debt Dispute Response**

I, the undersigned declarant, declare that I am an officer, agent or employee of Brock & Scott, PLLC, whose business address is 1080 Main Street, Suite 200, Pawtucket, RI 02860. I am over the age of eighteen years. A review of our records indicate on the above date by USPS Certified mail, enclosed in a sealed envelope with postage paid, the identified document(s) was deposited in the United States postal system.

| Number of Article | Name of Addressee, Street, and Post Office Address | Reg. Fee | Cert. Fee | R.R. Fee | |
|---|---|---|---|---|---|
| **Certified Article Number**  9414 7266 9904 2142 6593 25  **SENDER'S RECORD** | John B. Ennis 1200 Reservoir Avenue Cranston, RI 02920 | $1.21 | $3.50 | $2.80 | |

| Number of Pieces by Sender 1 | Number of Pieces Received | Postmaster (Name) Receiving Employee | Mail By (Name) Sending Employee |
|---|---|---|---|

I certify that the foregoing is true and correct.

1/28/19
(Date)

_Denise Santiago_
(Declarant)

Printed name: DENISE SANTIAGO




Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
B&S File No.: 18-16835

John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
B&S File No.:  18-16835

John B. Ennis
1200 Reservoir Avenue
Cranston, RI 02920

**EXHIBIT A-10**

Tax: $1,366.20
Date: 08/28/2019
Transfer Tax #: 9535

RECORDER:
CITY OF EAST PROVIDENCE
RHODE ISLAND REAL ESTATE CONVEYANCE TAX

DOC # 201900005111
BK: 4172  PG: 166                    Pages: 3
Recorded: 08/28/2019 01:05 PM
City of East Providence, Rhode Island
Samantha Burnett, City Clerk

# WARRANTY DEED

I, **Danielle Lema**, of East Providence, Rhode Island for full consideration paid in the amount of **Two Hundred Ninety Seven Thousand ($297,000.00) and 00/100 Dollars** grant to **Darcelino M. Ramos** of **East Providence, Rhode Island** as **Sole Owner**

## WITH **WARRANTY COVENANTS**

### See Exhibit A attached hereto

Meaning and intending to convey the premises that the Grantors obtained from James G. Eldridge, Jr. on September 28, 2005 and was recorded in the East Providence Land Evidence Records on September 28, 2005 in Book 2545, page 241.

I, **Danielle Lema** do hereby covenant that I am a Rhode Island Resident as evidenced by affidavit and as such no withholding pursuant to RIGL 44-30-71.3 is required

The undersign hereby certifies that he/she has complied with the smoke detector law, and carbon monoxide detector law of the State of Rhode Island.

Grantee herein is prohibited from conveying captioned property for any sales price for a period of 45 days from August 28, 2019. After this 45 day period, Grantee is further prohibited from conveying the property for a sales price greater than $356,400.00 until 90 days from August 28, 2019. These restrictions shall run with the land and are not personal to the Grantee.

*IN WITNESS WHEREOF*, I have set my hand on this ___*23*___ day of ___*August*___, 20*19*

_____
**Danielle Lema**


**STATE OF** *Rhode Island*
**COUNTY OF** *Kent*


In *East Greenwich*, on the ___*23*___ day of ___*August*___, 20*19*, before me
personally appeared **Danielle Lema** to be known by me to be the party executing the foregoing instrument and
she acknowledged said instrument by her executed to be her free act and deed.


_____
**Notary Public**

> Melissa D'Ellena
> Notary Public, State of Rhode Island
> My Commission Expires July 30, 2023


*Grantees Address:*
**15 Ninth Street**
**East Providence, RI 02914**

File No : **19-5810**

## EXHIBIT "A"

**That certain lot or parcel of land with all the buildings and improvements thereon, situated on the westerly side of Ninth Street is the City of East Providence, County of Providence, State of Rhode Island, laid out and designated as Lot Numbered 244 (two hundred forty-four) and the southerly five (5') feet in width by the entire depth of Lot Numbered 245 (two hundred forty-five) on that plat of land entitled "PLAT OF LAND IN SEEKONK BELONGING TO JOSHUA MAURAN SURVEYED SEPT. 12TH 1845 COPIED BY CUSHING & WALLING NOV. 1847, RECOPIED MAY 1877 S.B. CUSHING", which said plat is recorded in the Records of Land Evidence in said City of East Providence in Plat Book 63.**

**Meaning and intended to describe the premises conveyed in deed dated September 28, 2005 and recorded with East Providence Land Records in Book 2545, Page 241**

**EXHIBIT A-11**

Cop

| American Land Title Association | ALTA Settlement Statement - Combined |
|---|---|
| | Adopted 05-01-2015 |

| | |
|---|---|
| **File No./Escrow No.:** 19-5810 | Kriss Law, LLC |
| **Print Date & Time:** 08/27/19 1:56 PM | **ALTA Universal ID:** 1100725 |
| **Officer/Escrow Officer:** Sara Knox | 15 Crawford Street |
| **Settlement Location:** | Needham, MA  02494 |
| Mateus Realty | |
| 582 Warren Avenue | |
| East Providence, RI 02914 | |

| | |
|---|---|
| **Property Address:** | 15 Ninth Street,East Providence, RI,02914 |
| | 15 Ninth Street |
| | East Providence, RI 02914 |
| **Borrower:** | Darcelino M. Ramos |
| | 49 Purchase Street |
| | East Providence, RI 02914 |
| **Seller:** | Danielle Lema |
| | 18 Ninth Street |
| | East Providence, RI 02914 |
| **Lender:** | Residential Mortgage Services, Inc., 24 Christopher Toppi Drive, South Portland, ME, 04106 |
| **Loan Number:** | ▮ |
| **Settlement Date:** | 08/28/2019 |
| **Disbursement Date:** | 08/28/2019 |
| **Additional dates per state requirements:** | |

I hereby certify that this is a true and correct copy of the original document.
Certified By ⟨signature⟩
Month _August_ Day _28_ Year _2019_

| | | Description | Debit | Credit |
|---|---|---|---|---|
| | | **Financial** | | |
| | $297,000.00 | Sale Price of Property | $297,000.00 | |
| | | Deposit | | $1,000.00 |
| | | Loan Amount | | $291,620.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $7,000.00 | | Closing Cost Credit | | $7,000.00 |
| $1,035.82 | | City Property Taxes | | $1,035.82 |
| | | City Property Taxes from 07/01/2019 to 08/28/2019 | | |
| $1,629.62 | | Real Estate Tax 04/01/2019 to 06/30/2019 to City of East Providence | | |
| | | | | |
| | | **Loan Charges to Residential Mortgage Services, Inc.** | | |
| | | Origination Fee | $885.00 | |
| | | Prepaid Interest $28.9623 per day from 08/28/2019 to 09/01/2019) | $115.85 | |
| | | | | |
| | | **Other Loan Charges** | | |
| | | Appraisal Fee | $675.00 | |
| | | Appraisal- Final Inspection | $125.00 | |

Cop

| | | | |
|---|---|---|---|
| | | Credit Monitoring Fee | $14.00 |
| | | Credit Report | $43.50 |
| | | Flood Certification | $8.50 |
| | | MERS Registration Fee | $11.95 |
| | | Mortgage Insurance Premium | $5,015.58 |
| | | Tax Service | $95.00 |
| | | | |
| | | **Impounds** | |
| | | Homeowner's Insurance $145.25 per month for 3 mo. | $435.75 |
| | | Property Taxes $543.21 per month for 3 mo. | $1,629.63 |
| | | | |
| | | **Title Charges & Escrow / Settlement Charges** | |
| | | Title - CATIC -- RI -- Closing Protect to CATIC | $25.00 |
| | | Title - Delivery Fee to Kriss Law, LLC | $25.00 |
| | | Title - Lender's Title Insurance($507.00) to CATIC | $507.00 |
| | | Title - MLC Fee to City of East Providence | $25.00 |
| | | Title - Plot Plan Fee to ABL | $85.00 |
| | | Title - Settlement Fee to Kriss Law, LLC | $375.00 |
| | | Title - Owner's Title Insurance($686.00) to CATIC | $686.00 |
| $1,500.00 | | Title Examination & Title Services to MD Legal Group | |
| | | | |
| | | **Government Recording and Transfer Charges** | |
| | | Recording Fee (Mortgage) to Registry of Deeds | $79.00 |
| | | Recording Fee (Deed) to Registry of Deeds | $86.00 |
| $1,366.20 | | Transfer Tax to Registry of Deeds | |
| | | Record MLC to Registry of Deeds | $8.00 |
| $49.00 | | Record Release to City of East Providence | |
| | | | |
| | | **Payoff(s)** | |
| $260,627.50 | | Lender: Payoff of First Mortgage Loan to Mr Cooper | |
| | | Total ($260,627.50) | |
| | | | |
| | | **Miscellaneous** | |
| | | Homeowner's Insurance Premium | $1,743.00 |
| $8,910.00 | | Commission to Mateus Realty | |
| $8,910.00 | | Commission to Williams & Stuart Real Estate | |
| $50.00 | | Discharge Tracking Fee to Kriss Law, LLC | |
| $200.00 | | Final Water/Sewer $119.05 POC to City of East Providence | |
| $1,800.00 | | Legal Fee to MD Legal Group | |
| $500.00 | | Lien Search Fee to MD Legal Group | |
| $316.86 | | O/S Motor Vehicle Taxes $6.96 POC to City of East Providence | |
| $3,000.00 | | Seller Relocation Incentive to Danielle Lema | |
| $55.00 | | Smoke Certificate to Town Fire Marshall | |
| $50.00 | | Wire Fee to Kriss Law, LLC | |

I hereby certify that this is a true and correct copy of the original document. Certified By _Deborah C. Tice_ Month _August_ Day _28_ Year _2019_

Copyright 2015 American Land Title Association.
All rights reserved.

File # 19-5810
Printed on: 08/27/19 1:56 PM

Cop

| | | | | |
|---|---|---|---|---|
| $297,000.00 | $297,000.00 | **Subtotals** | $309,698.76 | $300,655.82 |
| | | Due From Borrower | | $9,042.94 |
| | | Due From Seller | | |
| $297,000.00 | $297,000.00 | **Totals** | $309,698.76 | $309,698.76 |

I hereby certify that this is a true and
correct copy of the original document.

Certified By *Deborah C. June*

Month *August*  Day *28*  Year *2019*

Copyright 2015 American Land Title Association.
All rights reserved.

File # 19-5810
Printed on: 08/27/19 1:56 PM

Cop

---

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Kriss Law, LLC to cause the funds to be disbursed in accordance with this statement.

_Darcelino M Ramos_     08·28·19
Darcelino M. Ramos     Date

_Danielle Lema, by her attorney in fact McBellew_     8/28/19
Danielle Lema     Date

---

_Scott Kriss_  Sherin Lussier     8/28/19
Date

---

I hereby certify that this is a true and correct copy of the original document.

Certified By _Debra C Jine_

Month _August_ Day _28_ Year _2019_

Copyright 2015 American Land Title Association.
All rights reserved.

File # 19-5810
Printed on: 08/27/19 1:56 PM

**EXHIBIT A-12**

Copy

DOC # 201900005619
BK: 4180  PG: 217          Pages: 1
Recorded: 09/19/2019 11:42 AM
City of East Providence, Rhode Island
Samantha Burnett, City Clerk

Recording Requested By:
NATIONSTAR MORTGAGE LLC DBA MR. COOPER

When Recorded Return To:

NATIONSTAR MORTGAGE DBA MR. COOPER
RELEASES
P.O. BOX 619092
DALLAS, TX  75261-9947

### CERTIFICATE OF RELEASE
NATIONSTAR MORTGAGE #:******5418 "LEMA"  Lender ID:AAF   East Providence City, Rhode Island
MIN #: 10002420001084800  SIS #: 1-888-679-6377

KNOW ALL MEN BY THESE PRESENTS that FEDERAL NATIONAL MORTGAGE ASSOCIATION BY
NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, ITS ATTORNEY-IN-FACT holder of a certain Mortgage,
whose parties, dates and recording information are below,  does hereby cancel and discharge said Mortgage.

Original Grantor:  DANIELLE LEMA
Original Grantee:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN
BROKERS CONDUIT ITS SUCCESSORS AND ASSIGNS
Dated:  09/28/2005 Recorded:  09/28/2005 in Book/Reel/Liber: 2545 Page/Folio: 243 as Instrument No.: 009636 in
the records of East Providence City, State of Rhode Island

 Property Address: 15 NINTH ST, EAST PROVIDENCE, RI  02914

IN WITNESS WHEREOF, the undersigned, by the officer duly authorized, has duly executed as a free act and deed
the foregoing instrument.

FEDERAL NATIONAL MORTGAGE ASSOCIATION BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, ITS
ATTORNEY-IN-FACT
On September 6th, 2019

By:
MOHAMED S. HAMEED, Vice-President

STATE OF Texas
COUNTY OF Dallas

On September 6th, 2019, before me, DANIELA HORVATH, a Notary Public in and for Dallas in the State of Texas,
personally appeared MOHAMED S. HAMEED, Vice-President, personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

DANIELA HORVATH
Notary Expires: 01/27/2020  #128862890

DANIELA HORVATH
Notary Public, State of Texas
Comm. Expires 01-27-2020
Notary ID 128862890

(This area for notarial seal)

*KAM*KAMNATT*09/06/2019 09:26:03 AM* NATT01NATT0000000000000002144917* RI_EPRO* ******5418 RISTATE_MORT_REL NPIF **TJ1NATT*

Copy