UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE, LLC,<br><br>          Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

## REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") submits this reply in support of its *Motion to Dismiss* the *Complaint* of Plaintiff Danielle Lema ("Plaintiff") and in response to the *Memorandum of Law in Support of Response to Motion to Dismiss* ("*Opposition*") that she filed on June 18, 2020.  The *Opposition* provides lengthy discussion of why Plaintiff believes the canceled foreclosure sale was improper.[1]  However, Plaintiff neglected to articulate any actual harm that she suffered by a canceled foreclosure or why the short sale of the Property, effectuated through a $99,852.23 reduction of the secured amounts, plus an additional ***$3,000.00 cash payment to Plaintiff***, did not completely render moot her claims that the foreclosure notices that she denies receiving caused her some minimal harm.

---

[1] Despite asserting that the *Motion to Dismiss* asserts factual issues like a motion for summary judgment (*Opposition* at 1), Plaintiff did not submit any affidavit or other evidence to show that there is any material dispute over certain matters, such as whether notices were mailed to the Property by both first class and certified mail. *Opposition* at 8. Nationstar submitted the affidavit of A.J. Loll to attest to the mailing based on Nationstar's business records.  After more than five months, it is telling that the Plaintiff cannot (or will not) submit an affidavit even stating that she did not receive the notices.  Plaintiff's attorney admits receiving the notices on behalf of the Plaintiff. *Opposition* at 1.

83084331v.1

The *Opposition* argues that the action is not moot because Plaintiff raised a claim for damages. *Opposition* at 2 (listing, without citation or argument, the damages that Plaintiff claims from Fannie Mae) and 6 (same applicable to Nationstar). The only "actual damages" she claims she incurred is "spending money on gasoline driving to her attorney's office twice," "call[ing] her attorney on her cell phone regarding her concern of the foreclosure sale," and "using electricity to recharge her cell battery for the calls." *Id.* at 30.

This Court has repeatedly dismissed complaints that alleged litigation costs or attorneys' fees to try to satisfy the requirement of actual damages. *See Lebeau v. U.S. Bank, Nat'l Ass'n*, No. 17-329-JJM, 2019 WL 1077285, at *4 (D.R.I. Mar. 7, 2019) (McConnell, J.) (dismissing RESPA claim where plaintiff alleged he used electricity from his cell phone to speak with his attorney, and used gasoline to drive to his attorney's office as insufficient allegations of damages). Likewise, in *Viera v. Bank of New York Mellon*, the Court rejected the argument that allegations of attorneys' fees and costs associated with bringing the claims satisfied the "injury-in-fact" requirement of standing. No. 17-0523-WES, 2018 WL 4964545, at *6 (D.R.I. Oct. 12, 2018) (Smith, J.) ("As with his [Rhode Island Fair Debt Collection Practices Act] claim, these damages would be recoverable if the alleged TILA violation had caused actual harm, [but] they are not a substitute for the injury-in-fact required by [*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)]."); *see also Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483 S, 2017 WL 3279015 (D.R.I. May 10, 2017), *report and recommendation adopted sub nom. Pemental v. Bank of New York Mellon*, No. CV 16-483 S, 2017 WL 3278872, at *8 (D.R.I. Aug. 1, 2017) (finding that attorneys' fees and costs incurred in asserting a TILA action were not a substitute for the injury-in-fact requirement because "apart from pro se claims, every TILA complaint requires the expenditure of attorneys'

fees" and to hold otherwise would allow a claim for attorneys' fees to "subsume the injury-in-fact requirement."). Moreover, despite a claim for damages for an allegedly improper foreclosure, the First Circuit dismissed an appeal as moot where the borrower entered into a loan modification during the appeal, thereby removing any threat of actual or threatened foreclosure. *See Matt v. HSBC Bank USA, N.A., 783 F.3d 368, 369 (1st Cir. 2015)*; *see also Garnett v. Ocwen Loan Servicing, LLC*, No. 15-CV-346-LM, 2016 WL 738908, at *1 (D.N.H. Feb. 4, 2016) (dismissing petition as moot, despite borrower's claims for monetary damages, where parties agreed to and completed a short sale while litigation was pending).

Plaintiff also does not explain how her claimed damages – gasoline for two visits to her attorney's office and electricity used to call her attorney – exceeds the $3,000.00 in cash and $99,852.23 in reduction of the lien that she has already received from the Defendants. The *Opposition* argues that the Court should ignore the $99,852.23 reduction of the lien because a chapter 7 bankruptcy discharge eliminated her personal liability for that debt. *Opposition* at 23-24. However, the discharge does not reduce the amount of the lien, and thus the short sale was only possible through Defendants' voluntary reduction of the lien by $99,852.23. *See In re Pratt*, 462 F.3d 14, 17 (1st Cir. 2006) ("Although the unsecured portion of a secured creditor's claim may be discharged in a chapter 7 or 13 case, its lien in the collateral normally survives the bankruptcy proceeding and the discharge, and is enforceable in accordance with state law"). The *Opposition* admits that the short sale allowed the Plaintiff "to avoid a future foreclosure which would damage her credit" and to avoid "an eviction from Fannie Mae, or worse a sale to a third party, which would put her in jeopardy." *Opposition* at 31. The $99,852.23 reduction in the lien to permit the short sale, not the prior bankruptcy, enabled Plaintiff to obtain these benefits and result in Plaintiff's claims being moot.

This Court has repeatedly held that a borrower's challenge to foreclosure is rendered moot and must be dismissed when the foreclosure sale is canceled.  *See Emile v. Wells Fargo Bank, N.A.*, No. CV 15-077-M-LDA, 2019 WL 2436399, at *2 (D.R.I. June 11, 2019) ("That foreclosure never happened so that claim is moot"); *Martins v. Fed. Hous. Finance Agency*, 214 F. Supp. 3d 163, 167-168 (D.R.I. Oct. 12, 2016) ("Ms. Martins has won her battle by having the non-judicial foreclosure vacated"); *Nash v. GMAC Mortg., LLC*, No. CA 10-493 S, 2011 WL 2470645, at *13 (D.R.I. May 18, 2011), *report and recommendation adopted*, No. CA 10-493 S, 2011 WL 2469849 (D.R.I. June 20, 2011).  The *Opposition* provides no reason for the Court to deviate from its established precedent.

NATIONSTAR MORTGAGE LLC

By its Attorneys,

/s/ *Krystle G. Tadesse*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6111 (facsimile)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  June 25, 2020

-5-

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 25th day of June, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                    /s/ Krystle G. Tadesse
                                                    Krystle G. Tadesse

83084331v.1