UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>       Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

### DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION TO DEFENDANT

Defendant, Nationstar Mortgage LLC ("Nationstar" or "Defendant") moves for a protective order as to several topics listed in the Notice to Take Deposition Pursuant to *Fed. R. Civ. P.* 30(b)(6) ("Notice") served by Plaintiff Danielle Lema's ("Lema" or "Plaintiff") on June 2, 2021, which is attached hereto as **Exhibit A**. The Notice scheduled Nationstar's deposition for June 21, 2021 at 10:00 a.m. The Notice named 19 topics, with multiple subjects and subparts, which are not stated with "reasonable particularity" as required by *Fed. R. Civ. P.* 30(b)(6), are worded in a confusing manner, and are not proportional to the needs of this case. The broad, confusing way these topics are worded causes prejudice to Nationstar because it is not able to properly prepare a witness to testify on its behalf.

### FACTUAL ALLEGATIONS

Plaintiff filed this action on January 28, 2019, seeking injunctive relief against a foreclosure sale of her property that was then scheduled for January 30, 2019. On August 28, 2019, Plaintiff sold the subject property at a short sale and received a reduction of approximately $100,000.00 of the lien and a cash payment of $3,000.00. On July 29, 2020, Plaintiff filed the First Amended

1

Complaint ("Amended Complaint") [ECF No. 47], which brings a single claim against Nationstar for a violation of the Fair Debt Collection Practices Act ("FDCPA").

The Amended Complaint alleges that on September 28, 2005, Plaintiff executed a $261,800.00 promissory note ("Note") and mortgage ("Mortgage") securing real property at 15 Ninth Street, East Providence, Rhode Island ("Property"). Am. Compl. ¶¶ 16-18. The Mortgage was assigned to Nationstar in 2016 and to Federal National Mortgage Association ("Fannie Mae") in 2018. *Id.* ¶¶ 19-21. Nationstar agreed to a modification of the Plaintiff's Mortgage with an effective date of September 1, 2017. *Id.* at ¶¶ 22-23. However, Plaintiff only made two payments on the September 2017 modification before she re-defaulted on the Mortgage. *Id.* at ¶¶ 28, 30.

Due to Plaintiff's default, Nationstar, allegedly through a vendor The Walz Group, sent a notice of default to Plaintiff on April 10, 2018. *Id.* ¶¶ 31-34. Because Plaintiff was represented by Attorney John Ennis, Nationstar allegedly sent the April 10, 2018, letter to the Plaintiff at Attorney Ennis' address, and to the Property address by certified mail, but allegedly not to the Property address by first class mail. *Id.* ¶¶ 35-41. The Amended Complaint also alleges that the April 10, 2018, letter did not strictly comply with paragraphs 19 or 22 of the Mortgage or paragraphs 7 or 11 of the Note, because the April 10, 2018, included amounts beyond just principal and interest, and for other reasons. *Id.* ¶¶ 42-50, *et seq*. The Amended Complaint also alleges that Nationstar did not provide Plaintiff a notice of mediation pursuant to *R.I. Gen. Laws* § 34-27-3.2 or a notice of available foreclosure counseling as allegedly required pursuant to the repealed *R.I. Gen. Laws* § 34-27-3.1. *Id.* ¶¶ 77-78.

On December 7, 2018, Nationstar, through its attorney Brock & Scott, PLLC, sent a letter to Plaintiff that threatened to conduct a foreclosure sale of the Property on January 30, 2019. *Id.*

¶ 80. The Amended Complaint alleges that the December 7, 2018, letter violated the FDCPA "by using false, deceptive or misleading representations or means in connection with the collection of any debt," "by making a threat to take an action that could not be legally taken," and by threatening to take nonjudicial action to dispossess Plaintiff of her property. *Id.* ¶¶ 81-84. The Amended Complaint also alleges that the December 7, 2018 letter violated the FDCPA because sending a notice of foreclosure sale on a defaulted mortgage apparently constitutes an unfair or unconscionable means to collect or attempt to collect a debt. *Id.* ¶¶ 88-89. The Amended Complaint asserts that as a result of the alleged conduct, the Plaintiff suffered emotional distress, including fear that she would lose the Property at a foreclosure sale, and incurred attorney's fees and other litigation-related expenses. *Id.* ¶¶ 90-105.

## STANDARD OF LAW

A party that seeks to depose an organization "must describe with reasonable particularity the matters for examination." *Fed. R. Civ. P.* 30(b)(6). After receiving a description of the matters for examination, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," who "must testify about information known or reasonably available to the organization." *Id.*

"The party noticing a Rule 30(b)(6) deposition must describe 'with reasonable particularity the matters on which examination is requested' and the noticed party must then designate one or more witnesses knowledgeable about the subject matter of the noticed topics." *Corvello v. New Eng. Gas Co.*, No. 05-221S, 2012 U.S. Dist. LEXIS 191438, at *64 (D.R.I. Feb. 10, 2012). A court may quash some Rule 30(b)(6) deposition topics if they are vague and overbroad, or narrow topics "to bring them into the bounds of relevancy." *Adams v. Melnick*, No. 13-802ML, 2015 U.S.

3

92312557v.2

Dist. LEXIS 67985, at *9 (D.R.I. May 26, 2015). "Upon a showing of 'good cause' by the movant, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (affirming quash of 30(b)(6) deposition subpoenas that were duplicative of prior depositions). "Further, *Rule* 45(c)(3)(A) gives the court the power to 'quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.'" *Id.*

## ARGUMENT

Plaintiff's deposition notice under Rule 30(b)(6) does not describe the matters to be examined "with reasonable particularity." The stated topics are so broad that it is not possible for Nationstar to designate a witness who can testify as to Nationstar's knowledge of those topics or to properly prepare the witness to testify for the Nationstar on these topics. Nationstar will review the topics that are not stated with reasonable particularity below, grouped according to similar objections.

**I.     NATIONSTAR'S KNOWLEDGE OF PLAINTIFF'S CLAIMS AND ITS DEFENSES IS NOT AN APPROPRIATE TOPIC FOR A 30(B)(6) DEPOSITION.**

The Notice states the following for topics 1 and 2:

1. Defendant's knowledge as to the factual allegations contained in Plaintiff's Amended Complaint filed on July 29, 2020 (ECF #47 in Court Docket).

2. Defendant's knowledge of the basis of all denials and affirmative defenses contained in Defendant's Answer to the Amended Complaint filed on August 12, 2020 (ECF # 48 in Court Docket).

These topics are not appropriate for a Rule 30(b)(6) deposition because they require a single designated witness to be prepared to provide all evidence expected to be introduced at the entire trial.

> A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery…. A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims…. Even under the present-day liberal discovery rules, [the recipient of a Rule 30(b)(6) request] is not required to have counsel "marshall all of its factual proof" and prepare a witness to be able to testify on a given defense or []claim.

*Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-cv-11935-PBS, 2014 U.S. Dist. LEXIS 158982, at *12-13 (D. Mass. Sep. 24, 2014) (citations omitted; internal quotation marks omitted). Moreover, because paragraphs of Nationstar's Answer were drafted by counsel, topics requesting a 30(b)(6) designee to state the basis for an allegation unavoidably seeks information protected by the work-product doctrine. *Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011) ("asking a 30(b)(6) witness, usually a non-lawyer, to answer this type of questions after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between 'facts' (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension").

Further, these contention topics are not stated with reasonable particularity, thus making it impossible for Plaintiff to designate a witness to answer these contention topics fully or to prepare such a witness adequately. Rule 30(b)(6) requires Plaintiff to designate a witness to testify ***concerning "information known or reasonably available to the organization."*** Fed. R. Civ. P. 30(b)(6). However, the information in these topics is not found in Nationstar's business records

5

or otherwise known to Nationstar. Therefore, Nationstar respectfully requests a protective order enter striking topics 1 and 2 from the Notice in their entirety.

## II. TOPICS COVERING AN UNRELATED 9-YEAR TIMESPAN DO NOT STATE A TEMPORAL SCOPE WITH "REASONABLE PARTICULARITY".

Topics 3-5, 7, and 9-14 are so far reaching—literally covering over nine years, over 5,000 pages, and anything involving the Mortgage or the Property—that it is simply not possible to properly prepare a witness to respond on Nationstar's behalf. As discussed above, the Amended Complaint alleges that an April 10, 2018, notice of default was misleading because it included fees that were allegedly not permitted by a loan modification with an effective date of September 1, 2017. Therefore, topics requesting information from when Nationstar started servicing in July 2012, nine years ago, are unreasonable, not proportionate to the needs of this case, and not stated with reasonable particularity.

### A. Topics 3-4 and 19: All Documents Sent to Plaintiff Over a 9 Year Period

The Notice states the following for topics 3 and 4:

3. Defendant's knowledge of all documents mailed to Plaintiff by Defendant from July 12, 2012 to the present. Knowledge in this area shall include the ability to explain all symbols, shorthand, and codes and being able to identify the individuals entering any actions on any such documents only to the extent that the corporate officer may have knowledge. The deponent shall also be able to identify what parts of the records produced by Defendant that it does not have knowledge.
4. Defendant's written communications with Plaintiff including but not limited to, all monthly statements and correspondences from the date Nationstar commenced servicing to the present time.

Topic 19 is similar:

19. Person with knowledge of Nationstar's mail and postage vendor and the process by which Nationstar caused mail to be delivered to Danielle Lema while Nationstar serviced her mortgage loan.

6

These topics are overly broad, in that they cover all documents mailed to, or written communications with, Plaintiff over a nine-year period commencing in July 2012 when Nationstar began servicing the Plaintiff's loan. However, the Amended Complaint only concerns the notice of default dated April 10, 2018, and documents sent to Plaintiff after April 2018 related to default and foreclosure. Based on a notice of foreclosure sale sent December 30, 2018, by Brock and Scott, PLLC, the Amended Complaint, filed July 29, 2020, claims that Nationstar violated the FDCPA. Such a claim has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). The Notice's broad reference to "all documents" for the entire nine-year time that Nationstar was servicing the Plaintiff's loan is not stated with reasonable particularity as required by Rule 30(b)(6), nor is it proportional to the needs of this case. While this may be a proper request for a request for production, Nationstar cannot prepare a witness to testify knowledgeably concerning documents over a nine-year history. A protective order should issue, requiring Plaintiff to comply with Rule 30(b)(6)'s requirement to state topics 3, 4, and 19 with reasonable particularity, such as documents addressed to Plaintiff dated April 10, 2018 or later.

### B. Topic 5: All Actions Taken Related to Costs, Expenses, or Fees

Topic 5 states the following:

> 5. Defendant's actions taken regarding making or approving decisions related to assessing costs, expenses, or fees to Plaintiff's mortgage loan as referenced in the Complaint.

Topic 5 is completely indecipherable. Nationstar does not know what "actions taken regarding making or approving decisions related to" means. Also, Topic 5 appears to cover all costs, expenses, and fees ever charged to Plaintiff's loan, even though many were forgiven or otherwise removed from Plaintiff's account in the modification effective September 1, 2017.

Plaintiff should be ordered to clarify what information she is looking for in relation to topic 5 and to limit topic 5 to actions taken after September 1, 2017.

    **C.**    **Topic 7: All Documentation Methods of All Activities**

Topic 7 states the following:

7.    All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by Defendant or its employees since Nationstar commenced servicing of the Plaintiff's mortgage loan related to the servicing of Plaintiff's mortgage loan account at issue in the Complaint, being able to identify:

    a) The servicing platform used by Defendant in the servicing of Plaintiff's mortgage loan account;

    b) Any other software used by Defendant to input information into the servicing platform as it may relate to entries of collection notes, electronic communications of Plaintiffs mortgage loan account;

    c) Any third-party vendors used by Defendant to input information regarding Plaintiff's mortgage loan account for any reason;

    d) Any third-party vendors used by Defendant to mail any correspondence to Plaintiff regarding Plaintiffs mortgage loan account for any reason; and,

    e) All codes or shorthand used by Defendant in the servicing platform notes as it pertains to Plaintiffs mortgage loan account.

Topic 7, with its five subparts, seems to be requesting "documentation methods…of all activities undertaken by Defendant or its employees since Nationstar commenced servicing." It is not clear what the Notice means when with the terms "documentation methods," and Plaintiff should be ordered to clarify what this request means. Regardless of what it means, it seeks information from the time that "Nationstar commenced servicing" even though the loan was modified effective September 1, 2017. The Amended Complaint does not make claims related to any information prior to the September 1, 2017 modification, and if it did, such claims would be

8

barred either by the modification itself or by the one-year statute of limitations. 15 U.S.C. § 1692k(d).

### D. Topics 9-14: The Accuracy of Transactions that Occurred Prior to July, 2012.

Topics 9-14 state the following:

9. Person with knowledge of the boarding of the Plaintiffs mortgage loan account on Nationstar's Electronic System of Record, when Nationstar commenced servicing Plaintiffs Mortgage loan account and the boarding of Plaintiffs loan modification on Nationstar's Electronic System of Record when the mortgage was modified in 2017.

10. Person with knowledge of the manner in which Nationstar verified the accuracy of the principal balance, interest due, escrow due, monthly payment of principal and interest and any fees charged to the Plaintiffs mortgage loan account when the loan was service transferred to Nationstar.

11. Person with knowledge of the documents reviewed when Nationstar verified the accuracy of the mortgage loan account when the loan was service transferred to Nationstar.

12. Person with knowledge of the nature of all transactions on the Plaintiffs mortgage loan account from the commencement of servicing through September 1, 2019.

13. Person with knowledge of the status of Plaintiffs mortgage loan account and the due date of Plaintiffs mortgage obligation, when servicing was transferred to Nationstar.

14. Person with knowledge of all fees, expenses and late charges charged to the Plaintiff's mortgage loan account from January 1, 2012 through the date that Plaintiff's mortgage loan was modified in 2017 and from the date the loan was modified until the mortgage loan was discharged.

Each of these topics requests a witness be prepared to testify about transactions that occurred nine years ago, when Nationstar commenced servicing in July 2012, or even earlier (see topic 14), even though the Amended Complaint only concerns information that begins at best with the September 1, 2017, modification. Topics 9-14 cover an unreasonably broad timeframe which

is not proportionate to the needs of this case and not stated with reasonable particularity. Nationstar will not be able to adequately prepare a witness to have knowledge of all transactions covering a nine-year period. Nationstar therefore respectfully requests a protective order issue limiting these topics to September 1, 2017, and thereafter.

### III. NATIONSTAR'S CONFIDENTIAL POLICIES ARE NOT PROPORTIONATE TO THIS ACTION.

The Notice states the following for topic 6:

6. Defendant's policies, procedures, operations, and common practices with respect to Plaintiff's Loan related to:

   a) Ensuring Compliance with the Fair Debt Collection Practices Act;

   b) Ensuring compliance with the Truth in Lending Act;

   c) Ensuring compliance with the United States Bankruptcy Code; and

   d) Ensuring compliance with the Federal Rules of Bankruptcy Procedure.

These topics are not stated with reasonable particularity and are not proportionate to the needs of this action. The Amended Complaint does not make any claims regarding the Truth in Lending Act, the Bankruptcy Code, or the Federal Rules of Bankruptcy Procedure. The Amended Complaint makes a claim under the FDCPA, alleging that Nationstar threatened to foreclose on Plaintiff's defaulted Mortgage when it allegedly did not have the legal right to do so. Plaintiff's FDCPA claim appears based on the theory that the December 18, 2018, notice of foreclosure sale sent by Brock and Scott PLLC was misleading because the April 10, 2018, notice of default was allegedly not mailed to the Plaintiff at the Property address and allegedly demanded repayment for fees and expenses incurred as a result of Plaintiff's default and bankruptcy. Topic number 6

92312557v.2

therefore requests information that are completely unrelated to the claims in the Amended Complaint. The topic is not even limited to a reasonable temporal scope such as after the September 1, 2017, modification. Nationstar's policies are a confidential trade secret and should only be produced if necessary if related to Plaintiff's claims or Nationstar's defenses. As they are not, this topic is not stated with reasonable particularity and a protective order should issue.

## CONCLUSION

Plaintiff failed to comply with the requirement of Rule 30(b)(6) to state topics with reasonable particularity. The timeframe of the topics should be limited to begin with the September 1, 2017, modification. Therefore, a protective order should issue specifically concerning topics 1-2, 3-5, 6, 7, 9-14, and 19, until Plaintiff describes those topics with reasonable particularity as required by Rule 30(b)(6).

Nationstar Mortgage LLC

By its Attorneys,

*/s/ Jeffrey C. Ankrom*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Date: June 16, 2021

92312557v.2

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 16, 2021.

        */s/ Jeffrey C. Ankrom*
        Jeffrey C. Ankrom, Esq.

## CERTIFICATE OF GOOD FAITH

I hereby certify that prior to filing this motion, I conferred in good faith with Plaintiff's counsel in an effort to resolve the dispute without court action.

        */s/ Jeffrey C. Ankrom*
        Jeffrey C. Ankrom, Esq.

92312557v.2