UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

**EMERGENCY MOTION TO QUASH SUBPOENA DUCES TECUM
AND NOTICE OF DEPOSITION**

    Nationstar Mortage LLC ("Nationstar") moves to quash the subpoena duces tecum and notice of deposition dated May 28, 2021, (collectively, the "Subpoena") which was served on the Keeper of the Records of Nationstar Mortgage LLP on June 2, 2021. A copy of the Subpoena is attached as **Exhibit A**. The Subpoena schedules a deposition and require documents to be produced on or before **June 18, 2021 at 10:00 a.m.**

    Nationstar further moves to quash the notice of deposition (the "Notice") of Nationstar under *Fed. R. Civ. P.* 30(b)(6) served by email on Saturday, May 29, 2021. A copy of the Notice is attached as **Exhibit B**. The Notice schedules a deposition for June 21, 2021 at 10:00 a.m.

    Plaintiff Danielle Lema ("Plaintiff") failed to serve any discovery in this matter which has been pending for over two years (since January 2019) until less than thirty days before the discovery deadline. The Subpoena and Notice do not provide sufficient time for compliance which prejudices Nationstar's ability to prepare a witness who can testify regarding the topics named in the Notice and to gather the documents in response to the requests contained in the Subpoena.

    Notwithstanding this motion, Nationstar has provided the file for Plaintiff's loan on June 16, 2021, consisting of about 5,800 pages. Nationstar also intends to timely comply with the

1

Requests for Admissions that Plaintiff served on May 26, 2021, which should be sufficient for the needs of this case in light of Plaintiff's failure to conduct discovery until the eleventh hour.

I. **PROCEDURAL HISTORY.**

    A. **Plaintiff Delayed Filing the Amended Complaint.**

Plaintiff filed this action on January 28, 2019, seeking injunctive relief against a foreclosure sale of her property that was then scheduled for January 30, 2019. On August 28, 2019, Plaintiff sold the subject property at a short sale and received a reduction of approximately $100,000.00 of the lien and a cash payment of $3,000.00. Nationstar moved to dismiss this action on January 8, 2020 [ECF No. 32], because Plaintiff's challenge to the foreclosure was rendered moot by selling the subject property. Following six extensions of time, Plaintiff filed her opposition to the motion to dismiss five months later on June 18, 2020 [ECF No. 42]. Then, on June 26, 2020, Plaintiff filed a *Motion to File Supplemental Memorandum and to File Amended Complaint Against Nationstar Mortgage, LLC*, in which she first suggested the possibility of an amended complaint. Plaintiff did not actually file the *First Amended Complaint* [ECF No. 47] until over a month later on July 29, 2020, 18 months after commencing this action. Plaintiff did not conduct any discovery in the 18 months before filing the *First Amended Complaint*.

    B. **Plaintiff Delayed Conducting Discovery and Delayed Complying With Nationstar's Discovery Requests.**

On August 24, 2020, after Nationstar promptly answered the *First Amended Complaint*, this Court entered a scheduling order initially requiring factual discovery to close six months later, on February 24, 2021. Nationstar promptly served interrogatories and requests for production of documents on Plaintiff on September 18, 2020, less than a month after the Court entered the first scheduling order. In contrast, Plaintiff did not conduct any discovery after the Court entered the first scheduling order, which entered 19 months after Plaintiff commenced this action.

2

92332564v.2

Plaintiff did not timely comply with Nationstar's discovery requests. Nationstar's counsel informed the Court of Plaintiff's lack of compliance by a letter dated November 19, 2020. The Court entered a text order that same day requiring Plaintiff to comply on January 8, 2021. However, on January 8, 2021, Plaintiff provided materially incomplete responses to the answers to interrogatories and requests for production including numerous unfounded objections. After Plaintiff ignored Nationstar's January 25, 2021, letter that attempted to resolve the objections and lack of compliance, Nationstar filed a *Motion to Compel* on February 17, 2021 [ECF No. 52]. Due to its difficulties obtaining complete answers to discovery from Plaintiff, Nationstar filed an *Assented-To Motion to Enlarge Scheduling Order Deadlines* on February 15, 2021 [ECF No. 51], which the Court granted and extended the factual discovery deadline to April 26, 2021. *See* ECF No. 52. Plaintiff still had not conducted any discovery by mid-February, 2021, twenty-five months after filing this action.

On April 14, 2021, the Court (*Almond, M.J.*) granted Nationstar's *Motion to Compel* in part and entered a *Memorandum and Order* [ECF No. 55] requiring Plaintiff to supplement her answers to Nationstar's discovery requests within 30 days, which was May 14, 2021. Because Plaintiff delayed providing responses to Nationstar's discovery requests, and to accommodate the additional time granted to Plaintiff by the *Memorandum and Order*, Nationstar filed an *Assented-To Motion to Enlarge Scheduling Order Deadlines* on April 21, 2021 [ECF No. 56]. On April 25, 2021, this Court entered an order extending the factual discovery deadline to June 25, 2021, and stated "NO FURTHER EXTENSIONS WILL BE GRANTED." (Emphasis in original.)

Despite this Court's warning in the April 25, 2021 discovery scheduling order that no further extensions would be granted, Plaintiff continued to ignore discovery until May 26, 2021,

when Plaintiff served Requests for Admissions[1] on Nationstar, May 28, 2021, when Plaintiff sent a copy of the Subpoena, and May 29, 2021, when Plaintiff sent the Notice. Plaintiff also did not comply with Nationstar's discovery requests until May 24, 2021, ten days after the Court's *Memorandum and Order* on the *Motion to Compel*.

        **C.**     **<u>Plaintiff Delayed Sending the Subpoena and Notice for Twenty-Eight Months</u>.**

On May 28, 2021, ***<u>twenty-eight months</u>*** after she filed this action, Plaintiff finally commenced discovery by emailing a copy of the Subpoena to Nationstar's counsel. The Subpoena was served on Nationstar's registered agent on June 2, 2021. The Subpoena requests 18 categories of documents, including numerous compound parts and subparts, many of which seek confidential and proprietary financial information of Nationstar's business practices which have little or no connection to this matter. See **<u>Exhibit A</u>**. The Subpoena required Nationstar to produce documents by June 18, 2021, and to have its Keeper of Records attend an oral deposition on June 18, 2021 at 10:00 a.m. *Id.* On June 16, 2021, Nationstar provided objections to the document requests in the Subpoena and also produced about 5,800 pages of documents.

Also, on Saturday, May 29, 2021, during Memorial Day weekend, Plaintiff emailed the Notice to Nationstar's counsel to schedule a 30(b)(6) deposition of Nationstar on June 21, 2021 at 10:00 a.m. *See* **<u>Exhibit B</u>**. The Notice lists 19 topics that are not stated with the "reasonable particularity" required by *Fed. R. Civ. P.* 30(b)(6), plus multiple subparts, requiring a witness to have knowledge of all documents in the file for Plaintiff's loan in the nine years since Nationstar began servicing the loan. *Id.* at pp. 2-7. Nationstar will separately file a motion for protective order related to the topics in the Notice.

---

[1] Nationstar intends to comply with the Requests for Admission.

## II.   STANDARD OF LAW

A district court "must quash or modify a subpoena that (i) fails to allow a reasonable time to comply … or (iv) subjects a person to undue burden." *Fed. R. Civ. P.* 45 (d)(3).  Indeed, Rule 45 requires the attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." *Fed. R. Civ. P.* 45 (d)(1).

Additionally, where a party fails to comply with a scheduling order, the court "may issue any just orders," including that discovery may not be had or other orders "authorized by Rule 37(b)(2)(A)(ii)-(vii)." *Fed. R. Civ. P.* 16(f)(1).

## III.   THE SUBPOENA AND NOTICE SHOULD BE QUASHED AS UNTIMELY AND PREJUDICIAL TO NATIONSTAR.

After inexplicably waiting twenty-eight months before finally commencing discovery, Plaintiff has not provided sufficient time for Nationstar to comply with either the Subpoena or the Notice.  It is evident that Plaintiff realized too late that she had forgotten to conduct any discovery, despite this Court's three scheduling orders and warning that "NO FURTHER EXTENSIONS WILL BE GRANTED," and then tried to rush requests through by using subpoenas instead of document requests.  Nationstar needs time to prepare a witness to review the nine years of loan servicing history and over 5,000 pages of documents before that witness can present adequate deposition testimony on its behalf.  Numerous topics in the Notice and document requests in the Subpoena contain compound parts or subparts that will take time merely to decipher, and Nationstar must raise appropriate objections to numerous requests (like those seeking Nationstar's confidential financial information).  Plaintiff's rushed timeframe for compliance, created because

5

n/a

she delayed sending the Subpoena and the Notice for twenty-eight months, causes prejudice to Nationstar's ability to properly respond to the Subpoena and the Notice.

It would be unfair and prejudicial to require Nationstar to respond to Plaintiff's Subpoena and Notice on less than 30 days' notice after Plaintiff was permitted to delay responding to Nationstar's discovery requests for more than eight months from September 18, 2020 until May 24, 2021. In stark contrast to the Plaintiff, Nationstar timely served discovery requests on September 18, 2020. However, Plaintiff took more than eight months from September 18, 2020 until May 24, 2021, to respond to Nationstar's discovery requests. Now, through the Subpoena and Notice, Plaintiff demands compliance within twenty-eight days for the Notice and ***less than twenty-two days*** for the Subpoena. Enforcing the Subpoena and the Notice at such a late date without any cause for the delay would reward Plaintiff's twenty-eight month delay, allowing Plaintiff to use a delay tactic to catch Nationstar unable to prepare within an unreasonably short response period.

## CONCLUSION

After this action has been pending for twenty-eight months, Plaintiff emailed Nationstar's counsel the Subpoena and the Notice, both of which had short response times. As a result, the Subpoena and the Notice cause unfair prejudice to Nationstar. Plaintiff's delay tactic should not be rewarded. This Court should quash the Subpoena and Notice in full.

In the alternative, Nationstar requests the Court grant Nationstar an extension of thirty days to respond to the Subpoena and the Notice, permitting counsel for both parties to confer on agreeable dates for the depositions, and extend the factual discovery deadline limited only for the purpose of allowing Nationstar time to comply with the Subpoena and Notice. Nationstar reserves

the right to timely raise proper objections to the categories in the Subpoena and proper objections to the topics in the Notice in a separate motion.

NATIONSTAR MORTGAGE LLC

By its Attorneys,

/s/ *Jeffrey C. Ankrom*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6111 (facsimile)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  June 16, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 16, 2021.

/s/ *Jeffrey C. Ankrom*
Jeffrey C. Ankrom, Esq.

92332564v.2