# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Rhode Island of _____

| | | |
|---|---|---|
| DANIELLE LEMA | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  19-cv-00036-JJM-LDA |
| NATIONSTAR MORTGAGE LLC | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: KEEPER OF THE RECORDS NATIONSTAR MORTGAGE LLC

_____

_(Name of person to whom this subpoena is directed)_

❏ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE ATTACHED

| Place: VIRTUAL F.R.C.P. 30 DEPOSITION BY ZOOM . SEE ATTACHMENT OF NOTICE TO TAKE DEPOSITION | Date and Time: |
|---|---|
| | June 18, 2021 at 10:00 AM |

The deposition will be recorded by this method:  Virtual Stenographic Deposition by Zoom

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 28, 2021

_CLERK OF COURT_

OR

_____     _____
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Danielle Lema
                                                                                   who issues or requests this subpoena, are:
John B. Ennis, 1200 Reservoir Avenue, Cranston RI 02920 (401)943-9230 jbelaw75@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-cv-00036-JJM-LDA

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*
on *(date)*                    .

❏ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                    ; or

❏ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$              .

My fees are $              for travel and $              for services, for a total of $              .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DANIELLE LEMA

VS                                             C.A. NO. 19-cv-36-JJM-LDA


NATIONSTAR MORTGAGE LLC


NOTICE TO TAKE DEPOSITION

Please take notice that Plaintiff, Danielle Lema will take the

deposition upon oral examination, of the Keeper of the Records Nationstar

Mortgage LLC commencing at 10:00 a.m. on June 18, 2021, and from day to

day thereafter until completed. Pursuant to the United States District Court

for the District of Rhode Island's General Order Regarding Depositions in

Civil Cases During Coronavirus Pandemic, issued on May 22, 2020, the

deposition will be taken and recorded over remote videoconferencing before

an officer authorized by law to administer oath and record testimony, and

also may be recorded by audio, audiovisual, or stenographic means, as

provided for by, and in accordance with all applicable law. You are invited

to attend by phone and/ or video and cross-examine. The videoconference

link and call-in information will be provided in advance of the deposition.

Please reach out to undersigned counsel immediately upon receipt of this Notice if you have any concerns regarding participation by remote video and/or phone conferencing.

The deposition will continue from day to day until completed, before a Notary Public or some other qualified Court Reporter.

A subpoena Duces Tecum will be issued in conjunction with this Notice of Deposition.

You are invited to attend and examine said witness (es).

DANIELLE LEMA
By her Attorney

May 28, 2019

/s/ John B. Ennis
John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw75@gmail.com

CERTIFICATION

I hereby certify that I emailed a copy of the above Notice

of Deposition to Nationstar to the following electronically

on this 28th day of May, 2021:

Jeffrey Anchrom
Joseph Farside
Krystle Tadesse

/s/ John B. Ennis

3

## EXHIBIT A

1.    The entire mortgage loan servicing file including all servicing notes, collection notes, recordings of all phone calls you or any agent acting on your behalf made to Danielle Lema or to her attorney, and any calls from Danielle Lema or her attorney to you or an agent which you recorded and all loss mitigation documents sent to you by Danielle Lema and all loss mitigation responses sent from you to Danielle Lema from the time that you obtained servicing rights to the present.

2.    An exact reproduction of the life of loan mortgage transactional history for Danielle Lema's loan on the system of record used by each servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

3.    Please provide the copy of the Danielle Lema's permanent modification, executed in 2017 and provide all documents by which the modification was boarded on your electronic system of record.

4.    All periodic monthly statements which were prepared by you for Danielle Lema's mortgage loan account at any time since you obtained servicing rights for her mortgage loan. Please include all statements which were generated but which were not sent to Danielle Lema.

5.    Any documents indicating the principal business of Nationstar Mortgage LLC for the following periods of time:

1.    January 1, 2017 through December 31, 2017

2.    January 1, 2018 through December 31, 2018

3.    January 1, 2019 through January 31, 2019

6.    The annual financial reports and all documents for Nationstar Mortgage LLC for 2017, 2018 and 2019 indicating the following sources of income:

a.    Income from Servicing of mortgage loans, which were not in default.

b.    Income from Servicing of mortgage loans in default

c.    Income from late fees on mortgage loans

d.    Income from Non-judicial foreclosures

e.    Income from judicial foreclosures

f.    Income from servicing of loans in Bankruptcy.

g.    Income from mortgage loan origination

7.    All documents indicating any contract Nationstar Mortgage LLC had with

The Walz Group, aka Lender Live Network, Inc. or any successor in interest for

mail vendor and postage vendor services from January 1, 2016 through January 31,

2019.

8.    All documents mailed to Danielle Lema from July 12, 2012 to the present.

9.    All documents indicating the status of Danielle Lema's mortgage loan when

Nationstar Mortgage LLC commenced servicing of the mortgage loan.

10.    Each Screen and each Report from your electronic system of record which

shows all corporate advance transactions for Recoverable Expenses,

nonrecoverable expenses and third party recoverable expenses for Danielle Lema's

mortgage loan account.

11.    All reports, documents and data by which you confirmed and verified the

accuracy of the principal balance, past due interest and escrow and all corporate

advances and fees for Danielle Lema's mortgage loan account when the loan was

boarded on your electronic system of record, when you commenced servicing

Danielle Lema's mortgage loan.

12.     All documents reflecting any loss mitigation forDanielle Lema's mortgage loan account, including Loan Modification and Short Sale.

13.     All invoices from any law firms, default service providers, property inspection vendors, property appraisal vendors and all other invoices for any legal fees or corporate advances along with proof of payment.

14.     All default letters mailed to Danielle Lema by Nationstar Mortgage LLC or any entity acting on its behalf.

15.     All notices which indicate that Danielle Lema's note was accelerated.

16.     All R.I.G.L 34-27-3.1 Notices mailed to Danielle Lema by certified mail and all R.I.G.L 34-27-3.1 Notices mailed to Danielle Lema by first class regular mail.

17.     All  All R.I.G.L 34-27-3.2 Notices mailed to Danielle Lema by certified mail and all R.I.G.L 34-27-3.2 Notices mailed to Danielle Lema by first class regular mail.

18.     All R.I.G.L 34-27-4 Notices mailed to Danielle Lema by certified mail and all R.I.G.L 34-27-4 Notices mailed to Danielle Lema by first class regular mail.