UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

**OBJECTION TO "ASSENTED" MOTION TO EXTEND TIME**

    Defendant Nationstar Mortgage LLC ("Nationstar") objects to the Assented Motion to Extend Time ("Motion") filed by Plaintiff Danielle Lema ("Plaintiff") at 7:52 p.m. on July 26, 2021, the day that discovery was to close by agreed-upon Court Order. Despite the erroneous caption, Nationstar did not assent to the Motion. The Motion should be denied, and factual discovery should close, because Nationstar fully complied with Plaintiff's discovery requests, and this Court previously ordered that Plaintiff cannot serve any new discovery requests.

**A.    NATIONSTAR DID NOT ASSENT TO THE MOTION.**

    Plaintiff captioned the Motion as an "Assented" motion. However, Nationstar did not and does not assent to the Motion. At 7:22 p.m. on July 26, 2021, ***30 minutes before filing the Motion***, Plaintiff's counsel emailed the undersigned to request an extension of the discovery deadline. *See* Email dated July 26, 2021, attached hereto as **Exhibit A**. The undersigned did not respond before Plaintiff filed the Motion at 7:52 p.m. and indicated that it was "Assented." Plaintiff's counsel knew that he did not have assent from Nationstar's counsel before filing the Motion and representing to the Court that it was "Assented." Plaintiff's counsel should be ordered to explain why he stated that the Motion was assented to where he did not obtain assent. Plaintiff did not merely reuse the caption from a previously-filed motion—the caption of the present Motion

93806535v.3

(naming Federal National Mortgage Association, *et al.* as defendants) differs substantially from the caption of the prior *Assented Motion to Extend Time* filed on June 18, 2021. *See* ECF No. 64 (naming Nationstar Mortgage LLC as sole defendant). Nationstar does not assent to the Motion for the reasons set forth herein, which should be denied because discovery is complete.

**B.     DISCOVERY IS COMPLETE.**

On April 25, 2021, this Court entered an order extending the factual discovery deadline to June 25, 2021, and stated "**NO FURTHER EXTENSIONS WILL BE GRANTED**." (Emphasis in original.) Despite this Court's warning that no further extensions of the discovery deadline would be granted, Plaintiff ignored discovery until 30 days before the deadline, when, on May 26, 2021, Plaintiff served Requests for Admissions ("Admissions"), a *subpoena duces tecum* on Nationstar's former foreclosure counsel ("Shechtman Subpoena"), a *subpoena duces tecum* on Nationstar ("Nationstar Subpoena"), and a notice of deposition on Nationstar ("Nationstar 30(b)(6) Deposition"). Those requests are now complete, and no further discovery is necessary or appropriate.

**1.     Nationstar Responded to Requests for Admissions.**

Nationstar fully complied with the Admissions on June 28, 2021. Among other things, Nationstar admitted that Plaintiff's mortgage account was in default when Nationstar began servicing it, thus conceding that the exception to the definition of a "debt collector" contained in 15 U.S.C. 1692a(6)(F)(iii) is inapplicable.[1] Nationstar's response to the Admissions is complete.

---

[1] Nationstar still intends to argue that Plaintiff's claim under the Fair Debt Collection Practices Act fails because, among other reasons, the activity of enforcing a security instrument by sending a notice of sale, without stating an intention to collect a deficiency after the sale, is not an attempt to collect a debt.

## 2. Nationstar's Foreclosure Counsel Complied with the Shechtman Subpoena.

On May 28, 2021, Plaintiff served a *subpoena duces tecum* on Nationstar's former foreclosure counsel, Shechtman Halperin Savage, LLP ("Shechtman Halperin"). Nationstar filed an *Emergency Motion to Quash Subpoena Duces Tecum* ("Motion to Quash") on June 16, 2021, to protect attorney client privileged communications. The Motion to Quash was only filed as to request number 5, which sought documents and the agreement concerning the hiring of Shechtman Halperin by Nationstar. *See* ECF No. 60. Plaintiff's response to the motion to quash was due June 30, 2021.

This Court (*Almond, M.J.*) scheduled an emergency hearing first on June 18, 2021 at 11:00 AM, which was then rescheduled to June 21, 2021 at 9:00 AM due to the new Juneteenth federal holiday. Plaintiff's counsel did not appear at the hearing. *See* Minute Entry, June 21, 2021 (noting the appearance of defense counsel only). After the hearing, the undersigned conferred with Plaintiff's counsel and reached an agreement that the Motion to Quash would be granted as to request number 5 only.

On June 28, 2021, Shechtman Halperin[2] provided all non-privileged responsive documents in its possession to Plaintiff in compliance with the Shechtman Subpoena. Upon information and belief, Plaintiff's counsel has not suggested that the response was insufficient or otherwise attempted to enforce the Shechtman Subpoena further in the intervening 30 days.

On July 6, 2021, because Plaintiff did not respond to the Motion to Quash, the Court (*Almond, M.J.*) granted it by text order. On July 7, 2021, with complete disregard for the deadline for responding to the Motion to Quash, the hearing, the agreement of the parties, the response

---

[2] Upon information and belief, Shechtman Halperin is no longer engaged in the practice of law. Attorney Preston Halperin interrupted his out-of-state vacation to comply with the subpoena on his former firm.

93806535v.3

provided by Shechtman Halperin and the Court's July 6, 2021 text order, Plaintiff filed an objection to the Motion to Quash. In the objection, Plaintiff needlessly argued that the Shechtman Subpoena, with the exception of request number 5, were relevant to the Plaintiff's claim. Plaintiff did not describe any issues with the production by Shechtman Halperin. Thus, the Shechtman Subpoena is complete.

### 3. Nationstar Produced 5,763 Pages of Documents in Compliance with the Nationstar Subpoena.

Nationstar fully complied with the Nationstar Subpoena that Plaintiff served on it on June 2, 2021. Nationstar produced 5,763 pages of documents, including the loan file, transaction history, collection notes, invoices supporting the legal fees charged by its former foreclosure counsel, and, contrary to Plaintiff's Motion, records demonstrating the scope of Nationstar's business. On June 25, 2021, after providing the last of the requested documents, the undersigned wrote, "With this production, we deem the *subpoena duces tecum* on the Keeper of Records for Nationstar Mortgage to be fully satisfied." *See* Email dated June 25, 2021, attached hereto as **Exhibit B**. Plaintiff did not respond to that email or challenge the statement that Nationstar's compliance with the Nationstar Subpoena was complete. Thus, the Nationstar Subpoena is complete.

### 4. Plaintiff Cancelled Nationstar's Deposition Without Rescheduling It.

Nationstar was prepared to comply with the Nationstar 30(b)(6) Deposition that Plaintiff noticed on May 29, 2021. The parties had agreed that Nationstar's designated witness would appear at a remote deposition on July 8, 2021. The undersigned emailed Plaintiff's counsel twice to confirm that the deposition would proceed as agreed. *See* Emails dated July 6 and 7, 2021, attached hereto as **Exhibit C**. The day before the deposition, Plaintiff's counsel stated that the deposition had to be rescheduled because some unspecified documents had not been provided in

response to the Nationstar Subpoena, and because Nationstar had not admitted certain disputed facts, as follows:

> This has to be rescheduled until you have provided certain documents in the subpoena. You have retained your objection to the documents relating to the debt collector business of Nationstar, and retained your denial that the primary business of Nationstar is the collection of debts

**Exhibit C**. Regardless of whether Nationstar admitted disputed facts, Plaintiff could have addressed all of these purported issues at the deposition. *Id.* It is clear that Plaintiff was simply not prepared to proceed with Nationstar's 30(b)(6) deposition. Notably, in the intervening three weeks, which included filing the Motion, Plaintiff made no further request for these purported missing documents, did not bring any alleged lack of discovery compliance to the Court's attention, and did not attempt to reschedule the 30(b)(6) deposition of Nationstar. Plaintiff should not be permitted to extend the discovery deadline further to take a deposition which she inexplicably failed to do within the allotted time.

All propounded discovery has been completely responded to. If Plaintiff intended to challenge objections or seek additional documents in response to previously propounded discovery requests, she should have sent a letter to Nationstar's counsel and then brought the matter to the Court's attention. Without any effort by Plaintiff to seek additional responses within the final extension of the discovery period, Plaintiff's Motion fails to show good cause for extending the factual discovery deadline.

### C. **PLAINTIFF'S INTENT TO CONDUCT ADDITIONAL DISCOVERY VIOLATES THIS COURT'S ORDERS AND PLAINTIFF'S PRIOR AGREEMENT.**

As noted above, on April 25, 2021, this Court entered an order extending the factual discovery deadline to June 25, 2021, and stated "**NO FURTHER EXTENSIONS WILL BE GRANTED.**" (Emphasis in original.) On June 18, 2021, to accommodate Plaintiff's late

discovery requests, Plaintiff filed an Assented Motion to Extend Time (ECF No. 61) to extend the factual discovery deadline to July 26, 2021, and not to extend any other deadlines in this matter. In that motion, Plaintiff explicitly stated, "The purpose of this Motion is to extend the time to **complete the discovery already propounded and not to propound additional discovery** and not to extend any other deadlines." (Emphasis added.) Now Plaintiff seeks a 60-day extension to September 26, 2021.

The Motion argues that because Plaintiff has not received certain documents, she "has not been able to depose Fannmie Mae." [sic] Plaintiff never previously requested a deposition of Fannie Mae, let alone served a notice of deposition within the time for conducting factual discovery. The Court's factual discovery deadline has passed, because the June 18, 2021 motion only requested an extension as to "discovery already propounded."

Further, none of Plaintiff's claims involve Fannie Mae. The Motion states, "Plaintiff has to reevaluate her complaint against Nationstar Mortgage, LLC and its nonjudicial foreclosure on behalf of Fannie Mae for purposes of the original due process claims filed in this case." Motion at 2. This argument is absurd. Plaintiff filed her Complaint **two-and-a-half years ago** on January 28, 2019. After Plaintiff's extensive delay in opposing Nationstar's Motion to Dismiss for Mootness (ECF No. 32), Plaintiff finally filed an Amended Complaint on July 29, 2020 (ECF No. 47), 18 months after Plaintiff filed this action, and almost 20 months after Brock and Scott PLLC sent Plaintiff a notice of sale on December 7, 2018, allegedly in violation of the Fair Debt Collection Practices Act ("FDCPA"). The Amended Complaint alleges that Nationstar violated the FDCPA by sending the notice of sale, allegedly without first sending a notice of default in compliance with paragraph 22 of the mortgage that Plaintiff executed. *See* Am. Compl. ¶¶ 80-81.

The Motion claims that Plaintiff was waiting for the First Circuit's decision in *Montilla v. Federal Housing Finance Agency*, C.A. No. 20-1673 (1st Cir. June 8, 2021) or an unrelated Supreme Court decision against the Federal Housing Finance Agency. *See Collins v. Yellen*, 141 S. Ct. 1761 (Jun. 23, 2021). Notably, the *Montilla* appeal was filed on July 15, 2020, **_after_** Plaintiff filed the Amended Complaint on July 29, 2020, wherein she dropped her claims against Fannie Mae and the Federal Housing Finance Agency and her previous FDCPA claim against Nationstar based on a questionable interpretation of the due process clause. See Complaint, ECF No. 1 (Jan. 28, 2019) at ¶ 119. If Plaintiff intended to preserve her claims pending appeals court decisions in unrelated cases, then she should not have dismissed the prior allegations against Fannie Mae, or the prior iteration of the FDCPA claim against Nationstar. As the case now stands, if Plaintiff were to amend her Complaint to add additional allegations under the FDCPA, those allegations would be barred by the one-year statute of limitations (15 U.S.C. § 1692k(d)). The Amended Complaint does not mention Fannie Mae's alleged status as a government actor or any alleged violation of the Due Process Clause of the U.S. Constitution. *See generally*, Am. Compl.. Moreover, granting a motion to amend the Complaint at this late stage in the litigation would cause prejudice to Nationstar who would have to conduct additional discovery including another deposition of the Plaintiff.[3]

The present Motion seeks to extend the discovery deadline for 60 days to conduct additional discovery contrary to this Court's prior orders and Plaintiff's own prior motion and is not a motion to amend the Amended Complaint. Plaintiff provided no good cause why she did not make any request to Nationstar for additional documents in response to the previously propounded

---

[3] Nationstar reserves its right to oppose any amended complaint if Plaintiff properly files a motion to amend under *Fed. R. Civ. P.* 15.

discovery, or seek an order of compliance. Plaintiff provided no good cause why she did not seek to take the deposition of Fannie Mae within the factual discovery period. Therefore the Motion does not provide any reason that the Court should extend the discovery deadline for 60 days so Plaintiff can begin a new round of discover against non-party Fannie Mae.

## CONCLUSION

There is no basis for Plaintiff's request to extend the discovery deadline an additional 60 days. The Motion is nothing more than Plaintiff's attempt to make up for the fact that she failed to timely depose Nationstar and to get more time for discovery that she should have completed a month ago. As has become common in this case, Plaintiff's counsel is seeking further delay. *See Emergency Motion to Quash Subpoena Duces Tecum and Notice of Deposition*, ECF No. 59 (Jun. 16, 2021) at 2-4 (describing Plaintiff's delays in filing Amended Complaint and in conducting discovery). The Motion is contrary to the Court's orders in this case, lacks any good cause, and should be denied.

WHEREFORE, Nationstar respectfully requests that the "Assented" Motion to Extend Time be denied.

93806535v.3

                                        NATIONSTAR MORTGAGE LLC

                                        By its Attorneys,

                                        */s/ Jeffrey C. Ankrom*
                                        Joseph A. Farside, Jr. (#7559)
                                        Krystle G. Tadesse (#7944)
                                        Jeffrey C. Ankrom (#7663)
                                        LOCKE LORD LLP
                                        2800 Financial Plaza
                                        Providence, RI 02903
                                        (401) 274-9200
                                        (401) 276-6111 (facsimile)
                                        joseph.farside@lockelord.com
                                        krystle.tadesse@lockelord.com
                                        jeffrey.ankrom@lockelord.com

Dated: July 28, 2021

## CERTIFICATE OF SERVICE

      I certify that on the 28th day of July, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                        */s/ Jeffrey C. Ankrom*
                                        Jeffrey C. Ankrom