UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DANIELLE LEMA                          :
                                       :
v.                                     :     C.A. No. 19-00036-WES
                                       :
NATIONSTAR MORTGAGE, LLC               :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Motion to Extend Time. (ECF No. 64). Defendant Nationstar Mortgage, LLC ("Nationstar") Objects. (ECF No. 65). Plaintiff filed a Reply. (ECF No. 68). As a preliminary matter, the Court notes that Plaintiff's Motion was erroneously captioned as an "Assented" Motion. It is clear from the parties' filings that Nationstar objects to the Motion and that Plaintiff's caption was a clerical error and nothing more.

**Background**

On April 25, 2021, Chief Judge McConnell extended the factual discovery deadline to June 25, 2021 but noted that "No Further Extensions Will Be Granted." (See Text Order dated April 25, 2021). The parties subsequently assented to the extension of discovery through July 26, 2021 to resolve a discovery dispute. (ECF No. 61). Then, on July 26, 2021, Plaintiff filed the present Motion, contending she needs a further extension through September 26, 2021 "to complete the discovery already propounded and not to propound additional discovery.…" (ECF No. 64 at p. 1). Although the purported justification for the requested extension is straightforward, the specific issues and claimed discovery deficiencies identified by Plaintiff render this Motion more

analogous to a discovery dispute than a mere request for an extension of discovery deadlines.  For the following reasons, Plaintiff's Motion to Extend is DENIED:

    A.    **Nationstar Discovery**

First, Plaintiff asserts that she has not "received discovery regarding the extent of the business of Nationstar." (ECF No. 64 at p. 1).  Plaintiff also seeks documents from Shechtman Halperin & Savage regarding its billing and payment to Nationstar that she asserts were not produced.  Finally, Plaintiff contends Nationstar has not produced documents "relating to its relationship with The Walz Group…." Id.  In response, Nationstar states that it has fully responded to all discovery served upon it. (ECF No. 65 at pp. 3-4).  Nationstar also notes that Plaintiff cancelled her noticed deposition of its 30(b)(6) designee the day before it was scheduled to occur and has not sought to reschedule.  In Reply, Plaintiff maintains that the present Motion is "due to the failure of Defendant to provide the relevant documents…." and because Nationstar "decided to proceed in this matter by stonewalling and objecting to basically every document request." (ECF No. 68 at pp. 1-2).  Plaintiff then copied and pasted its Requests for Admission with Nationstar's responses and concluded that, "Nationstar will not produce any documents regarding its primary business purpose…." Id. at p. 7.  Plaintiff also describes Nationstar's response to the subpoena as a "5047 page document drop." Id. at p. 10.  Plaintiff contends that this production does not comply with Fed. R. Civ. P. 34(b)(2)(E)(i) which states, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

Plaintiff's Motion and Reply demonstrate that she is displeased with the discovery she has received, both in terms of the written discovery responses as well as the documents produced.  Nationstar, on the other hand, asserts it has fully complied with the discovery, and that its answers

and production are complete.  The parties are locked in disagreement, and an extension of discovery deadlines will not resolve this conflict.  If Plaintiff has an issue with the sufficiency of Nationstar's discovery responses, a motion to extend deadlines is not the proper vehicle to litigate that dispute.  Since Plaintiff apparently noticed the Rule 30(b)(6) deposition of Nationstar in a timely fashion, she is GRANTED leave to conduct and complete that deposition within thirty days, but her request for a general extension of discovery deadlines for all purposes is DENIED.

   B.      **Additional Discovery**

Despite indicating that this Motion is not seeking to propound additional discovery, Plaintiff's counsel raises several issues in his submissions that belie this claim.  First, Plaintiff's Motion states that she has "not been able" to depose Fannie Mae.  Fannie Mae is not a party to this action, and Plaintiff apparently did not serve a Deposition Subpoena upon Fannie Mae within the discovery period.  Second, Plaintiff broadly notes that she must "reevaluate her complaint against Nationstar" in light of an alleged conflict between a recent Supreme Court decision and a recent First Circuit decision.  Plaintiff states that she must "conduct discovery of Fannie Mae and FHFA after it is determined if the First Circuit will grant the Petition for Rehearing en Banc."  (ECF No. 64 at p. 4).  The Court DENIES these intertwined requests as they clearly fall outside of the scope of discovery already propounded and would needlessly and further delay this 2019 case.  Plaintiff has simply not shown good cause to extend the final discovery deadline to undertake yet a new wave of discovery.


    /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 17, 2021