UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>           Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>           Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

## AFFIDAVIT OF A.J. LOLL

I, A.J, Loll, do depose and state that:

1.     I make this affidavit in support of the Motion for Summary Judgment filed by Defendant Nationstar Mortgage, LLC ("Nationstar").

2.     I hold the position of Vice President at Nationstar.  I have ascertained the information herein provided based upon the business records of Nationstar, and would be competent to testify thereto.  The information in this affidavit is taken from business records that include physical and electronic records of loan activity, events and transactions ("Records").

3.     In my capacity as Vice President, I am responsible for reviewing certain mortgage loans serviced by Nationstar, including the mortgage loan at issue in this case.  I have personal knowledge of Nationstar's procedures for creating and maintaining the Records.  It is Nationstar's custom and practice that such records are: (a) made at or near the time of the occurrence of the matters; (b) made by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (c) kept in the course of Nationstar's regularly conducted business activities.  I am familiar with and have access to the Records for the subject loan, which I have reviewed to verify the accuracy of this affidavit.  Each of the documents attached to this affidavit is a business record.

1

4.     On September 28, 2005, Plaintiff Danielle Lema ("Plaintiff") executed a mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for American Brokers Conduit ("Lender") to secure a promissory note ("Note") in the original principal amount of $261,800.00 against property located at 15 Ninth Street, East Providence, Rhode Island 02914 ("Property").

5.     A true and correct copy of the Note is attached as **Exhibit A-1**.

6.     The Mortgage was recorded in the Land Evidence Records for the City of East Providence ("Land Records") on September 28, 2005 at Book 2545 and Page 243.

7.     A true and correct copy of the Mortgage is attached as **Exhibit A-2**.

8.     On or about February 27, 2009, MERS assigned the Mortgage to Federal National Mortgage Association ("Fannie Mae") by an assignment ("2009 Assignment") recorded in the Land Records on March 13, 2009 at Book 3004 and Page 195.

9.      A true and correct copy of the 2009 Assignment is attached as **Exhibit A-3**.

10.    Plaintiff first became delinquent on the Mortgage for the failure to make the payment due November 1, 2011.

11.    Nationstar began servicing the Mortgage on or about July 3, 2012.

12.    On February 25, 2013, Attorney John Ennis sent a letter to Nationstar on behalf of Plaintiff to dispute the validity of the debt pursuant to the FDCPA, and requested Nationstar "to cease all collection action during this time, including foreclosure."

13.    A true and correct copy of the February 25, 2013 letter is attached as **Exhibit A-4**.

14.    In response to the February 25, 2013 letter, Nationstar, on March 13, 2013, changed the address in its system for written communications to Plaintiff to be sent to her attorney at 1200 Reservoir Avenue, Cranston RI 02920, as required by the FDCPA, 15 U.S.C. § 1692c(a)(2).

15.    On or about November 3, 2016, Fannie Mae assigned the Mortgage to Nationstar by an assignment ("2016 Assignment") recorded in the Land Records on January 26, 2017 at Book 3869 and Page 45.

16.    A true and correct copy of the 2016 Assignment is attached as **Exhibit A-5**.

17.    On August 30, 2017, Nationstar and Ms. Lema entered into a modification of the Mortgage ("2017 Modification").

18.    The 2017 Modification is attached as **Exhibit A-6**.

19.    After the effective date of the 2017 Modification, Nationstar incurred legal charges due to Plaintiff's bankruptcy.

20.    On October 27, 2017, Nationstar paid $250.00 for attorneys' fees for a Motion to Approve Loan Modification filed in Ms. Lema's bankruptcy case, *In re Danielle Lema*, Case No. 16-bk-12128 (Bankr. D.R.I. Dec. 12, 2016) ("*In re Lema*").

21.    On December 22, 2017, Nationstar paid $850.00 for attorneys' fees and $181.00 for filing fees for filing a Motion for Relief from Stay in *In re Lema*.

22.    Also, on April 4, 2018, Nationstar received a credit or partial payment of $27.94 which it placed into a suspense account.

23.    After making two payments on the 2017 Modification, Ms. Lema again defaulted on the Note and Mortgage by failing to make the payment due December 1, 2017, and all subsequent payments.

24.    On April 10, 2018, as a result of Plaintiff's default on the Mortgage as modified by the 2017 Modification, Nationstar sent Plaintiff four copies of a notice of default ("Notice of Default") by first class mail and by certified mail to both her attorney's address and to the Property address.

25.     True and correct copies of the four copies of the Notice of Default is attached as **Exhibit A-7**.

26.     The amount of $10,962.26 stated on the Notice of Default was calculated by five past due payments of $1,941.84 (which is $9,709.20) plus the legal fees described above of $1,281.00, minus the amount of $27.94 held in suspense.

27.     Nationstar creates and maintains electronic records of communications and activities related to a mortgage account.  I have personally examined the electronic records that Nationstar created and maintained with regard to the Plaintiff's mortgage loan secured by the Property.  A true and accurate copy of a portion of Nationstar's communications and activity history ("History") relating to Plaintiff's account from the date Nationstar offered the 2017 Modification (August 28, 2017) until the end of the report (September 30, 2020) (redacted to preserve attorney-client privileged information) is attached as **Exhibit A-8**.

28.     I am familiar with Nationstar's procedures and practices for mailing notices to its borrowers.  Nationstar uses a vendor named Covius Services LLC, which has a division known, or formerly known, as The Walz Group ("Walz"), to print and mail demand letters to borrowers.

29.     Nationstar sends documents to Walz by a daily data file *via* SFTP.  Walz retrieves the documents electronically and print and mail the documents for Nationstar.  After mailing, it is and was Walz' regular practice to provide Nationstar with confirmation that the letter was mailed to the borrower.  This procedure has been followed consistently by Nationstar and was followed in April 2018.  There is nothing in the History or the Records that indicates that Nationstar's procedure was not followed in this case or was deviated from in any way.

30.     Nationstar's History contains four entries dated April 11, 2018, confirming that Walz mailed the four copies of the Notice of Default to the Plaintiff.  *See* **Exhibit A-8**.

Specifically, Walz' mailing of the four Notices of Default is confirmed in Nationstar's History, which shows the following entries:

```
CL DMWZ ** 4/11/18 16:01 0/00/00 .00 0/00/00 .00
            ** DEMAND LETTER SENT BY WALZ
CL DMWZ ** 4/11/18 16:01 0/00/00 .00 0/00/00 .00
            ** DEMAND LETTER SENT BY WALZ
CL DMWZ ** 4/11/18 16:02 0/00/00 .00 0/00/00 .00
            ** DEMAND LETTER SENT BY WALZ
CL DMWZ ** 4/11/18 16:02 0/00/00 .00 0/00/00 .00
            ** DEMAND LETTER SENT BY WALZ
```

31.     Based on my knowledge of Nationstar's procedures and practices related to mailing notices to its borrowers, these entries show that Nationstar sent the Notice of Default to Walz, which, on April 11, 2018, mailed four copies to the Plaintiff (including two by certified mail), at the addresses indicated on the four copies attached as **Exhibit A-7**.

32.     Additionally Nationstar's Records includes the four copies of the Notice of Default, attached as **Exhibit A-7**, two of which bear the certified mailing number.

33.     Based on my knowledge of Nationstar's procedures and practices for mailing notices to its borrowers, the existence of the four copies of the Notice of Default in the Records, along with the four entries in the History stating that the Notice of Default were mailed to the Plaintiff, I conclude that the four copies of the Notice of Default were in fact mailed by United States Postal Service, by regular first class and certified mail, to the Plaintiff at the two addresses indicated in the four copies attached as **Exhibit A-7**.

34.     On May 24, 2018, Nationstar sent a Notice of Mediation Conference Pursuant to *R.I. Gen. Laws* § 34-27-3.2 (the "3.2 Notice") to Plaintiff by first class mail and by certified mail to both her attorney's address and to the Property address.

35.     Specifically, on May 23, 2018, Nationstar sent the 3.2 Notice to Walz, who mailed the notice to Plaintiff and informed Nationstar of the mailing as was the regular practice between

5

the two businesses.

36.     Walz' mailing of the 3.2 Notice is confirmed in Nationstar's business records, which show the following entries:

> BK RMWO ZZZ_ZOMG 5/23/18 15:40 0/00/00 .00 0/00/00 .00
>
> LGRANADOS RHODE ISLAND MEDIATION WALZ ORDER
>
> BK RNMS ZZZ_ZOMG 5/25/18 10:04 0/00/00 .00 0/00/00 .00
>
> LGRANADOS RHODE ISLAND NOTICE OF MEDIATION SENT

37.     A true and correct copy of the 3.2 Notice is attached as **Exhibit A-9**.

38.     On June 17, 2018, the United States Postal Service returned the 3.2 Notice that Nationstar had sent to Plaintiff by certified mail to the Property because Plaintiff had refused to accept the certified mail.

39.     A true and correct copy of the returned mail from the 3.2 Notice addressed to Plaintiff at the Property is attached as **Exhibit A-10**.

40.     On August 21, 2018, Nationstar, through its counsel at Shechtman Halperin Savage LLP sent a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services pursuant to *R.I. Gen. Laws* § 34-27-3.1 (the "3.1 Notice") to Plaintiff by certified mail to her attorney's address and to the Property address.

41.     A true and correct copy of the 3.1 Notice bearing the certified mail numbers is attached as **Exhibit A-11**.

42.     On September 18, 2018, Nationstar assigned the Mortgage to Fannie Mae by an assignment ("2018 Assignment") recorded in the Land Records on October 29, 2018 at Book 4076 and Page 55.

43.     A true and correct copy of the 2018 Assignment is attached as **Exhibit A-12**.

6

44.     On December 7, 2018, Nationstar, on behalf of Fannie Mae, through its counsel at Brock and Scott PLLC, sent a notice of foreclosure sale of the Property by regular first class and certified mail to Ms. Lema at the Property address, an alternate address of the Property, at her attorney's office, and at her former bankruptcy attorney's office to schedule a foreclosure sale for January 30, 2019.

45.     A true and correct copy of the notice of sale is attached as **Exhibit A-13**.

46.     After Plaintiff filed this action, Fannie Mae canceled the pending foreclosure sale that was scheduled for January 30, 2019.

47.     On July 23, 2019, Nationstar approved Plaintiff for a short sale of the Property.

48.     On August 28, 2019, Plaintiff sold the Property to a third party, Darcelino M. Ramos, for $297,000.00 in a short sale.

49.     Nationstar, on Fannie Mae's behalf, received $260,627.50 in satisfaction of the total debt of $ 360,479.73, resulting in the forgiveness of $99,852.23 in amounts owed under the Note and Mortgage.

50.     In addition, Nationstar approved Plaintiff to receive $3,000.00 in cash through the sale.

51.     A true and correct copy of the settlement statement from the sale of the Property is attached as **Exhibit A-14**.

52.     On September 6, 2019, Fannie Mae, by Nationstar, its attorney-in-fact, executed a release of the Mortgage which was recorded in the Land Records on September 19, 2019 at Book 4180 and Page 217.

53.     A true and correct copy of the release is attached as **Exhibit A-15**.

**Subscribed and sworn to under the pains and penalties of perjury on this** 13 **day of October, 2021, by:**

A. J. Loll, Vice President
Nationstar Mortgage LLC

STATE OF TEXAS

COUNTY OF DALLAS

Subscribed and sworn to (or affirmed) before me on this 13th day of October,

20 21 , by A. J. Loll (name of document signer),

who proved to me through satisfactory evidence of identification, to be the person who appeared

before me.

Notary Seal:
SHARON BRUNER
Notary ID #6818900
My Commission Expires
January 29, 2024

Notary Public of Texas

My Commission expires: 1/29/2024

8