UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE, LLC,<br><br>        Defendant. | C.A. No. 1:19-cv-00036-JJM-LDA |

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S REPLY
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Nationstar[1] submits this reply in further support of its *Motion for Summary Judgment*. Despite being 62-pages long, Plaintiff's *Response to Motion for Summary Judgment* ("Opposition") fails to address how sending a notice to schedule a non-judicial foreclosure sale pursuant to state law, without any demand for payment, constitutes a violation of the FDCPA. Instead, the Opposition raises a number of highly technical challenges—that have all been rejected by the Court— to a foreclosure that **never happened**. Because the Opposition fails to present any genuine issue of material fact, summary judgment should enter in Nationstar's favor.

**A.  Sending a Notice of Non-Judicial Foreclosure Sale, without a Demand for Payment, Does Not Constitute an Attempt to Collect a Debt.**

Establishing liability under the FDCPA requires (1) collection activity, (2) by a debt collector, (3) concerning a debt, (4) owed by a consumer debtor, (5) in a "deceptive" or "unconscionable" manner that is prohibited by the FDCPA. *See O'Connor v. Nantucket Bank*,

---

[1] Capitalized terms not defined herein shall be given the same meaning as in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment (ECF No. 70-1, Oct. 22, 2021) ("MSJ Memo").

992 F. Supp. 2d 24, 30 (D. Mass. 2014).  The Opposition asserts that Nationstar was a debt collector,[2] and that the Mortgage could constitute a "debt," even though Ms. Lema obtained a discharge of her personal liability, satisfying the second and third prongs of a potential FDCPA claim.  Opposition at pp. 3-16.  Even if the Mortgage were a debt—a position that is contrary to case law, *see, e.g., Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 23 (1st Cir. 2002) ("Although this language is broad, it is plain that the sine qua non of a debt is the existence of an obligation (actual or alleged)."); *Shaw v. Bank of Am.*, N.A., No. 10-CV-11021, 2015 WL 224666, at *6 (D. Mass. Jan. 15, 2015) (Because a mortgagor, after receiving a chapter 7 bankruptcy discharge, "is not liable for any deficiency between the price secured at foreclosure and the amount owed on the Mortgage," the discharged mortgage does not fall within the FDCPA's definition of "debt.")—the Opposition fails to demonstrate how sending a notice of non-judicial foreclosure sale as required by *R.I. Gen. Laws* § 34-27-4, **without any demand for payment**, is "collection activity" subject to the FDCPA.

The Opposition, in spite of being 62 pages, fails to address precedent from the Supreme Court and case law from this Court holding that sending a notice of sale is not "collection activity" for purposes of the FDCPA.  *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1039-1040, 203 L. Ed. 2d 390 (2019) (notices required to be sent under state law to commence a non-judicial foreclosure are not debt collection activity subject to the FDCPA); *Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214-JJM-PAS, 2019 WL 6840768, at *3 (D.R.I. Dec. 16, 2019) (*McConnell, C.J.*); *Cordeiro v. Carrington Mortg. Servs., LLC*, No. CV 19-510 WES, 2020 WL 3404742, at *4 (D.R.I. June 19, 2020) (*Smith, J.*) (sending notice of sale, publishing the notice in a newspaper,

---

[2] The Opposition argues that Nationstar is a debt collector because (1) Nationstar's principal business purpose is not the enforcement of security interests; (2) Plaintiff was already delinquent when Nationstar began servicing the Mortgage and (3) Nationstar registered as a debt collector in Rhode Island.  Opposition at pp. 12-13.

and procuring an auctioneer "are steps in the nonjudicial foreclosure process" that are not subject to the FDCPA); *Pimental v. Wells Fargo Bank, N.A.*, No. CA 14-494S, 2015 WL 5243325, at *6 (D.R.I. Sept. 4, 2015) (*Sullivan, M.J.*), report and recommendation adopted, No. CV 14-494 S, 2016 WL 70016 (D.R.I. Jan. 6, 2016).

There is no basis in law to support Plaintiff's claim that Nationstar violated the FDCPA when its attorney sent a notice of foreclosure sale pursuant to *R.I. Gen. Laws* § 34-27-4 (which did not include any demand for payment), allegedly without Nationstar or Fannie Mae first fulfilling other notice requirements under the Mortgage, the repealed *R.I. Gen. Laws* § 34-27-3.1, or *R.I. Gen. Laws* § 34-27-3.2.  Am. Compl. ¶¶ 82-89.  The undisputed facts establish that the aforementioned actions were not an attempt to collect a debt.  Thus, Plaintiff has not—and cannot—established a *prima facie* case for an FDCPA violation, and summary judgment should enter for Nationstar.

**B.  Plaintiff's Theories That a Foreclosure Would Have Been Invalid Do Not Establish Any Violation of the FDCPA.**

Even if the Court determines that there is a genuine issue of material fact as to whether sending a notice of foreclosure sale without a demand for payment is an attempt to collect a debt under the FDCPA, Plaintiff still cannot establish a *prima facie* case for an FDCPA violation because Nationstar's conduct was not "deceptive" or "unconscionable."  In its 62 pages, the Opposition fails to present any genuine issue of fact suggesting that Nationstar engaged in any "deceptive" or "unconscionable" conduct in violation of the FDCPA.  Instead, the Opposition rehashes numerous irrelevant highly technical challenges to pre-foreclosure notices that have been rejected by either the District of Rhode Island or the Rhode Island Supreme Court (or both), including the following:

- Whether *R.I. Gen. Laws* § 34-27-3.1 was repealed. Opposition at pp. 16-18; *contra Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143 (R.I. 2021) (Section 34-27-3.1 was "repealed by P.L. 2014, ch. 543, § 2.")[3];

- Whether Fannie Mae was required to comply with the *R.I. Gen. Laws* § 34-27-3.2 and the repealed *R.I. Gen. Laws* § 34-27-3.1 a second time after the Mortgage was assigned to it on September 18, 2018. Opposition at pp. 18-19; *contra Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214-JJM, 2022 WL 684083, at *13 (D.R.I. Mar. 8, 2022) (*Sullivan, M.J.*) ("This Court has specifically rejected the precise argument, holding that *R.I. Gen. Laws* § 34-27-3.2 does not provide for multiple opportunities to mediate a single foreclosure action and that the transfer of the mortgage to a new mortgagee does not trigger the mortgagor's right to receive a new mediation notice.") and *Cepeda v. Fay Servicing, LLC*, No. 19-CV-00005-MSM-PAS, 2020 WL 5775900, at *6 (D.R.I. Sept. 28, 2020) (*McElroy, J.*) ("Nothing within § 34-27-3.2 provides for multiple opportunities to mediate within a single foreclosure action," because "when a mortgage is transferred or assigned the assignee or transferee acquires all the rights and powers of the transferor or assignor … including those relative to the previously sent mediation notice.");

- Whether the repealed *R.I. Gen. Laws* § 34-27-3.1 required Nationstar to mail the 3.1 Notice by first class mail without certification where Plaintiff admitted that Nationstar mailed the 3.1 Notice by first class mail with the additional service of certification. Opposition at pp. 26-49; *contra U.S. Bank Nat'l Ass'n as Tr. v. Torres*, No. 20-CV-00227-MSM-LDA, 2021 WL 4155080, at *5 (D.R.I. Sept. 13, 2021) (*McElroy, J.*) (because certified mail is a type of first class mail, notice sent by certified mail satisfied § 34-27-3.1) (collecting cases);[4]

- Whether only principal and interest may be included in a notice of default pursuant to paragraph 22 of the Mortgage. Opposition at pp. 50-54; *contra Faria v. Citizens Bank, N.A.*, No. 19-CV-00427-MSM-LDA, 2021 WL 5040240, at *3 (D.R.I. Oct. 28, 2021)

---

[3] The *Medina* Court did not reach whether the repeal of *R.I. Gen. Laws* § 34-27-3.1 had been revived by a sunset provision. 247 A.3d 140, 144 n.7. However, Plaintiff's argument that the sunset clause stated in P.L 2014, ch. 543, § 2 (which would have repealed *R.I. Gen. Laws* § 34-27-3.2 on July 1, 2018 had that sunset provision not been further extended) somehow revived § 34-27-3.1 is directly contrary to *R.I. Gen. Laws* § 43-3-24 ("The repeal of any statute shall not be construed to revive any other statute which has been repealed.").

[4] The Opposition's argument that Rhode Island's foreclosure statutes clearly distinguish between "mailing" a notice and "providing" a notice, which "is synonymous with delivering" not merely "depositing the document in the mail" (Opposition at pp. 30-31) is meritless. The Opposition does not address the fact that *R.I. Gen. Laws* § 34-27-3.2(d) uses the words "provide," and "addressed and delivered," interchangeably with "**mail** the notice" (d)(1), "the notice … is **mailed**" (d)(4), "**mail** the notice" (d)(4)(ii), and "**mailing** of the notice" (f). Thus, "provide" could either mean "deliver," or simply "mail" without any specificity in the statute regarding the method of mailing. There is no way to confirm that a letter mailed first class is "delivered" other than by using the additional service of certification. *Cepeda*, 2020 WL 5775900, at *6. Thus, if "provide" means "delivered," it likely permits certification. The General Assembly is unlikely to clarify its intent in § 34-27-3.1 because that statute was repealed. *Medina*, 247 A.3d at 143.

(*McElroy, J.*) ("Such an interpretation would deny the mortgagee's contractual right to collect funds advanced out of escrow (to pay taxes and insurance), late fees assessed on the account when the plaintiffs missed their monthly payments, and fees and expenses charged to the account and recoverable under the express terms of the mortgage contract.");

- Whether a separate notice of acceleration was required after Plaintiff failed to cure the default by the date specified in the Notice of Default.  Opposition at pp. 52-56; *contra Faria*, 2021 WL 5040240, at *3 ("The language—"without further demand"—makes clear that a subsequent notice of acceleration is not contractually required.") and *Viera v. Bank of New York Mellon as Tr.*, No. CV 17-0523-WES-PAS, 2018 WL 4964545, at *2 (D.R.I. Oct. 12, 2018) (*Smith, J.*) ("The emphasized language ['without further demand'] suggests that no secondary notice of acceleration is required before Defendants could properly accelerate the loan and commence foreclosure proceedings, because such additional notice would effectively be 'further demand.'");

- Whether Nationstar's business records that establish that Walz mailed the Notice of Default and Notice of Mediation by regular first class mail are admissible.  Opposition at pp. 59-61; *contra Donahue v. Fed. Nat'l Mortg. Ass'n*, 980 F.3d 204, 208 (1st Cir. 2020).[5]

All of these technical challenges have been previously rejected.  However, even if this Court breaks from existing precedent and holds that one of these technical issues regarding pre-foreclosure notices would have rendered Nationstar's foreclosure sale of the Property invalid—if it had actually occurred, which it did not—the Opposition fails to establish how any issue violated the FDCPA.  *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[a] debt collector will not be held liable based on an individual consumer's chimerical or farfetched reading of a collection letter.").  A technical challenge to foreclosure notices (most of which Plaintiff denies receiving) does not constitute a "deceptive" or "unconscionable" means to collect a debt.  *See* MSJ Memo at pp. 20-22.

For these and the reasons stated in its MSJ Memo, Nationstar respectfully requests that the Court enter summary judgment in its favor on Plaintiff's FDCPA claim.

---

[5] Notably, Plaintiff admits that the Notice of Default was mailed to her by both certified and regular first class mail to her attorney's office and by certified first class mail to the Property address, but "was never picked up by [her]."  Am. Compl. ¶¶ 35-37.  Plaintiff also admits that the 3.2 Notice was mailed to her by certified mail.  Am. Compl. ¶¶ 78, 78'.  Nationstar incorporates the analysis of its Objection to Motion to Strike Affidavit, filed herewith.

NATIONSTAR MORTGAGE LLC
By its Attorneys,

/s/ *Jeffrey C. Ankrom*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6111 (facsimile)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated: March 30, 2022

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 30th day of March, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

*/s/ Jeffrey C. Ankrom*
Jeffrey C. Ankrom
