UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DANIELLE LEMA,
   Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
   Defendant.

C.A. No. 19-036-JJM-LDA

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Danielle Lema filed suit to stop a foreclosure on her home in East Providence, Rhode Island. When the foreclosure did not occur and Defendant Nationstar Mortgage, LLC negotiated a short sale, Ms. Lema amended her complaint to allege that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA") when it mailed a notice of non-judicial foreclosure. ECF No. 47. Before the Court is Nationstar's Motion for Summary Judgment, supported by an affidavit from Nationstar vice president, A.J. Loll, and exhibits, seeking judgment in its favor on Ms. Lema's FDCPA claim. ECF No. 70. Ms. Lema opposes the summary judgment motion and moves to strike the affidavit and three exhibits. ECF No. 76.

## I.   BACKGROUND

The Court recounts only the facts relevant to Nationstar's motion.

Ms. Lema initially defaulted on her mortgage in 2011. Ms. Lema filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In 2017, Nationstar modified her mortgage, reducing her principal balance, modifying her interest rate,

and extending the maturity date of the mortgage. Two months later, Ms. Lema defaulted again. Ms. Lema converted her Chapter 13 bankruptcy case to a Chapter 7 case on March 12, 2018, and three months later, the Bankruptcy Court issued a discharge under Chapter 7.

Nationstar notified her of her default by sending her four copies of the Notice of Default by both first class and certified mail to her home and to her attorney. The Notice informed Ms. Lema that the mortgage was in default and gave her the amount to be paid and a due date in order to cure the default. Nationstar also notified her by both first class and certified mail in accordance with R.I. General Laws § 34-27-3.1 and 3.2[1] about the availability of a mediation conference and mortgage counseling services. Nationstar also sent the notice of foreclosure sale to four separate addresses.

Ms. Lema filed this lawsuit in early 2019 in response to the foreclosure notice. The foreclosure never occurred because, in July 2019, Nationstar approved Ms. Lema for a short sale where it forgave almost $100,000 of debt and gave Ms. Lema $3,000 in cash. The short sale obviated the intent of the original lawsuit, so Ms. Lema filed an Amended Complaint in July 2020, alleging that Nationstar violated the FDCPA by deceptively demanding fees and expenses she did not owe and threatening to take legal action it was not entitled to take. She also alleges deficiencies in the way Nationstar sent her notices of acceleration and default.

---

[1] Ms. Lema did not accept the certified mail notifying her of the mediation conference, so it was returned to Nationstar.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 56 controls in deciding whether a party is entitled to summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether the Court should grant summary judgment, the Court must "view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995).

As alluded to, there must first be no genuine issues of material fact. "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Thus, the issue must be genuine and material. *See id.* "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. . . . '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of P. R.*, 27 F.3d 746, 748 (1st Cir. 1994) (citations omitted) (internal quotation marks omitted).

3

Additionally, the moving party must be entitled to judgment as a matter of law. The moving party is "entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323 (1986). The Court decides this latter element of the summary judgment standard by evaluating "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 252 (1986) (alteration in original) (emphasis in original) (internal quotation marks omitted).

## III.  DISCUSSION

Because the Court's determination of Nationstar's Motion for Summary Judgment will hinge on its decision on the affidavit's validity, the Court will address the arguments in Ms. Lema's Motion to Strike first.

### A. Motion to Strike Affidavit of A.J. Loll and Exhibits A-7, A-9, and A-11

A.J. Loll is a vice president at Nationstar. His affidavit seeks to admit records from The Walz Group ("Walz") who mailed documents to Ms. Lema on Nationstar's behalf. The affidavit also seeks to admit records from Nationstar's law firm, Shechtman, Halperin & Savage. Nationstar seeks to use these documents to support its motion for summary judgment to prove that it mailed certain documents to Ms. Lema. Ms. Lema moves to strike the affidavit and Exhibits A-7 (the Notice of Default), A-9 (the Notice of Mediation), and A-11 (the Notice of Mortgage Counseling Services). She asserts that the affidavit should be stricken because Mr. Loll did not

4

comply with Federal Rules of Civil Procedure Rule 56 or the business records exception to the hearsay rule. She argues that the affidavit contains no evidence of authenticity, accuracy, or knowledge of the mailing practices and procedures Walz utilizes. Nationstar counters that Mr. Loll authenticated and relied on its business records and also that his affidavit and exhibits should not be stricken since Ms. Lema admits to many of the assertions in Mr. Loll's affidavit and references the exhibits in her Amended Complaint. As such, it asks the Court to deny the Motion to Strike.

The Court notes at the outset of its discussion that Ms. Lema admits in her Amended Complaint that Walz mailed her by way of her attorney the Notice of Default by first class and certified mail. ECF No. 47 at ¶¶ 31-37. Ms. Lema also admits that the notices regarding a mediation conference and mortgage counseling services, Exhibits A-9 and A-11, were mailed to her by certified mail but not regular mail. *Id.* at ¶ 78. Given these admissions and reliance herself on the documents, a motion to strike them seems adverse to her interests.

As to the affidavit, Rule 56(c)(4) of the Federal Rules of Civil Procedure governs submissions of affidavits in support of a motion and requires that they be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 803(6) of the Federal Rules of Evidence allows business records to be admitted under certain circumstances and requires an affidavit from a "custodian or other qualified witness."

In his affidavit, Mr. Loll affirms that he is familiar with and had access to the records relevant to Ms. Lema's mortgage, had personal knowledge of Nationstar's

5

procedures for record keeping, personally examined the electronic records, and verified Nationstar's communications and activity history related to Ms. Lema's account. As part of his knowledge of these communications, Mr. Loll details Nationstar's procedures for mailing notices to its borrowers. Furthermore, Mr. Loll introduces information from Nationstar's records demonstrating that Walz mailed the notices to Ms. Lema and confirmed the executed mailing with Nationstar in accordance with the procedures of which he has personal knowledge. The Court finds that these statements, along with Ms. Lema's admissions and use of the documents in support of her Amended Complaint, are made in accordance with Rule 56 and 803(6). The Court DENIES Ms. Lema's Motion to Strike. ECF No. 76.

### B. Motion for Summary Judgment

Ms. Lema brought a single count in her Amended Complaint for violation of the FDCPA. She alleges that Nationstar violated the FDCPA by sending her various notices the mortgage required by certified mail, not first-class mail. ECF No. 47 at ¶¶ 35-37, 77-79. Ms. Lema alleges that Nationstar's notices were false and deceptive means to collect a debt in violation of the FDCPA. *Id.* at ¶¶ 49-57, 80-89. To establish liability under the FDCPA, Ms. Lema must show "(1) that [she] was the object of collection activity arising from consumer debt; (2) defendants are debt collectors as defined by the FDCPA; and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014) (citation omitted).

The Court finds that Ms. Lema does not meet the first element of her FDCPA claim. It is undisputed that Nationstar sent a notice of a non-judicial foreclosure sale as required by Rhode Island law. Courts have held that sending a notice of sale is not a "collection activity" for purposes of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct 1029, 1039-1040 (2019); *Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214-JJM-PAS, 2019 WL 6840768, at *2 (D.R.I. Dec. 16, 2019); *Cordeiro v. Carrington Mortg. Servs., LLC*, No. CV 19-510 WES, 2020 WL 3404742, at *4 (D.R.I. June 19, 2020); *Pimental v. Wells Fargo Bank, N.A.*, No. CA 14-494S, 2015 WL 5243325, at *6 (D.R.I. Sept. 4, 2015). Where a notice of sale expressly states that it does not intend to collect a debt, it does not qualify as a collection activity. *Shaw v. Bank of Am., N.A.*, No. 10-CV-11021, 2015 WL 224666, at *6 (D. Mass. Jan. 15, 2015) (court held that notice stating "[i]f you are currently in bankruptcy or have received a discharge in bankruptcy as to this obligation, this notice is intended for information purposes only and is not an attempt to collect a debt . . ." was not an attempt to collect a debt).

In this case, the notice of sale did not contain any demand for repayment or state any amount of money to be owed. Therefore, applying the prevailing case law to the facts of this case, the Court finds that there is no dispute that Nationstar did not engage in collection activity in sending Ms. Lema the notice of foreclosure sale. While the parties raise additional arguments, the Court need go no further in its discussion. Because Ms. Lema fails to meet the first element of an FDCPA claim and fails to raise a genuine issue of disputed material fact on the issue of whether

Nationstar violated the FDCPA by engaging in collection activity, Ms. Lema's claim against Nationstar is DISMISSED.

## IV. CONCLUSION

The Court DENIES Ms. Lema's Motion to Strike. ECF No. 76. The Court GRANTS Nationstar's Motion for Summary Judgment. ECF No. 70.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

May 17, 2022