UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE LEMA | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 19-CV-00036-JJM-LDA |
| | : |
| NATIONSTAR MORTGAGE, LLC | : |
| | : |
| Defendant. | : |

**DEFENDANT'S OBJECTION TO MOTION TO ALTER AND AMEND JUDGMENT**

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") objects to the *Motion to Alter and Amend Judgment Pursuant to F.R.C.P. 59(e)* ("Motion to Amend") filed by Plaintiff Danielle Lema ("Lema" or "Plaintiff") on June 14, 2022 (ECF No. 89). The Motion to Amend attempts to rewrite this Court's *Memorandum and Order* (May 17, 2022, ECF No. 87) ("Order") and *Judgment* (May 17, 2022, ECF No. 88) that granted Nationstar's *Motion for Summary Judgment* (October 22, 2021, ECF No. 71) ("MSJ") by setting forth the same arguments in her opposition to the MSJ. The Motion to Amend argues that the Court misinterpreted *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1039-1040 (2019) and improperly granted the Order and entered the Judgment. As set forth below below, the Court properly considered Nationstar's MSJ and the Motion to Amend does not provide any reason why the Judgment should be amended or altered.

**STANDARD OF LAW FOR A RULE 59(e) MOTION**

"[I]t is very difficult to prevail on a Rule 59(e) motion," because it requires "the moving party [to] either clearly establish a manifest error of law or [to] present newly discovered evidence." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 998 F.3d 35, 40 (1st Cir. 2021). "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that

1

127618952v.2

could and should have been presented to the district court prior to its original ruling." *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011).

## ARGUMENT

The Motion to Amend improperly raises the same arguments that this Court already considered when granting Nationstar's MSJ and does not establish any manifest error of law. Even if the Motion to Amend raised a new argument that the Court overlooked (which it does not), this Court's Judgment was properly granted and should not be altered.

### A. This Court Properly Held that Sending a Notice Required by State Law to Enforce a Security Interest is not Subject to the FDCPA.

The Order properly held that "sending a notice of sale is not a 'collection activity' for purposes of the FDCPA."[1] Order at p. 7 (citing *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1039-1040 (2019); *Fitch v. Fed. Hous. Fin. Agency,* No. CV 18-214-JJM-PAS, 2019 WL 6840768, at *2 (D.R.I. Dec. 16, 2019); *Cordeiro v. Carrington Mortg. Servs.*, LLC, No. CV 19-510-WES, 2020 WL 3404742, at *4 (D.R.I. June 19, 2020); *Pimental v. Wells Fargo Bank, N.A.*, No. CA 14-494S, 2015 WL 5243325, at *6 (D.R.I. Sept. 4, 2015)).  The Order also stated, "Where a notice of sale expressly states that it does not intend to collect a debt, it does not qualify as a collection activity." *Id.* (citing *Shaw v. Bank of Am., N.A.*, No. 10-CV-11021, 2015 WL 224666, at *6 (D. Mass. Jan. 15, 2015)).  Based primarily on these two legal conclusions, the Court entered summary judgment in Nationstar's favor on Plaintiff's sole claim for violation of the FDCPA.

Pages 4-12 of the Memorandum of Law in Support of the Motion to Amend (June 14, 2022, ECF No. 89-1) ("Memorandum") argue that the Court misapplied *Obduskey* and should have held that because Nationstar is a debt collector, all of its activities are subject to the FDCPA. Pages 4-12 of the Memorandum are directly copied from pages 10-16 of Plaintiff's Memorandum of Law

---

[1] "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

127618952v.2

in Response to the MSJ (Feb. 20, 2022, ECF No. 78-1) ("MSJ Opposition").  Because the Motion to Amend merely rehashes the same arguments that this Court previously rejected, the Motion to Amend should be denied.  *Villanueva*, 662 F.3d at 128.

The Memorandum argues that Nationstar is a debt collector, which is "a status that applies to the entity as a whole."[2]  Memorandum at 9.  In contrast, *Obduskey* held that sending notices that were "antecedent steps required under state law to enforce a security interest" is not debt collection activity covered by the FDCPA.  *Obduskey*, 139 S.Ct. at 1039 ("because he who wills the ends must will the necessary means, we think the Act's (partial) exclusion of 'the enforcement of security interests' must also exclude the legal means required to do so.").  The *Obduskey* court reasoned, "Congress may well have chosen to treat security-interest enforcement differently from ordinary debt collection in order to avoid conflicts with state nonjudicial foreclosure schemes. … If [the FDCPA's prohibition against communicating with third parties] were applied to nonjudicial foreclosure proceedings, then advertising a foreclosure sale –an essential element of such schemes—might run afoul of the FDCPA."  *Id.* at 1038.

The Memorandum, like the MSJ Opposition, did not address the numerous other cases cited in the Order that concluded that sending a notice of nonjudicial foreclosure sale was not debt collection activity.  See Order at 7 (citing *Fitch,* 2019 WL 6840768, at *2; *Cordeiro*, 2020 WL 3404742, at *4; *Pimental*, 2015 WL 5243325, at *6, *Shaw,* 2015 WL 224666, at *6).  The Court properly held that sending a notice of foreclosure sale without a demand for repayment was not debt collection activity subject to the FDCPA, even if Nationstar were a debt collector.  There is

---

[2] This argument could hold The Home Depot, which sometimes sends collection notices on branded credit cards owned by another company, to be a debt collector subject to the FDCPA for *all* activities in which it engages, including its sales of lumber.  Likewise, to accept Plaintiff's argument would mean that Nationstar "as a whole" could be subject to the FDCPA when servicing a mortgage account, even if that account is not in default.

3

no "manifest error of law" or "newly discovered evidence" that supports the Motion to Amend and it should be denied.

> **B.  This Court Properly Held That Plaintiff Cannot Establish a Violation of the FDCPA Because Nationstar's Conduct Was Not "Deceptive" or "Unconscionable."**

Pages 13-41 of the Memorandum are directly copied from pages 18-39 of the MSJ Opposition and do not provide any argument that Plaintiff has not already advanced. *Villanueva*, 662 F.3d at 128. More importantly, the Memorandum fails to show how any of these alleged errors in the process of a foreclosure (that never occured) constituted "deceptive" or "unconscionable" acts in violation of the FDCPA. Each of the numerous irrelevant highly technical challenges to pre-foreclosure notices raised in the Memorandum have been rejected by the District of Rhode Island or the Rhode Island Supreme Court (or both), as seen in the following chart from pages 4-5 of Nationstar's *Reply in Further Support of its Motion for Summary Judgment* (May 2, 2022, ECF No. 86) ("Reply"):

- Whether *R.I. Gen. Laws* § 34-27-3.1 was repealed. Memorandum at p. 12 and MSJ Opposition at pp. 16-18; *contra Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143 (R.I. 2021) (Section 34-27-3.1 was "repealed by P.L. 2014, ch. 543, § 2.")[3];

- Whether Fannie Mae was required to comply with the *R.I. Gen. Laws* § 34-27-3.2 and the repealed *R.I. Gen. Laws* § 34-27-3.1 a second time after the Mortgage was assigned to it on September 18, 2018. Memorandum at pp. 13-14 and MSJ Opposition at pp. 18-19; *contra Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214-JJM, 2022 WL 684083, at *13 (D.R.I. Mar. 8, 2022) (*Sullivan, M.J.*) ("This Court has specifically rejected the precise argument, holding that *R.I. Gen. Laws* § 34-27-3.2 does not provide for multiple opportunities to mediate a single foreclosure action and that the transfer of the mortgage to a new mortgagee does not trigger the mortgagor's right to receive a new mediation notice.") and *Cepeda v. Fay Servicing, LLC*, No. 19-CV-00005-MSM-PAS, 2020 WL 5775900, at

---

[3] The *Medina* Court did not reach whether the repeal of *R.I. Gen. Laws* § 34-27-3.1 had been revived by a sunset provision. 247 A.3d 140, 144 n.7. However, Plaintiff's argument that the sunset clause stated in P.L 2014, ch. 543, § 2 (which would have repealed *R.I. Gen. Laws* § 34-27-3.2 on July 1, 2018 had that sunset provision not been further extended) somehow revived § 34-27-3.1 is directly contrary to *R.I. Gen. Laws* § 43-3-24 ("The repeal of any statute shall not be construed to revive any other statute which has been repealed.").

4

*6 (D.R.I. Sept. 28, 2020) (*McElroy, J.*) ("Nothing within § 34-27-3.2 provides for multiple opportunities to mediate within a single foreclosure action," because "when a mortgage is transferred or assigned the assignee or transferee acquires all the rights and powers of the transferor or assignor … including those relative to the previously sent mediation notice.");

- Whether the repealed *R.I. Gen. Laws* § 34-27-3.1 required Nationstar to mail the 3.1 Notice by first class mail without certification where Plaintiff admitted that Nationstar mailed the 3.1 Notice by first class mail with the additional service of certification. Memorandum at pp. 15-41 and MSJ Opposition at pp. 26-49; *contra U.S. Bank Nat'l Ass'n as Tr. v. Torres*, No. 20-CV-00227-MSM-LDA, 2021 WL 4155080, at *5 (D.R.I. Sept. 13, 2021) (*McElroy, J.*) (because certified mail is a type of first class mail, notice sent by certified mail satisfied § 34-27-3.1) (collecting cases);[4]

- Whether only principal and interest may be included in a notice of default pursuant to paragraph 22 of the Mortgage. Memorandum at pp. 44-45 and MSJ Opposition at pp. 50-54; *contra Faria v. Citizens Bank, N.A.*, No. 19-CV-00427-MSM-LDA, 2021 WL 5040240, at *3 (D.R.I. Oct. 28, 2021) (*McElroy, J.*) ("Such an interpretation would deny the mortgagee's contractual right to collect funds advanced out of escrow (to pay taxes and insurance), late fees assessed on the account when the plaintiffs missed their monthly payments, and fees and expenses charged to the account and recoverable under the express terms of the mortgage contract.");

- Whether a separate notice of acceleration was required after Plaintiff failed to cure the default by the date specified in the Notice of Default. Memorandum at pp 45-50 and MSJ Opposition at pp. 52-56; *contra Faria*, 2021 WL 5040240, at *3 ("The language—"without further demand"—makes clear that a subsequent notice of acceleration is not contractually required.") and *Viera v. Bank of New York Mellon as Tr.*, No. CV 17-0523-WES-PAS, 2018 WL 4964545, at *2 (D.R.I. Oct. 12, 2018) (*Smith, J.*) ("The emphasized language ['<u>without further demand</u>'] suggests that no secondary notice of acceleration is required before Defendants could properly accelerate the loan and commence foreclosure proceedings, because such additional notice would effectively be 'further demand.'");

- Whether Nationstar's business records that establish that Walz mailed the Notice of Default and Notice of Mediation by regular first class mail are admissible. Memorandum at pp 55-

---

[4] The Memorandum's and MSJ Opposition's argument that Rhode Island's foreclosure statutes clearly distinguish between "mailing" a notice and "providing" a notice, which "is synonymous with delivering" not merely "depositing the document in the mail" (Opposition at pp. 30-31) is meritless. Neither the Memorandum nor the MSJ Opposition addressed the fact that *R.I. Gen. Laws* § 34-27-3.2(d) uses the words "provide," and "addressed and delivered," interchangeably with "**mail** the notice" (d)(1), "the notice … is **mailed**" (d)(4), "**mail** the notice" (d)(4)(ii), and "**mailing** of the notice" (f). Thus, "provide" could either mean "deliver," or simply "mail" without any specificity in the statute regarding the method of mailing. There is no way to confirm that a letter mailed first class is "delivered" other than by using the additional service of certification. *Cepeda*, 2020 WL 5775900, at *6. Thus, if "provide" means "delivered," it likely permits certification. The General Assembly is unlikely to clarify its intent in § 34-27-3.1 because that statute was repealed. *Medina*, 247 A.3d at 143.

5

58 and MSJ Opposition at pp. 59-61; *contra Donahue v. Fed. Nat'l Mortg. Ass'n*, 980 F.3d 204, 208 (1st Cir. 2020).[5]

All of these technical challenges have been previously rejected. However, even if this Court broke from existing precedent and held that one of these technical issues regarding pre-foreclosure notices would have rendered Nationstar's foreclosure sale of the Property invalid—if it had actually occurred, which it did not—the Memorandum, like the virtually identical MSJ Opposition, fails to establish any such issue would violate the FDCPA. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[a] debt collector will not be held liable based on an individual consumer's chimerical or farfetched reading of a collection letter."). A technical challenge to foreclosure notices (most of which Plaintiff denies receiving) does not constitute a "deceptive" or "unconscionable" means to collect a debt. *See Memorandum in Support of Defendant's Motion for Summary Judgment* (October 22, 2021, ECF No. 70-1) at pp. 20-22.

The Motion to Amend provides no reason for the Court to reconsider its decision granting Nationstar's Motion for Summary Judgment and it should be denied.

### C. This Court Properly Denied the Motion to Strike the Affidavit of A.J. Loll.

Finally, at pages 54-59, the Memorandum argues that the Court "committed manifest error by not striking the affidavit of A.J. Lol [sic]." Nationstar previously addressed these arguments in its *Objection to Motion to Strike Affidavit* (March 30, 2022; ECF No. 81). Mr. Loll properly authenticated and relied on Nationstar's business records pursuant to Rule 803(6), including those entries and documents provided by The Walz Group that were integrated into Nationstar's records. *Objection to Motion to Strike Affidavit* at pp. 5-8. The Memorandum still does not address why

---

[5] Notably, Plaintiff admits that the Notice of Default was mailed to her by both certified and regular first class mail to her attorney's office and by certified first class mail to the Property address, but "was never picked up by [her]." Am. Compl. ¶¶ 35-37. Plaintiff also admits that the 3.2 Notice was mailed to her by certified mail. Am. Compl. ¶¶ 78, 78'.

6

127618952v.2

the Loll affidavit should be stricken when it is virtually identical to one that was approved by the First Circuit in *Donahue v. Fed. Nat'l Mortg. Ass'n*, 980 F.3d 204, 208 (1st Cir. 2020).  See *Objection to Motion to Strike Affidavit* at pp. 8-9.  Therefore, the Motion to Amend provides no reason for the Court to reconsider its decision not to strike the affidavit of A.J. Loll.

## CONCLUSION

The Motion to Amend does not present any arguments or evidence that the Court overlooked, and does not present any manifest error of law.  Rather, the Motion to Amend merely copies the arguments previously raised in the MSJ Opposition.  The Court properly considered, and rejected, those arguments.

WHEREFORE, Nationstar respectfully requests the Court to deny the Motion to Amend.

127618952v.2

<table>
<tr><td>Dated:  June 27, 2022</td><td>NATIONSTAR MORTGAGE LLC<br>By its Attorneys,<br><br>*/s/ Jeffrey C. Ankrom*<br>Jeffrey C. Ankrom, Esq. (#7663)<br>LOCKE LORD LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>(401) 274-9200<br>(401) 276-6611 (fax)<br>jeffrey.ankrom@lockelord.com</td></tr>
</table>

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on the 27th day of June, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

*/s/ Jeffrey C. Ankrom*
Jeffrey C. Ankrom, Esq.

127618952v.2